# EXHIBIT 2

**HRSA**
Health Resources & Services Administration
**Office of Special Health Initiatives**
5600 Fishers Lane
Rockville, MD 20857



August 15, 2025

**BY EMAIL**
Jeffery Colvin
Vice President, Legal Strategy
AbbVie
Jeffrey.colvin@abbvie.com

Dear Jeff Colvin:

The Office of Pharmacy Affairs (OPA) has received your July 14, 2025, letter requesting OPA reconsider its decision to evaluate AbbVie's reasonable cause request and audit work plan for Barrio Comprehensive Family Health Care Center, Inc. (Barrio; 340B ID CH062360).

Since OPA's last correspondence, the status of Barrio's previous audit has moved to a closed state, thereby removing the concern that only one audit of a covered entity may be permitted at any one time.  OPA has reviewed the workplan submitted by AbbVie on June 27, 2025, for Barrio.

The audit work plan contains AbbVie's own patient definition criteria. In accordance with section 340B(a)(5)(B) of the Public Health Service Act (PHSA), HRSA issued its interpretation of "patient" in its 1996 Patient Definition Guidelines, which continues to guide HRSA's and manufacturers' audit activities.

The patient definition criteria outlined in the audit work plan and in AbbVie's accompanying correspondence goes beyond HRSA's 1996 Guidelines, which consistent with the statute contains the currently operative standard for determining whether an individual is a 340B patient. If AbbVie proceeds to conduct the audit using a different standard, OPA will not be able to enforce corrective actions for any findings resulting from AbbVie's application of a patient definition that exceeds the 1996 Guidelines.  This letter should not be viewed as an approval of AbbVie's interpretation of the term "patient."

OPA also notes the following regarding the June 27, 2025, audit work plan for AbbVie's response:

- The audit work plan requests drug order reports to include WAC and GPO accounts. It is unclear why this information is needed to review whether diversion occurred pursuant to the audit authority in section 340B(a)(5)(C) of the PHSA. Unless AbbVie can adequately explain how the collection of this information will aid in its audit of alleged diversion, this information should be removed from the audit work plan.

OPA recommends these revisions to ensure the audit work plan can facilitate an audit of the covered entity's compliance with the diversion prohibition consistent with the 340B statute. OPA encourages covered entities and manufacturers to work in good faith during the audit engagement and to agree to data request elements that will maximize efficacy of the review of the covered entity's compliance while minimizing burden and protecting confidential, proprietary business information.

Once AbbVie makes the requested changes, OPA will review the revised audit plan and advise on the next steps.

Sincerely,

Chantelle V. Britton, M.P.A., M.S.
Director, Office of Pharmacy Affairs
Health Resources and Services Administration
U.S. Department of Health and Human Service