# EXHIBIT 3



**CONFIDENTIAL AND PROPRIETARY**
**NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE**

**By Email to Chantelle.Britton@hrsa.hhs.gov**

September 4, 2025

Chantelle Britton, M.P.A., M.S.
Director, Office of Pharmacy Affairs
Health Resources and Services Administration ("HRSA")
5600 Fishers Lane
Rockville, MD 20857

RE: Reasonable Cause Letters for Barrio Comprehensive Family Health Care Center (CH062360), Mount Sinai Hospital (DSH230053), and Henry Ford Hospital (DSH230053)

 Dear Ms. Britton:

Thank you for your correspondence of August 15, 2025, relating to AbbVie's reasonable cause letters to audit Barrio Comprehensive Family Health Care Center (Barrio), Mount Sinai Hospital (Mount Sinai), and Henry Ford Hospital (Henry Ford).  We understand that Henry Ford is currently subject to another audit, so this response focuses on our requested audits of Barrio and Mount Sinai.  With respect to Barrio (as with Mount Sinai), AbbVie withdraws the section of its proposed audit work plan requesting drug order reports to include WAC and GPO accounts.  We agree with HRSA that this information is not necessary for these audits, and we have revised the proposed work plans for Barrio and Mount Sinai accordingly.

However, we continue to respectfully disagree with HRSA's broader rejection of AbbVie's audit work plans, which are workplans that seek to evaluate compliance with the non-diversion provision of the 340B statute.  For the reasons explained in our prior correspondence, the patient criteria set forth in AbbVie's audit work plans is the best reading of the term "patient" in the 340B statute, as reflected in the statute's text, purpose, structure, and history.  Section 340B grants AbbVie the right to audit covered entities to verify their compliance with the 340B statute, and AbbVie's audit work plans are fully aligned with the 340B statute.  This issue is critically important, as AbbVie's good faith inquiry discussions with both Barrio and Mount Sinai established reasonable cause to believe that both Barrio and Mount Sinai are not in compliance with the statutorily supported patient criteria set forth in AbbVie's work plans.

HRSA's August 15 letters assert that "[t]he patient definition criteria outlined in the audit work plan and in AbbVie's accompanying correspondence goes beyond HRSA's 1996 Guidelines, which consistent with the statute contains the currently operative standard for determining whether an individual is a 340B patient. If AbbVie proceeds to conduct the audit using a different standard, OPA will not be able to enforce corrective actions for any findings resulting from AbbVie's application of a patient definition that exceeds the 1996 Guidelines."

By rejecting  the statutory patient criteria on which AbbVie's workplans are based, and by unequivocally declaring that enforcement and corrective actions are unavailable to AbbVie if it audits against the statutory patient criteria (as opposed to the patient definition in HRSA's 1996

NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE

abbvie

guidance), we understand HRSA's letters to deny AbbVie's work plans. That understanding is consistent with HRSA's 2011 guidance on manufacturer audits, where the agency stated clearly (emphasis added):

> OPA will work with manufacturers in its consideration of submitted audit work plans, <u>and will respond within 15 calendar days **with an approval or denial** of the submitted work plan</u>.

If HRSA is willing to approve AbbVie's audit work plans and allow AbbVie to proceed with its audits of Barrio and Mount Sinai consistent with the statutory patient criteria contained in the work plans, with full statutory remedies available to AbbVie in the event of diversion findings, please advise us of your approval by September 19, 2025.  If we do not hear from HRSA by that date confirming such approval, AbbVie will proceed consistent with its understanding that HRSA has denied AbbVie's work plans.

We value our relationship with HRSA and appreciate your consideration of this matter.

Sincerely,

Jeffrey Colvin
VP, Legal Strategy

NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE