# EXHIBIT 5



**CONFIDENTIAL AND PROPRIETARY**
**NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE**

**By Email to Chantelle.Britton@hrsa.hhs.gov**

July 3, 2025

Chantelle Britton, M.P.A., M.S.
Director, Office of Pharmacy Affairs
Health Resources and Services Administration ("HRSA")
5600 Fishers Lane
Rockville, MD 20857

       RE: Reasonable Cause Letter for The Mount Sinai Hospital (DSH330024), inclusive of associated child sites ("Mount Sinai")

Dear Director Britton:

Federal law provides that a 340B "covered entity shall permit . . . the manufacturer of a covered outpatient drug . . . to audit . . . the [covered] entity's compliance with the requirements" of the 340B program, subject to the Secretary of Health and Human Services' procedures.[1] Accordingly, I write on behalf of AbbVie Inc. ("AbbVie") to request approval of the attached plan to audit The Mount Sinai Hospital (DSH330024), inclusive of associated child sites (collectively, "Mount Sinai") based on reasonable cause to believe that Mount Sinai has violated the anti-diversion provision of the 340B statute.[2] AbbVie has substantial evidence, including admissions from Mount Sinai, that Mount Sinai is seeking discounts on AbbVie drugs that have been sold, transferred, and dispensed to individuals who do not qualify as patients of a 340B entity, as that phrase is best understood under the 340B statute.

AbbVie's audit request is premised on the best reading of the phrase "patient of the entity" in the 340B statute's anti-diversion provision,[3] which requires a narrower and more precise patient eligibility standard than that adopted by HRSA in its non-binding 1996 guidance ("1996 Guidance").[4] The "best reading"[5] of the 340B statute is that, among other requirements,[6] an individual is eligible to receive a 340B-priced covered outpatient drug only when (1) the drug is prescribed as a direct result of a health care encounter with a health care professional acting pursuant to an employment or contractual agreement to provide services at the covered entity; (2) the health care service meets clinical practice standards for diagnosing and treating the condition for which the drug is prescribed; and (3) the health care professional prescribing the drug has direct oversight of the individual's care. Because HRSA's 1996 Guidance fails to specify these requirements, HRSA's Guidance sweeps more broadly than is permitted by the statutory text.

---

[1] 42 U.S.C. § 256b(a)(5)(C).

[2] HRSA's "reasonable cause" standard does not appear in the 340B statute. The statute grants AbbVie an unconditional right to perform audits of covered entity records related to diversion and duplicate discounting, subject only to "procedures established by the Secretary relating to the number, duration, and scope of audits." *Id.* Because a reasonable cause standard is not a limitation on the "number, duration, and scope" of an audit, AbbVie could proceed without specifying a reasonable cause threshold. We have nevertheless laid out the evidence supporting reasonable cause to audit Mount Sinai consistent with HRSA's nonbinding guidance. *See* 61 Fed. Reg. 65,406, 65,412 (Dec. 12, 1996).

[3] 42 U.S.C. § 256b(a)(5)(B).

[4] 61 Fed. Reg. 55,156, 55,157-58 (Oct. 24, 1996).

[5] *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024).

[6] *See infra* Part I (detailing the best reading of the 340B statute's patient eligibility requirements).



AbbVie has reasonable cause to believe that Mount Sinai's practices fail to comply with these key elements of the statutory patient criteria. First, AbbVie has identified unusual and atypical 340B purchasing increases by Mount Sinai, which are themselves indicative of diversion. Second, Mount Sinai's responses to AbbVie's good faith inquiries have led AbbVie to believe that Mount Sinai embraces a broader understanding of patient eligibility than is allowed under the statutory patient eligibility criteria set forth in this letter.

Because AbbVie has reasonable cause to believe that Mount Sinai "resell[s] or otherwise transfer[s]" 340B drugs to individuals whose relationship with Mount Sinai does not meet statutory program integrity requirements,[7] AbbVie requests HRSA's consent to audit Mount Sinai against the statutory patient criteria set forth in this letter and in the attached audit work plan.

## I.    Criteria for a "Patient of the Entity" in the 340B Statute's Anti-Diversion Provision

AbbVie's audit request is premised on the best reading of the 340B statute's anti-diversion provision, which makes clear that, "with respect to any covered outpatient drug that is subject to an agreement under this subsection, a covered entity shall not resell or otherwise transfer the drug to a person who is not a *patient of the entity.*"[8] HRSA's interpretation of the anti-diversion provision in the 1996 Guidance enabled covered entities to have broader access to 340B pricing than the statute demands. HRSA's guidance provides in relevant part that an individual is a 340B-eligible "patient of the entity" when:

1. the covered entity has established a relationship with the individual, such that the covered entity maintains records of the individual's health care; and

2. the individual receives health care services from a health care professional who is either employed by the covered entity or provides health care under contractual or other arrangements (e.g. referral for consultation) such that responsibility for the care provided remains with the covered entity; and

3. the individual receives a health care service or range of services from the covered entity which is consistent with the service or range of services for which grant funding or Federally-qualified health center look-alike status has been provided to the entity. Disproportionate share hospitals are exempt from this requirement.

   An individual will not be considered a "patient" of the entity for purposes of 340B if the only health care service received by the individual from the covered entity is the dispensing of a drug or drugs for subsequent self-administration or administration in the home setting.[9]

HRSA's interpretation of the 340B statute is over-inclusive and leaves too much latitude to the covered entity to determine who qualifies as a "patient of the entity." Under the best reading of the statutory text, as required by the Supreme Court's decision in *Loper Bright*, an individual is a patient of the covered entity *only* if the following conditions are met:

(I)  The individual receives an outpatient health care service from a covered entity site that is registered and listed in the OPAIS database, and that service meets all of the following requirements:

---

[7] 42 U.S.C. § 256b(a)(5)(B).
[8] *Id.* (emphasis added).
[9] 61 Fed. Reg. at 55,157-58.

NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE



(a) The covered outpatient drug is prescribed <u>as a direct result</u> of the health care encounter by a health care professional who is acting pursuant to an employment or contractual agreement under which the health care professional provides services at the covered entity site;

(b) The health care encounter is sufficient to allow the health care professional to meet <u>clinical practice standards for diagnosing and treating the condition for which the covered outpatient drug is prescribed;</u>

(c) The health care service takes place within the period of validity of a prescription specified by state law, and in no event more than <u>12 months</u> prior to the dispensing or administration of the covered outpatient drug; and

(d) For covered entities other than Disproportionate Share Hospitals, the health care service is consistent with the services for which grant funding or federally qualified health center look-alike status has been provided to the entity.

(II) The health care professional who provides the service described above has <u>direct oversight</u> of the individual's care, which means that:

(a) The health care professional is personally responsible <u>for diagnosing and directly managing the patient's condition for which the covered outpatient drug is prescribed</u> as part of a provider-patient relationship that is sufficient to meet clinical practice standards for diagnosing and treating the condition for which the covered outpatient drug is prescribed; and

(b) The covered entity maintains <u>primary responsibility</u> for care for <u>the patient's condition for which the covered outpatient drug is prescribed</u>.

The best reading of the 340B statute requires that the 340B-priced drug be prescribed as a "direct result" of a health care encounter with a specific provider at the covered entity. The 340B statute also imposes temporal limitations as to patient eligibility. In contrast to HRSA's 1996 Guidance, the proper understanding of "patient of the entity" incorporates substantive clinical practice standards and oversight that must be met.

As explained below, these requirements are grounded in the text, structure, purpose, and legislative history of the 340B statute. When interpreted using "all relevant interpretive tools," the "best reading of the statute"[10] is that a "patient of the entity" must have a direct, medically substantive, and documented relationship with the covered entity, as reflected in the above requirements. Further, the covered entity must be seeking a discount in connection with covered outpatient drugs prescribed by health care professionals with an appropriate relationship with the covered entity and dispensed as a direct result of services provided to the individual by the specific covered entity.

1. <u>Text</u>

The statutory text supports the above criteria. First, the anti-diversion provision bars the transfer of 340B drugs to any individual "who *is not* a patient of the entity."[11] The use of the present tense ("is") demonstrates that a qualifying individual must have a current, active relationship with the covered entity and with a specific prescribing health care professional at that entity. The text also demands that receipt of the covered outpatient drug must be substantively connected to the health care service provided by the entity, and the health care service must meet minimum standards to ensure that the 340B drug is in fact accurately prescribed. The requirement of a substantive connection between the health care received

---

[10] *Loper Bright Enters.*, 603 U.S. at 373.

[11] 42 U.S.C. § 256b(a)(5)(B) (emphasis added).

NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE



from the entity and the drug prescribed is a commonsense way to give effect to the statute's present-tense patient requirement, and receipt of at least a minimal standard of medical care from the provider is part of the dictionary definition of being a "patient," which involves the receipt of "medical care and treatment."[12]

The statute's requirement of a "patient"-provider relationship mandates the need for the other criteria identified by AbbVie above. Inherent in the requirement of a "patient" relationship is that the encounter which generates the 340B prescription must involve a sufficient level of interaction between the provider and the putative patient. Such an understanding of a health care encounter is reflected in other related areas of federal law as well. For example, Medicare regulations define a medical "[e]ncounter" as requiring "direct personal contact between a patient and a physician, or other person who is authorized by State licensure law," to "order or furnish hospital services for diagnosis or treatment of the patient."[13]

The 340B statute's use of the phrase "patient *of the entity*" necessarily requires that the covered entity's health care professional must have "direct oversight" over the patient's care and "primary responsibility" for treating the condition for which the patient is prescribed a 340B drug. Other regulatory provisions governing the provision of medical care require that the health care services provided to a patient must be, at minimum, furnished under the health care professional's "overall direction and control," and, in many cases, at the "direct supervision" of that professional.[14] These requirements, like the 340B statutory eligibility criteria described above, all draw from the same source—the standards inherent in the patient-provider relationship.

Finally, the 340B statute's reference to "any covered outpatient drug" reflects that the patient must be treated in an "outpatient" setting of a hospital.[15] Congress made clear in the 340B statute that a "distinct part" of a hospital qualifying for 340B does not render the entire hospital eligible: "In the case of a covered entity that is a distinct part of a hospital, the hospital shall not be considered a covered entity . . . unless the hospital is otherwise a covered entity."[16] Individuals who receive treatment only at a free-standing facility affiliated with a Disproportionate Share Hospital, and who have not had a recent medical encounter (as defined above) at the Disproportionate Share Hospital itself, therefore are not "patient[s] of the [hospital] entity." For this reason, when a Disproportionate Share Hospital uses its 340B eligibility to purchase medications at 340B prices and then dispenses them to individuals treated exclusively at a free-standing facility, that is diversion because that individual is not a patient of the covered entity as defined in the statute. To be considered a patient of a Disproportionate Share Hospital covered entity, at a minimum, the individual must have had a recent medical encounter within the four walls of the hospital that directly resulted in the prescription at issue.[17] Likewise, an outpatient covered entity may not use its 340B eligibility to purchase medications at 340B prices and then dispense them to individuals treated exclusively at an inpatient facility affiliated with the outpatient covered entity.

### 2. Structure

The structure of the 340B statute, which creates a highly reticulated scheme open only to a set of narrowly defined classes of beneficiaries and to the individuals that they serve, reinforces the requirements inherent in the patient criteria.[18] As various courts have recognized, Congress took steps to strictly delimit the scope

---

[12] *Patient*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/patient (defining patient as an "individual awaiting or under medical care and treatment").

[13] 42 C.F.R. § 410.2 (defining "encounter" under Medicare regulations).

[14] *See id.* § 410.27(a)(1)(iv)(A), (B)(1); *id.* § 410.28(e)(1), (2).

[15] 42 U.S.C. § 256b(a)(5)(B).

[16] *Id.* § 256b(a)(6).

[17] *See* 42 C.F.R. § 413.65 (clarifying that a "Free-standing facility" is distinct from the hospital and refers to "an entity that furnishes health care services to Medicare beneficiaries and that is not integrated with any other entity as a main provider, a department of a provider, remote location of a hospital, satellite facility, or a provider-based entity").

[18] *See Fischer v. United States*, 603 U.S. 480, 494 (2024) (holding that where Congress had "careful[ly] deliniat[ed]"

NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE



of the 340B program, including by defining with "a high degree of precision"[19] a set of "narrow categories"[20] of entities that may participate in the program. This understanding of the 340B statute is also consistent with Congress's concern for the integrity of the program, as indicated by the express prohibition on diversion. Both the strictly limited nature of the 340B statute and the anti-diversion provision thus align with the statutory requirement, as set forth above, that the 340B prescription must originate from a specific health care encounter with the covered entity. Otherwise, multiple covered entities could claim a 340B discount for the same drug dispense, an absurd result that would undermine the integrity of the 340B program.[21]

The structure of the 340B statute thus corroborates that Congress rejected the broader approach to patient eligibility embraced by HRSA in favor of a more narrowly delimited set of eligibility criteria.

### 3. Purpose and History

The patient criteria presented by AbbVie is also consistent with the purposes of the 340B statute. In enacting Section 340B, Congress struck a balance between increasing patient access and "assur[ing] the integrity of the drug price limitation program."[22] While the key House report accompanying the legislation that became Section 340B states that the 340B program was created to help covered entities to "stretch scarce Federal resources as far as possible," that statement was expressly tied to reaching "more *eligible patients* and providing more comprehensive *services*"—language further confirming that the statute requires a direct relationship between the drugs prescribed by the covered entity and the health care services provided.[23] "[C]omprehensive services" does not extend to individuals with a temporally distant connection to the covered entity, to those treated off-site by providers who do not have a close connection to the covered entity, or to services that are not sufficiently medically substantive, necessary, or bona fide as to allow the provider to make an accurate diagnosis and prescribe an appropriate treatment.

Congress designed the 340B program to benefit patients by restoring the reduced pricing that manufacturers had *voluntarily* provided to safety-net providers before 1990 to help indigent and uninsured patients.[24] In Congress's words, the 340B program was enacted to restore this status quo for "Federally-funded clinics and public hospitals serving large numbers of low-income patients."[25] But Congress also recognized that covered entities "would be prohibited from obtaining payment for these drugs under Medicaid or from reselling or transferring the drugs to individuals other than their patients, and they would be subject to audit to verify compliance with these requirements."[26] The statute's prohibition on diversion (and its related prohibition on duplicate discounts) are not only sound policy judgments that Congress

---

a set of enumerated categories in a statute, that decision to provide a "reticulated list" led the Court to read related provisions of the statute narrowly).

[19] *AstraZeneca Pharms. LP v. Becerra*, 543 F. Supp. 3d 47, 60 (D. Del. 2021), *aff'd sub nom. Sanofi Aventis U.S. LLC v. HHS*, 58 F.4th 696 (3d Cir. 2023).

[20] *Novartis Pharms. Corp. v. Johnson*, 102 F.4th 452, 456 (D.C. Cir. 2024).

[21] Other parts of the 340B statute further reinforce that the 340B-eligible prescription must originate from a health care service with the covered entity claiming the discount. For instance, the statute allows for a discount to be claimed on an "over the counter drug," defined as a "a drug that may be sold without a prescription and which is prescribed by a physician." 42 U.S.C. § 256b(a)(2)(B)(ii). This reference to the prescribing "physician" refers to the physician of the covered entity whose treatment of the patient resulted in the relevant prescription, rather than a physician who lacks a relationship with the covered entity. The provision accordingly confirms that a covered entity may not claim a discount unless it rendered the health care service for which the prescription was written.

[22] H.R. Rep. No. 102-384, pt. 2, at 16 (1992).

[23] *Id.* at 12 (emphasis added).

[24] *See id.* at 10-12; *see also id.* at 12 (explaining that the 340B program would "remove any disincentive that the Medicaid rebate program creates to discourage manufacturers from providing substantial voluntary or negotiated discounts to these clinics, programs, and hospitals").

[25] *Id.* at 10.

[26] *Id.* at 12.

NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE



made and codified in the statute, but they are also essential to ensuring that the 340B statute remains within constitutional bounds.[27]

Neither Congress nor manufacturers anticipated the unchecked growth of the 340B program over the past three decades. That growth does not correlate with any growth in the Medicaid program or to an increased need from uninsured and indigent patients. To the contrary, as has been well documented, the explosive growth in the 340B program has been driven by covered entity arbitrage for their own financial benefit (at the expense of patients). The emergence of contract pharmacies, replenishment models, and covered entities' increased targeting of affluent, insured communities means that 340B-priced drugs are now routinely provided to individuals who were not covered by the voluntary discount practices that manufacturers had adopted before 1990.[28] Their participation in the 340B program is inconsistent with Congress's reasons for enacting the program in the first place. And the legislative history and context of the 340B statute clearly demonstrate that Congress was aiming to create a narrowly defined benefit for a narrow group of entities which both the government and manufacturers could readily police to ensure compliance. The statutory requirements listed above are consistent with that understanding.

## II.    Reasonable Cause for Audit of Mount Sinai for Diversion

AbbVie has reasonable cause to believe that Mount Sinai is providing 340B drugs to individuals who do not qualify under the statutory criteria for a "patient of the entity," as articulated above. This is supported by AbbVie's observation of Mount Sinai's utilization of AbbVie products, and by Mount Sinai's own responses to AbbVie's inquiries.

### A.  AbbVie's Good Faith Inquiries and Mount Sinai's Responses

AbbVie has observed significant growth in Mount Sinai's purchasing of AbbVie products through the 340B program. As demonstrated by the chart below, while AbbVie observed Mount Sinai's total purchasing through the 340B program decrease by 25% from 2022 to 2023, Mount Sinai's 340B purchasing volume from January 1 through September 30, 2024, is 35% higher than the purchases made in the full calendar year of 2023.

| Total 340B Product Packages Purchased by Year | | | | |
|---|---|---|---|---|
| Type | Q4 2021 | 2022 | 2023 | Q1 - Q3 2024 |
| Contract Pharmacy | 2,992 | 15,672 | 4,166 | 123 |
| In-House Pharmacy | 590 | 4,613 | 10,978 | 20,342 |
| **Total Packages** | **3,582** | **20,285** | **15,144** | **20,465** |
| In-House Purchase % | 16% | 23% | 72% | 99% |

Further, AbbVie has observed an unusual and atypical increase in Mount Sinai's 340B purchases of related to three brands, Humira, Skyrizi, and Rinvoq ("Immunology Products"), as illustrated in the chart

---

[27] Indeed, Congress has no authority to force manufacturers to transfer drugs to covered entities and commercial pharmacies for their own private financial benefit. Instead, to be constitutionally valid, the obligations imposed by the 340B statute must have a close nexus to a valid governmental purpose and must be proportional to the benefits that manufacturers receive in return for participating in the 340B program and Medicaid.

[28] *See, e.g.*, Tom Mirga, *New Study Finds 340B Contract Pharmacy Growth in Affluent and White Neighborhoods, Hospitals Criticize Research*, 340B Report (Jun. 17, 2022), https://340breport.com/new-study-finds-340b-contract-pharmacy-growth-in-affluent-and-white-neighborhoods-hospitals-criticize-research; Berkeley Rsch. Grp., *340B Covered Entity Acquisitions of Physician-based Oncology Practices*, 3, 10 (Apr. 22, 2014), http://media.thinkbrg.com/wp-content/uploads/2020/06/19094747/449_340B-Physician-based-Oncology-Practice-Acquisitions.pdf (demonstrating that acquisitions by Disproportionate Share Hospitals of oncology practices increased significantly from 2009 to 2012 and involved higher median-income communities compared to the typical DSH covered entity).

NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE



below. Mount Sinai's 340B purchases of Immunology Products have increased significantly during the first 3 quarters of 2024 as compared to the entirety of 2023 with nine of thirteen NDCs growing by 36% or more.

| NDC Description | NDC | 2023 Q1 | 2023 Q2 | 2023 Q3 | 2023 Q4 | Q1-Q4 2023 Total | 2024 Q1 | 2024 Q2 | 2024 Q3 | Q1-Q3 2024 Total | % Growth |
|---|---|---|---|---|---|---|---|---|---|---|---|
| HUMIRA 40 MG/0.8 ML SYRINGE PS=2 | 00074-3799-02 | 43 | 30 | 49 | 43 | **165** | 121 | 70 | 94 | **285** | 42.1% |
| HUMIRA PEN 40 MG/0.8 ML PS=2 | 00074-4339-02 | 107 | 57 | 58 | 81 | **303** | 154 | 73 | 98 | **325** | 6.8% |
| HUMIRA(CF) 20 MG/0.2 ML SYRING PS=2 | 00074-0616-02 | 14 | 6 | 22 | 16 | **58** | 40 | 34 | 33 | **107** | 45.8% |
| HUMIRA(CF) 40 MG/0.4 ML SYRING PS=2 | 00074-0243-02 | 136 | 84 | 66 | 139 | **425** | 222 | 197 | 251 | **670** | 36.6% |
| HUMIRA(CF) PEN 40 MG/0.4 ML PS=2 | 00074-0554-02 | 2,377 | 1,399 | 958 | 1,162 | **5,896** | 1,800 | 2,060 | 2,405 | **6,265** | 5.9% |
| HUMIRA(CF) PEN 80 MG/0.8 ML PS=2 | 00074-0124-02 | 86 | 63 | 101 | 177 | **427** | 247 | 260 | 201 | **708** | 39.7% |
| HUMIRA(CF) PEN CRHN-UC-HS 80MG PS=3 | 00074-0124-03 | 35 | 17 | 19 | 17 | **88** | 43 | 26 | 30 | **99** | 11.1% |
| SKYRIZI 150 MG/ML PEN PS=1 | 00074-2100-01 | 163 | 112 | 120 | 216 | **611** | 391 | 330 | 404 | **1,125** | 45.7% |
| SKYRIZI 150 MG/ML SYRINGE PS=1 | 00074-1050-01 | 46 | 31 | 43 | 83 | **203** | 99 | 64 | 79 | **242** | 16.1% |
| SKYRIZI 360 MG/2.4 ML ON-BODY PS=2 | 00074-1070-01 | 87 | 81 | 126 | 271 | **565** | 445 | 518 | 603 | **1,566** | 63.9% |
| RINVOQ ER 15 MG TABLET PS=30 | 00074-2306-30 | 249 | 165 | 166 | 273 | **853** | 432 | 477 | 480 | **1,389** | 38.6% |
| RINVOQ ER 30 MG TABLET PS=30 | 00074-2310-30 | 226 | 163 | 211 | 379 | **979** | 564 | 635 | 685 | **1,884** | 48.0% |
| RINVOQ ER 45 MG TABLET PS=28 | 00074-1043-28 | 74 | 84 | 124 | 211 | **493** | 269 | 253 | 248 | **770** | 36.0% |

Table title: Total Number of Packages by Quarter by NDC-11

Mount Sinai's 340B purchasing volume increased from 2023 to 2024 despite its contract pharmacy use dramatically declining in the same time period.

AbbVie also reviewed the encrypted voluntary claims data submitted by Mount Sinai to the 340B ESP™ platform from February 1, 2022, to April 23, 2023. AbbVie found that there were an anomalously high number of instances where Mount Sinai submitted a chargeback request on an individual dispense that was also claimed by another covered entity. The vast majority of these duplicate dispense claims were requested by another 340B covered entity under Mount Sinai Health System (MSHS), specifically Mount Sinai Beth Israel (DSH330169), and Mount Sinai West (DSH330046).

These trends led AbbVie to reach out to Mount Sinai about potential diversion and duplicate discounting. AbbVie has extensively engaged with Mount Sinai on these issues since March 2025. AbbVie's inquiry began on March 6, 2025, when AbbVie sent a letter to Mount Sinai identifying the above trends and asking questions about Mount Sinai's compliance with the 340B program's prohibitions on diversion and duplicate discounting.[29]

AbbVie spoke with Mount Sinai representatives on a Zoom call on April 4, 2025. During that call, AbbVie raised concerns about diversion and duplicate discounting. In a follow-up email on April 11, 2025, AbbVie sent a narrowed list of questions in the interest of facilitating written responses from Mount Sinai. Mount Sinai provided more details on their patient eligibility policies in an email on April 12, 2025, and promised further responses.

Mount Sinai responded to AbbVie on April 15, 2025, with a letter that, while reiterating Mount Sinai's answers from the April 4 call, failed to answer the majority of AbbVie's questions from either its initial March 6 letter or the narrowed set of questions emailed on April 11. Mount Sinai expressly refused to answer those questions on the ground that they exceeded the bounds of a "good faith" inquiry. In a follow-up letter on April 28, 2025, AbbVie reminded Mount Sinai that its questions were well within the scope of a good faith inquiry under HRSA's non-binding guidance,[30] as they all related to whether Mount Sinai complied with the 340B statute's diversion and duplicate discounting provisions with respect to AbbVie products.

---

[29] We have attached our correspondence with Mount Sinai to this letter.
[30] *See* 61 Fed. Reg. at 65,406, 65,409.

NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE



On May 21, 2025, Mount Sinai responded to the questions AbbVie posed on April 11. However, Mount Sinai's answers again did not include the substantive criteria underlying Mount Sinai's 340B policies and practices, particularly with respect to how Mount Sinai implements its patient definition. As a result, AbbVie sent Mount Sinai a set of follow-up questions on May 30, 2025. Mount Sinai responded on June 9, 2025. Because certain of Mount Sinai's answers were again vague and nonresponsive to AbbVie's questions, AbbVie sent a short set of clarifying questions on June 13, 2025. Mount Sinai responded on June 24, 2025 with some limited information and asserted that AbbVie's good faith inquiries about Mount Sinai's compliance with critical program integrity requirements were "an enterprise in harassment."

### B.  Mount Sinai's Answers Indicate that it Defines Patient Eligibility More Broadly than the 340B Statute

Mount Sinai's answers to AbbVie's good faith inquiries, though often failing to provide the substantive information that AbbVie was requesting, indicate that Mount Sinai takes a broader view of patient eligibility than is permitted by the 340B statute.

First, Mount Sinai would not produce its patient definition policy in response to AbbVie's request. Nonetheless, Mount Sinai did inform AbbVie that it "follows the HRSA patient definition for 'eligible patient.'" Mt. Sinai's embrace of HRSA's understanding of patient eligibility, in and of itself, provides reasonable cause because the HRSA definition is overbroad in numerous respects. Indeed, Mount Sinai's insistence that its patient definition aligns with HRSA's 1996 Guidance only provides more suspicion that Mount Sinai is engaged in diversion. As discussed above, HRSA's 1996 Guidance allows patient eligibility in contexts not permitted by the 340B statute. HRSA's 1996 Guidance lacks key limitations imposed by the statute, such as a requirement for a direct nexus between the health care encounter with the covered entity and the prescription for which 340B pricing is claimed, a time horizon between the healthcare encounter with the covered entity and the prescription, and a direct, bona fide relationship between the prescriber and the covered entity. Alleged adherence to HRSA's 1996 Guidance thus does not allay AbbVie's concerns, which are heightened by Mount Sinai's responses in two key areas: Mount Sinai's approach to eligibility-granting medical encounters and Mount Sinai's practices regarding referrals and providers who lack a direct, bona fide relationship with Mount Sinai when treating the putative 340B patient.

### 1.  Answers Regarding Eligibility-Granting Health Care Encounters

Mount Sinai's responses to AbbVie's inquiries regarding the types of encounters that it will consider to support 340B eligibility indicate that Mount Sinai takes a view of a health care encounter that is broader than that permitted by the 340B statute. As discussed above, the 340B statute requires that the covered outpatient drug be prescribed only as a direct result of a health care encounter with a health care professional who is acting pursuant to an employment or contractual relationship with the covered entity site. Further, the health care encounter which results in the prescription and establishes 340B patient eligibility must meet clinical practice standards for diagnosing and treating the condition for which the covered outpatient drug is prescribed. Finally, the health care professional who provides the service must have direct oversight over the individual's care with respect to the condition for which he or she was prescribed the 340B drug, such that the covered entity retains primary responsibility for care for that condition.[31]

Mount Sinai stated in its May 21 responses that it will deem a patient eligible after any "substantive medical encounter, such that the [Mount Sinai] provider is performing a medical evaluation related to the prescription," and that Mount Sinai "has built criteria in its system to differentiate what is and is not considered an eligible encounter." When AbbVie asked Mount Sinai to explain what those "criteria" were and "how Mount Sinai applies those criteria in practice," Mount Sinai provided the non-responsive answer

---

[31] See *supra* Part I (detailing the best reading of the 340B statute's patient eligibility criteria).

NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE



that Mount Sinai has "defined specific visit types as they are coded and labeled in our electronic medical record as substantive encounters." Mount Sinai provided a few examples of substantive encounters, such as "[o]ffice visit, initial visit, and treatment visits" but when asked to provide further details regarding what a "treatment visit" was, Mount Sinai's answer was that a "treatment visit encompasses all forms of treatment in a 340B location." That overbroad and circular answer raises questions about whether Mount Sinai properly limits 340B eligibility to prescriptions that directly result from eligible encounters.

Moreover, in response to a question about virtual encounters, Mount Sinai asserted that a "virtual visit can support 340B eligibility" should it "meet the parameters as described" in its answer regarding substantive medical encounters. However, this too was a non-answer, given that Mount Sinai failed to fully articulate how it distinguishes between substantive and non-substantive medical encounters.

Mount Sinai's answers indicate that its patient definition does not comport with the 340B statute's requirements that an encounter that supports 340B eligibility satisfy clinical practice standards for diagnosing and treating the condition for which the drug is prescribed and be part of a relationship where the provider prescribing the 340B drug has direct oversight over the 340B drug recipient's care. Mount Sinai's policy allows an encounter to support 340B eligibility as long as it is a "substantive medical encounter, such that the [Mount Sinai] provider is performing a medical evaluation related to the prescription." But that broad policy would confer eligibility on encounters even where the Mount Sinai provider does *not* have direct oversight over the individual's care, but merely performs a "medical evaluation related to" the prescription. This means the prescription may have been written by a *different* (non-covered entity) provider who has direct oversight over the individual's care. Mount Sinai has claimed that it does not "qualify any prescriptions written by providers unless they are employees within the Mount Sinai Health System," but this is in tension with their explanation of a healthcare "encounter," which as stated requires merely that the encounter be "related to" the prescription. Mount Sinai's patient definition, by following HRSA's overly broad 1996 Guidance, thus sweeps more broadly than the 340B statute and lacks key statutory criteria regarding the nature of the encounter and the substantive nature of the relationship between the individual and the health care professional providing the encounter.

These responses provide reasonable cause to audit.

2.  <u>Answers Regarding Provider Affiliation and Referral Practices</u>

The 340B statute requires that the health care professional whose care results in the 340B-eligible prescription must have a bona fide relationship with the covered entity (either through an employment or contractual agreement), such that the *covered entity* maintains primary responsibility for care for the patient's treatment for which the covered outpatient drug is prescribed. Mount Sinai's answers to AbbVie's questions suggest that its patient eligibility practices diverge from these requirements.

First, Mount Sinai stated in its May 21 letter that it qualifies prescriptions written only by providers who are "employees within the Mount Sinai Health System with privileges within the Mount Sinai Health System." However, Mount Sinai also stated in its June 9 letter that it has "part-time" providers, including those who work "part-time at Mount Sinai and at another entity, whether it be a health care provider, health care company, or some other business." Mount Sinai has reported to us that it allows part-time clinicians to prescribe 340B drugs. However, as noted in its June 24, 2025 letter, Mount Sinai does not require a provider to practice a minimum amount of time as compared to another entity that the provider works with. Mount Sinai's responses also indicate that in addition to clinicians who work part time at another entity, Mount Sinai also apparently employs clinicians who maintain private practices in addition to their work at Mount Sinai.

While it is possible that a part-time provider may qualify as a healthcare professional with a direct, bona fide relationship with Mount Sinai and maintain primary responsibility for care for the condition for which the 340B drug was prescribed, AbbVie is concerned about Mount Sinai's referral practices with respect to

NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE



part-time physicians and whether those physicians truly have the required substantive relationship with Mount Sinai. For example, a Mount Sinai provider who maintains a private practice or works at another entity could, under Mount Sinai's understanding of patient eligibility, refer patients to Mount Sinai for the purposes of establishing 340B eligibility, but otherwise maintain subsequent responsibility for treatment of the individual's condition in their private, non-340B capacity. Mount Sinai has claimed that it does not accept "referrals" from "non-Mount Sinai providers," and states that it only qualifies prescriptions written by a "Mount Sinai provider in an eligible location." But these answers focus solely on the origination of the prescription, and not on whether the individual's subsequent care can properly be considered to be under the direct oversight and responsibility of Mount Sinai, as is required by the 340B statute.

Further, AbbVie is concerned about whether Mount Sinai has robust systems to prevent this kind of abuse. When asked how Mount Sinai would prevent part-time employees from referring patients from their non-Mount Sinai practice to Mount Sinai solely to gain 340B eligibility, Mount Sinai stated that all prescriptions "are checked against the patient's EMR to ensure the patient has had an eligible encounter at an eligible location." But again, this focuses only on the nature of the patient's encounter and does not address whether Mount Sinai retains oversight of the patient's care. Mount Sinai's responses thus raise the possibility that it would classify prescriptions as 340B-eligible in situations where the doctor lacks a sufficient level of affiliation with Mount Sinai to say that *Mount Sinai*, rather than the professional's private practice, retains primary responsibility for treating the patient's condition. AbbVie's concerns about Mount Sinai's ability to properly track and control for diversion in this regard is heightened by other evidence that Mount Sinai has difficulties managing dispense eligibility within its own hospital system. As discussed above, AbbVie has observed an anomalously high number of instances where Mount Sinai submitted a chargeback request on an individual dispense that was also claimed by another covered entity.

Mount Sinai's answers on this issue are a further basis to conduct an audit.

### C. *AbbVie Has Reasonable Cause to Audit for Diversion*

The foregoing demonstrates that AbbVie has reasonable cause to believe that Mount Sinai is violating the 340B statute's anti-diversion provision. As HRSA has noted in litigation with other manufacturers, to initiate an audit, a manufacturer "simply needs to show reasonable cause that a covered entity is violating the 340B statute through duplication or diversion."[32]

Mount Sinai's answers to AbbVie's good faith inquiries provide reason to believe that it is providing 340B-priced drugs to individuals who do not qualify as patients under a proper reading of that term in the 340B statute. These statements, among other things, are sufficient to lead a reasonable person to "believe that a covered entity may have violated"[33] the anti-diversion provision.

### III.    Conclusion

AbbVie requests HRSA authorization to audit Mount Sinai for diversion pursuant to the attached audit plan. AbbVie wants to better understand how Mount Sinai applies its 340B patient eligibility policy, and to confirm, as the evidence appears to demonstrate, that Mount Sinai employs patient criteria that sweep far more broadly than the 340B statute permits. The attached work plan has been developed by

---

[32] Defs.' Reply in Further Support of Mot. for Summ. J., at 11, *Johnson & Johnson Healthcare Sys. Inc. v. Kennedy*, 1:24-cv-03188-RC (Apr. 30, 2025), ECF No. 46.
[33] 61 Fed. Reg. at 65,409.

NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE



PricewaterhouseCoopers for the purpose of auditing Mount Sinai for diversion consistent with the legal analysis contained in this letter.

Thank you for your attention to this important matter regarding 340B program integrity. We look forward to your response, and would be happy to discuss our request with you at any point.


Sincerely,

*Electronically signed by: Edward Scheidler*
*Reason: Approver*
*Date: 02-Jul-2025 17:19 CDT*

Edward Scheidler
Head of 340B Center of Excellence


NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE

**CONFIDENTIAL AND PROPRIETARY**
**NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE**


## 340B AUDIT WORKPLAN


## Covered Entity Identification

**Name:** The Mount Sinai Hospital, including associated child sites ("Mount Sinai")
**340B ID:** DSH330024 including associated child sites and active contract pharmacies during the period of January 1, 2024, through December 31, 2024 (Please refer to Appendix A for a listing of associated child sites)
**Independent Auditor**: PwC


## Audit Scope

1. **Drug Diversion**
   Determine Mount Sinai's compliance with Section 340B(a)(5)(B) of the Public Health Service Act (PHSA), with regards to the 340B Program prohibition against drug diversion during the period of January 1, 2024, through December 31, 2024 (scope period) for the following products, henceforth referred to as "340B Drugs":

| "340B Drugs" | |
|---|---|
| National Drug Code (NDC) | Product Name |
| 00074-3799-02 | HUMIRA 40 MG/0.8 ML SYRINGE PS=2 |
| 00074-4339-02 | HUMIRA PEN 40 MG/0.8 ML PS=2 |
| 00074-0616-02 | HUMIRA(CF) 20 MG/0.2 ML SYRING PS=2 |
| 00074-0243-02 | HUMIRA(CF) 40 MG/0.4 ML SYRING PS=2 |
| 00074-0554-02 | HUMIRA(CF) PEN 40 MG/0.4 ML PS=2 |
| 00074-0124-02 | HUMIRA(CF) PEN 80 MG/0.8 ML PS=2 |
| 00074-0124-03 | HUMIRA(CF) PEN CRHN-UC-HS 80MG PS=3 |
| 00074-2100-01 | SKYRIZI 150 MG/ML PEN PS=1 |
| 00074-1050-01 | SKYRIZI 150 MG/ML SYRINGE PS=1 |
| 00074-1070-01 | SKYRIZI 360 MG/2.4 ML ON-BODY PS=2 |
| 00074-2306-30 | RINVOQ ER 15 MG TABLET PS=30 |
| 00074-2310-30 | RINVOQ ER 30 MG TABLET PS=30 |
| 00074-1043-28 | RINVOQ ER 45 MG TABLET PS=28 |

**Audit Testing Procedures**

| PLANNING | |
|---|---|
| 1. | Send Audit notification letter to Mount Sinai at least 15 days prior to audit pursuant to the manufacturer audit guidelines (61 Fed. Reg. 65406 (Dec 12, 1996)). |
| 2. | Send initial document request list to Mount Sinai in advance of the onsite/virtual audit.  Items requested will include the following, please refer to Appendix B for a detailed Document Request List and Instructions to be provided to Mount Sinai:<br><br>• Copy of Medicare Cost reports filed during the scope period including the line number in the Medicare Cost Report for each child site registered on the 340B Office of Pharmacy Affairs Information System (340B OPAIS).<br><br>• Any relevant 340B compliance testing results or external Audit Reports concerning Mount Sinai's participation in the 340B Program, including but not limited to 340B purchases, 340B billing, etc., during the audit scope period<br><br>• Policies and procedures related to 340B purchases, including purchases at ceiling and sub-ceiling prices.<br><br>• Policies and procedures related to identifying 340B eligible patients including Mount Sinai definition(s) for patient statuses to determine appropriate alignment to "inpatient"/ "outpatient" categorization.<br><br>• Policies and procedures related to contract pharmacy relationships for the dispense of 340B product on behalf of Mount Sinai.<br><br>• Policies and procedures related to Mount Sinai's internal 340B Program monitoring efforts.<br><br>• Information, documentation, and contracts related to third party administrators that assist in the acquisition or dispense of 340B product on behalf of Mount Sinai.<br><br>• Information and documentation related to Mount Sinai's internal claims review software for review of all claims for reversal or reprocessing as 340B or non-340B claims outlining the methodology for 340B-eligibility or ineligibility determination.<br><br>• Policies and procedures around system related procedures (i.e., purchasing systems, internal claims review software, and/or split-billing software).<br><br>• Any executed Contract Pharmacy Agreements between Mount Sinai and Contract Pharmacy(ies) dispensing AbbVie's products in scope *(Financial Information / Arrangements can be redacted by Mount Sinai and will not be included in the final report).*<br><br>• Purchase Reports by NDC and account type (i.e. 340B, WAC, GPO) for the relevant 340B Drugs.<br><br>• Quantity Dispensed by NDC to patients who have received the 340B Drugs.<br><br>• A listing of all healthcare professionals (HCPs) who are either employees of Mount Sinai or have a contractual or other arrangement with Mount Sinai and dispense 340B drug(s) to patients of Mount Sinai |

| | |
|---|---|
| | • A deidentified listing of all patients who received the relevant 340B drug(s) for the scope period and the following information for each patient for sampling purposes:<br><br> o Date the 340B drug(s) was prescribed and dispensed to the patient.<br><br> o Prescription numbers (Rx Numbers).<br><br> o Fill Numbers<br><br> o Order Nos for 340B Purchases by NDC<br><br> o Prescribers' National Prescriber Identifier (NPI) numbers.<br><br> o NPI number and/or Medicaid Billing Numbers ("MBN") related to dispensing entity and/or specific Prescription Written Location<br><br> o Purchase price of the drug(s) dispensed to the patient.<br><br> o MRN # or Patient Identifier<br><br> o Dispensing Pharmacy Name<br><br> o Patient's Health Insurance (e.g., Medicaid, Medicare, private payor, self-pay, some combination, etc.) including corresponding Group, BIN and Processor Control Numbers (PCN) |
| 3. | Conduct opening meeting with Mount Sinai via teleconference to discuss the scope and approach for the audit. |
| 4. | PwC will attempt to perform the audit in the minimum time necessary with minimum intrusion to Mount Sinai.<br><br> - To that end, it is PwC's expectation that the audit can be conducted entirely virtually but would be amenable to an on-site visit if requested. However, if Mount Sinai is non-responsive to audit requests or outreaches from PwC, PwC reserves the right to reconsider its decision to conduct the audit virtually. Moreover, auditors reserve the right to update the Work Plan, document request list(s), and audit additional topics to the extent additional bases for reasonable cause arise after obtaining Health Resources and Services Administration (HRSA) Approval. |

| | |
|---|---|
| **340B POLICY, CONTRACT PHARMACY AGREEMENT, PROCESS & CONTROL ENVIRONMENT REVIEW RELATED TO 340B DRUG DIVERSION** | |
| 1. | Conduct interviews and document the results of each interview with the following Mount Sinai personnel *(the following lists examples of personnel roles)*:<br><br> - 340B Pharmacy Director<br><br> - Systems owners (e.g., owners for split-billing software, Electronic Medical Record (EMR) systems, procurement systems, and other applicable systems like internal claims review software etc.)<br> - Individuals involved in invoicing, purchasing, dispensing, or billing of products including interactions with contract pharmacies that purchase 340B product on Mount Sinai's behalf.<br> - Hospital Admissions Personnel<br><br> - Revenue Cycle Personnel |

NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE

| | |
|---|---|
| | - Roles Identified in 340B Enrollment.<br>  o  Authorizing Official<br>  o  Primary Contact<br>  o  Manager of applicable Contract Pharmacy |
| 2. | Review policy and procedure training documentation and verify whether individuals responsible for the procurement, administration, and billing of the relevant drug(s) have been trained or provided access to compliance procedures. |
| 3. | Review 340B policies and procedures to understand the definition of an "eligible patient." Specifically understand and outline objective criteria related to the definition of a "patient" and how criteria is being applied by Mount Sinai as per Section 340B of the PHSA. Specifically, the audit will review to what extent Mount Sinai's definition meets the following criteria:<br><br>• The individual receives an outpatient healthcare service from a covered entity site that is registered and listed in the OPAIS database, and the service meets all of the following requirements:<br> • the covered outpatient drug (COD) is prescribed as direct result of the healthcare encounter, by a HCP who is acting pursuant to an employment or contractual agreement under which the HCP provides services at the covered entity site;<br> • the health care encounter is sufficient to allow the HCP to meet clinical practice standards for diagnosing and treating the condition for which the COD is prescribed;<br> • the healthcare service takes place within the period of validity of a prescription specified by state law, and in no event more than 12 months prior to the dispensing or administration of the COD; and<br> • For covered entities other than Disproportionate Share Hospitals, the health care service is consistent with the services for which grant funding or federally qualified health center look-alike status has been provided to the entity.<br>• The HCP who provides the service described in above bullets has direct oversight of the individual's care, which means that:<br> • the HCP personally is responsible for diagnosing and directly managing the patient's condition for which the COD is prescribed as part of a provider-patient relationship sufficient to provide clinical practice standards for diagnosing and treating the condition for which the COD is prescribed; and<br> • the covered entity maintains primary responsibility for care for the patient's condition for which the COD is prescribed. |
| 4. | Review Mount Sinai's Contract Pharmacy Agreement(s) to assess any specific provisions outlining criteria enumerated by HRSA regarding the relationship between the Covered Entity and the Contract Pharmacy based on the following objective criteria:<br><br>- Consistent with HRSA guidance, the audit will confirm to what extent "the contract pharmacy would act as an agent of the covered entity, in that it would not resell a prescription drug but rather distribute the drug on behalf of the covered entity," 61 Fed. Reg. 43,549, 43,550 (Aug. 23, 1996), and that covered entity engages an independent auditor for annual audits of the contract pharmacy, 75 Fed. Reg. 10,272, 10,278 (Mar. 5, 2010). |

NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE

| 5. | Perform a walkthrough of the Covered Entity's billing procedures, including a review of Mount Sinai's split-billing software, if applicable. Evaluate that the business rules are appropriately set up in order to accurately calculate, accumulate, and order the relevant drug(s) based on patient status. Document the walkthrough by obtaining copies of key documents to clearly identify the billing transaction flow. |
| --- | --- |
| 6. | Review and gain an understanding of Mount Sinai's process and internal controls for reviewing and reprocessing 340B claims, to ensure other Mount Sinai registered 340B entities are not claiming the same dispense for 340B discounts. |

| **340B DRUG DIVERSION TESTING** | |
| --- | --- |
| 1. | For each patient selected who was administered or received the 340B drug(s) at Mount Sinai, including associated child sites and contract pharmacies during the scope period, perform the following procedures: |
| | A. Review Mount Sinai's EMR to obtain evidence of the patient's encounter/visit and status (inpatient or outpatient) at the time the drug(s) was administered or dispensed, and the price paid for the drug(s) for that patient.<br><br>Based on patient status, verify whether Mount Sinai purchased the drug(s) at the discounted 340B price or non-340B price. (Request Mount Sinai definition(s) effective during the scope period for patient statuses to determine appropriate alignment to "inpatient"/ "outpatient" categorizations if applicable) |
| | B. For patients who were classified as 340B eligible, verify that the prescriptions or dispenses to the patient were written/dispensed at locations and associated child sites for Mount Sinai where it deems itself responsible for the health care services provided and registered on 340B OPAIS. |
| | C. For patients who were classified as 340B eligible, review patient's EMR to assess if scope of the healthcare service provided is consistent with diagnosis and prescription written/ drug dispensed for which a covered entity can claim 340B discounts and the relationship between each such healthcare service and the 340B drug(s) furnished to an individual as a result of such service.  Determine the level of service provided. |
| | D. For patients who were classified as 340B eligible, verify that the individual received health care services from a HCP who is either employed by the Covered Entity or provided health care under contractual or other arrangements such that responsibility for the care provided remains with the Covered Entity.<br>    a. For other arrangements, review the associated documentation in the EHR to determine if it captures all the necessary and relevant information.<br>    b. Review contractual and other arrangements for HCPs who are acting pursuant to a contract with the Covered Entity when prescribing the COD and assess the following components:<br>        i. Definition of parties to the contractual agreement |

| | | |
|---|---|---|
| | | ii. Itemization of defined roles and responsibilities of each party including general category of care (for example dermatology, rheumatoid arthritis etc.)<br><br>iii. Details related to communication and care-coordination plans between Covered Entity and HCPs (for example sharing of EMR data, patient notes etc.) |
| | E. | For patients who were classified as 340B eligible, verify the following:<br><br>a. Prescription written location or dispense location is related to Mount Sinai and/or associated child sites for which the covered entity deems itself responsible for the health care services provided and registered on 340B OPAIS<br><br>b. Prescriptions or dispenses to the patient were not claimed by any other covered entity. |
| 2. | | For any diversion findings identified during the scope period, quantify the financial impact for any detected violation(s) of the diversion prohibition for the 340B Drugs. |

| QUANTIFICATION OF NON-COMPLIANCE | |
|---|---|
| 1. | Quantify the impact of the identified non-compliance with the diversion prohibition. Mechanism for determination will be based on each particular non-compliance, but is generally categorized as:<br><br>A. **Diversion:** For purchases inappropriately identified as 340B resulting in diversion, calculate the impact utilizing the difference between 340B ceiling price and WAC, multiplied by the quantity for each respective NDC for 340B Drugs within scope. |

| REPORTING | |
|---|---|
| 1. | Document preliminary findings based upon audit procedures performed. PwC to discuss preliminary findings with Mount Sinai. |
| 2. | Develop a draft performance Audit Report in accordance with Government Auditing Standards ("GAS") / Generally Accepted Government Auditing Standards ("GAGAS") and orally communicate audit findings to Mount Sinai. Incorporate feedback from Mount Sinai as deemed appropriate by the independent auditor. Ensure all protected health information is redacted from the draft and final Audit Reports. |
| 3. | PwC will finalize the draft Audit Report and send to AbbVie for distrubution. |
| 4. | AbbVie to provide Mount Sinai with thirty (30) days to respond to all findings and plans for resolving any issues identified. |
| 4. | AbbVie to incorporate any Mount Sinai response(s) as deemed appropriate and issue the final audit report, providing a copy of the final report to HRSA, Office of Special Health Initiatives (OSHI), and the Office of Inspector General, Office of Audit Services, PHS Audits Division. |

NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE

| 5. | Perform final review of the audit work papers, ensuring that all protected health information is redacted. Archive the work papers in accordance with document retention requirements. |
|----|---|

### Data Confidentiality

To ensure that sensitive patient and business information remains protected throughout the audit process, the following measures will be implemented:

- Data De-identification: Where possible, patient data will be de-identified to protect confidentiality.
- Secure Storage and Transmission: All data will be stored in secure systems, with access strictly limited to authorized personnel.
- Confidentiality Agreements: All team members and consultants will sign confidentiality agreements as part of their engagement.
  HIPAA Compliance: The audit team will ensure compliance with HIPAA regulations for handling health data throughout the audit process.

### Skill and Knowledge of Audit Organization's Personnel

PwC is an international accounting and consulting firm that has significant experience in performing engagements under GAGAS for performance audits. In addition, PwC has years of experience in working in the 340B Covered Entity environment, including instituting policies and procedures to protect patient privacy and confidentiality.

### PwC Audit Team

Shea Fowler, Partner
Tim Krzeminski, Managing Director
Aakash Shah, Senior Manager
Jack McCarter, Experienced Associate
Kyle Albertson, Experienced Associate

All staff will be appropriately monitored and supervised in accordance with PwC's internal policies and procedures, which comply with GAGAS. Staff assigned to this engagement will complete all required Continuing Professional Education (CPE) requirements within the timeframe stipulated under Generally Accepted Government Accounting Standards.

NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE

# Appendix A: Listing of Mount Sinai & Child Sites

Please see below the parent and associated child sites:

| 340B ID | 340B Status | Name | Sub Name | Address | City | State |
|---|---|---|---|---|---|---|
| DSH330024 | Active | THE MOUNT SINAI HOSPITAL | - | ONE GUSTAVE L. LEVY PLACE | NEW YORK | NY |
| DSH330024A | Active | THE MOUNT SINAI HOSPITAL | - | 25-10 30TH AVENUE | LONG ISLAND CITY | NY |
| DSH330024AA | Active | THE MOUNT SINAI HOSPITAL | Mount Sinai Hospital - Martin Luther King Jr HS | 122 Amsterdam Ave | New York | NY |
| DSH330024AB | Active | THE MOUNT SINAI HOSPITAL | Mount Sinai Hospital - Intermediate School 45 | 2351 First Avenue | New York | NY |
| DSH330024AC | Active | THE MOUNT SINAI HOSPITAL | MOUNT SINAI HOSPITAL (MSQ CRESCENT) - Gastroenterology | 3014 CRESCENT ST | ASTORIA | NY |
| DSH330024AD | Active | THE MOUNT SINAI HOSPITAL | MOUNT SINAI HOSPITAL (MSQ CRESCENT) - Liver | 3014 CRESCENT ST | ASTORIA | NY |
| DSH330024AE | Active | THE MOUNT SINAI HOSPITAL | MOUNT SINAI HOSPITAL (MSQ CRESCENT) - Physical Therapy | 3014 CRESCENT ST | ASTORIA | NY |
| DSH330024AF | Active | THE MOUNT SINAI HOSPITAL | MOUNT SINAI HOSPITAL (MSQ CRESCENT) - Hematology Oncology | 3014 CRESCENT ST | ASTORIA | NY |
| DSH330024AG | Active | THE MOUNT SINAI HOSPITAL | MOUNT SINAI HOSPITAL (MSQ CRESCENT) - Rheumatology | 3014 CRESCENT ST | ASTORIA | NY |

NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE

| 340B ID | 340B Status | Name | Sub Name | Address | City | State |
|---|---|---|---|---|---|---|
| DSH330024AH | Active | THE MOUNT SINAI HOSPITAL | MOUNT SINAI HOSPITAL (MSQ CRESCENT) - Endocrinology | 3014 CRESCENT ST | ASTORIA | NY |
| DSH330024AJ | Active | THE MOUNT SINAI HOSPITAL | Mount Sinai Staten Island Cancer | 1441 South Avenue | Staten Island | NY |
| DSH330024AK | Active | THE MOUNT SINAI HOSPITAL | (MSQ CRESCENT) - Cardiology | 3014 CRESCENT ST | ASTORIA | NY |
| DSH330024B | Active | THE MOUNT SINAI HOSPITAL | Primary Care Center | 31-60 21st street | Astoria | NY |
| DSH330024F | Active | THE MOUNT SINAI HOSPITAL | Manhattan Center for Math & Science | FDR Drive & E 116th Street | New York | NY |
| DSH330024G | Active | THE MOUNT SINAI HOSPITAL | PS 83 Mendoza School | 219 East 109th Street | New York | NY |
| DSH330024H | Active | THE MOUNT SINAI HOSPITAL | Julia Richman High School | 317 E. 67th Street | New York | NY |
| DSH330024J | Active | THE MOUNT SINAI HOSPITAL | PS 38 | 232 East 103rd Street | New York | NY |
| DSH330024K | Active | THE MOUNT SINAI HOSPITAL | JHS 117 (Alternative Education Complex) | 240 East 109th Street | New York | NY |
| DSH330024L | Active | THE MOUNT SINAI HOSPITAL | PS 108 | 1615 Madison Avenue | New York | NY |
| DSH330024M | Active | THE MOUNT SINAI HOSPITAL | Bayard Rustin Education Complex (BREC) | West 18th Street | New York | NY |
| DSH330024Q | Active | THE MOUNT SINAI HOSPITAL | Mount Sinai Comprehensive Heath Program - Downtown | 275 Seventh Avenue | New York | NY |
| DSH330024R | Active | THE MOUNT SINAI HOSPITAL | Psychiatric Out-Patient Clinic | 1160 Fifth Avenue | New York | NY |
| DSH330024S | Active | THE MOUNT SINAI HOSPITAL | Mt. Sinai Adolescent Health Center | 320 East 94th Street | New York | NY |

NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE

| 340B ID | 340B Status | Name | Sub Name | Address | City | State |
|---------|-------------|------|----------|---------|------|-------|
| DSH330024U | Active | THE MOUNT SINAI HOSPITAL | Mount Sinai Kidney Center | 520 East 117th Street | New York | NY |
| DSH330024V | Active | THE MOUNT SINAI HOSPITAL | JACKSON HEIGHTS EXTENSION CLINIC | 37-22 82nd Street | Jackson Heights | NY |
| DSH330024W | Active | THE MOUNT SINAI HOSPITAL | Mount Sinai Queens - Emergency Department | 25-10 30th Ave | Long Island City | NY |
| DSH330024X | Active | THE MOUNT SINAI HOSPITAL | Mount Sinai Queens - Ambulatory Surgery | 25-10 30th Ave | Long Island City | NY |
| DSH330024Y | Active | THE MOUNT SINAI HOSPITAL | Louis Brandeis HS - Louis Brandeis HS | 145 W 84th St | New York | NY |
| DSH330024Z | Active | THE MOUNT SINAI HOSPITAL | A. Philip Randolph HS - A. Philip Randolph HS | 443 W 135th St | New York | NY |

NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE

# Appendix B: Document Request List(s) and Instructions

AbbVie Inc. ("AbbVie") is requesting the following initial information in advance of a HRSA-approved independent audit of The Mount Sinai Hospital, inclusive of child sites ("Mount Sinai") in New York, NY and its contract pharmacies in order to determine Mount Sinai's compliance with Section 340B(a)(5)(A) and Section 340B(a)(5)(B) of the PHSA (collectively, the "340B Program"), with regard to the 340B Program prohibition against drug diversion during the period of January 1, 2024, through December 31, 2024 ("scope period"). In order to perform this audit, PwC requests the following documentation for the period of January 1, 2024, to December 31, 2024:

| ID | Document(s) | Description | File Type |
|---|---|---|---|
| 2. | 340B Program Integrity Efforts including External Audits performed | Detailed results of compliance testing performed by Mount Sinai related to 340B Program Integrity efforts, including:<br>• Internal 340B Audit Report(s) performed by Mount Sinai<br>• External 340B Audit Report(s) performed by external vendor regarding Mount Sinai's participation in the 340B program to satisfy HRSA's annual external 340B Audit expectation<br>• Corrective Action Plans/Remediation steps for 340B non-compliance identified (not limited to material breach) if applicable<br><br>*Please note a summary of audit scope, methodology, samples tested, findings and any corrective action plans (if applicable) would suffice* | Word Document or PDF |
| 3. | 340B Policies and Procedures Documentation<br><br>Provide all versions of the policy that were effective within the scope period | Policies and procedures related to, but not limited to, the following:<br>• 340B purchases, including purchases at ceiling and sub-ceiling prices<br>• Identifying 340B-eligible patients and Mount Sinai's 340B eligible patient definition<br>• System related procedures (i.e., purchasing systems, split-billing software)<br>• Determination of inpatient versus outpatient status (if applicable)<br>• Mechanisms to prevent 340B product diversion<br>• 340B Program Integrity efforts including oversight over 340B contract pharmacies<br>• Internal claim review software utilized by Mount Sinai for review and reprocessing of 340B claims | Word Document or PDF |
| 4. | Third Party Administrator (TPA) | Information, documentation, and contracts related to third party administrators that assist in the acquisition or dispense of 340B product on behalf of Mount Sinai | Word Document or PDF |

NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE

| ID | Document(s) | Description | File Type |
|----|-------------|-------------|-----------|
| | Documentation | outlining the methodology and process for 340B eligibility determination and inventory management.<br><br>*Please note any proprietary and confidential financial arrangements/information that is unrelated to the prevention of diversion can be redacted by Mount Sinai from Third-party administrator contracts* | |
| 5. | Claims Review Software Documentation | Information and documentation related to Mount Sinai's internal claims review software for review of all claims for reversal or reprocessing as 340B or non-340B claims outlining the methodology for 340B eligibility or ineligibility determination. | |
| 6. | Contract Pharmacy Agreements / Pharmacy Service Agreements | All contracts maintained by Mount Sinai with Contract Pharmacy(ies) for dispensing of AbbVie's in-scope products outlining the roles and responsibilities of Mount Sinai and its contract pharmacies to help maintain 340B Program Integrity.<br><br>*Please note any proprietary and confidential financial arrangement/information related to contract pharmacies that is unrelated to the prevention of diversion can be redacted by Mount Sinai.* | Word Document or PDF |
| 7. | Wholesaler Purchase Reports by NDC and Account Type | Mount Sinai purchasing for each in-scope AbbVie's 340B Drugs by NDC-11 and by account type (340B, WAC, GPO). Please include the following data elements:<br>• Invoice Number (if applicable)<br>• Wholesaler Name<br>• NDC-11<br>• Drug Description<br>• Quantity Purchased (in Packages)<br>• Account Name<br>• Account Type | Excel or Pipe De-limited Text files or CSV |
| 8. | Quantity Dispensed Reports by NDC | Number / quantity of 340B dispenses by NDC-11 to patients who have received 340B Drugs. | Excel or Pipe De-limited Text files or CSV |
| 9. | HCP Roster & Employment/Contractual Agreements | 1. Listing of all HCPs who are employees of Mount Sinai or have a contractual or other arrangement with Mount Sinai and dispense 340B drug(s) to Mount Sinai patients. Please include the following elements:<br>• HCP Name<br>• HCP NPI and/or other identifier (DEA number, etc.)<br>• HCP Title (M.D., Nurse Practitioner, Physician Assistant etc.) | 1. PDF or Excel<br><br>2. Word Document or PDF |

NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE

| ID | Document(s) | Description | File Type |
|---|---|---|---|
|  |  | <ul><li>HCP License(s) (New York medical license, etc.).</li><li>HCP Therapeutic Area/Specialty</li><li>HCP Employment status (Please indicate whether the HCP is a full-time employee and/or contracted or under another arrangement with Mount Sinai)</li><li>HCP Employment or Contract Arrangement Start Date</li><li>HCP Employment or Contract Arrangement End Date</li></ul><br>2. Copies of employment and/or other contractual arrangements with contracted HCPs detailing the following: definition of contractual parties, the services and level of care to be provided, frequency and volume of care provided to Mount Sinai patients, and the coordination of care between Mount Sinai and the HCP<br><br>3. Documentation of any referrals between Mount Sinai and any HCPs who prescribe 340B drugs.<br><br>4. For any telehealth encounters resulting in 340B prescriptions, documentation supporting the nature, frequency and duration of the medical services provided, documentation of any referrals from the patient's primary care physician to the telehealth provider and from the telehealth provider back to the patient's primary care physician, documentation showing the relationship between the telehealth provider and Mount Sinai, and documentation in the Mount Sinai EMR of any such telehealth encounters. |  |
| 10. | Third Party Administrator Claims Reports (include only 340B eligible claims) | Deidentified listing of all patients who received the relevant 340B Drug(s) for the scope period, including the following information for sampling purposes:<ul><li>Date the 340B Drug(s) was prescribed and date dispensed to the patient.</li><li>Prescription numbers (Rx Numbers).</li><li>Fill Numbers</li><li>Order Nos for 340B Purchases by NDC</li><li>Prescribing HCPs' NPI number.</li><li>NPI number and/or Medicaid Billing Numbers ("MBN") related to dispensing entity and/or Prescription Written Location</li><li>Purchase price of the drug(s) dispensed to the patient.</li></ul> | Excel or Pipe De-limited Text files or CSV |

| ID | Document(s) | Description | File Type |
|---|---|---|---|
| | | • Medical Record Number (MRN#) or Patient Identifier<br>• Dispensing Pharmacy Name<br>• Patient's Health Insurance (e.g., Medicaid, Medicare, private payor, self-pay, some combination, etc.) including corresponding Group, BIN and PCN | |
| 11. | Electronic Medical Record (EMR) Access | Access to Mount Sinai's EMR for selected claims sample to assess the following:<br>• Patient Encounter date and time<br>• Patient Status at time of drug dispense and/or prescription written<br>• Medical/Progress notes and Encounter Details including diagnosis (e.g., ICD-10 codes) and the procedures and services provided by HCPs<br>• Drug prescribed as a result of service provided during the encounter<br>• Patient Encounter Location<br>• Patient Location During Encounter<br>• Attending Physician/ HCP Oversight<br>• Length of encounter (particularly related to Telehealth encounters)<br>Additionally, in case of referrals, qualifying patients as 340B eligible, access to EMR to assess the following:<br>• Request for referral originating from Mount Sinai HCP to referral provider documented in the EMR<br>• Evidence of Care-Coordination and/or Communication (e.g. documentation in EMR medical progress notes, sharing of patient notes etc.)<br><br>*Please note the access to EMRs is being requested virtually by PwC during the course of audit fieldwork to assess if the elements of the 340B eligible patient definition are being met by Mount Sinai. This data does not need to be provided offline to PwC.* | Virtual Access during Audit fieldwork |
| 12. | Billing Records | For sampled transactions, billing records including all billing entity name or relevant billing identifier (e.g. NPI, MBNs etc.), relevant billing codes for the services provided to patients receiving the relevant 340B drugs in scope | Excel or Pipe De-limited Text files or CSV |

In addition to documentation requested above, PwC requests that the following information/resources be available during the virtual audit: (**Note:** specifics, *i.e.*, personnel to interview, and systems or processes to walk through, will be identified and discussed during the pre-audit call.)

NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE

| | **Information/Resources Requested:** |
|---|---|
| 1. | Provide overview of the Third-party system(s) used to order drugs, track drugs, and distribute drugs, adjudicate claims for 340B eligibility, document patient encounters, referrals etc. *e.g.*, EMR system, split billing systems, third party administrator systems, Mount Sinai's internal claim review software etc. utilized. |
| 2. | Provide overview of split-billing software system (separate GPO & 340B accounts, if applicable) including but not limited to parameters and controls used to maintain 340B compliance with product diversion, duplicate discounts as well as virtual/physical inventory replenishment process. |
| 3. | Personnel available or accessible to conduct interviews or process walkthroughs, including (but not limited to) the following (as applicable): <ul><li>340B Pharmacy Director.</li><li>Systems Owners (*e.g.,* owners for split-billing software, procurement systems, EMR systems, internal claim review software, and other applicable systems).</li><li>Individuals involved in invoicing, purchasing, dispensing, or billing of product(s), including interactions with contract pharmacies that purchase 340B products on Mount Sinai's behalf</li><li>Revenue Cycle Personnel</li><li>Roles Identified in 340B Enrollment<ul><li>Authorizing Official</li><li>Primary Contact</li></ul></li></ul> |

Please note that additional information may be requested based on PwC's review and analysis of the initial documentation/data provided and throughout the virtual/remote audit. All requested documentation/data that is available and able to be provided before the virtual/remote audit begins will expedite the audit process and potentially decrease the number of days required to be spent conducting the virtual/remote audit.

NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE

**Audit Plan**

**Communications between AbbVie and Mount Sinai**

- March 6, 2025
- April 11, 2025
- April 12, 2025
- April 15, 2025
- April 28, 2025
- May 21, 2025
- May 30, 2025
- June 9, 2025
- June 12, 2025
- June 24, 2025

**<u>March 6, 2025 correspondence between AbbVie and Mount Sinai</u>**

**Van Etten, Elizabeth**

| | |
|---|---|
| **From:** | Scheidler, Edward A |
| **Sent:** | Thursday, March 6, 2025 11:46 PM |
| **To:** | michael.pastier@mountsinai.org |
| **Cc:** | sam.wilhelmross@mountsinai.org; Scheidler, Edward A |
| **Subject:** | AbbVie Letter to The Mount Sinai Hospital |
| **Attachments:** | DSH330024_GFI_20250306 (002).pdf |

Hello Mr. Pastier,

Please see the attached letter.

Thank you,

Edward


**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228

abbvie
26525 Riverwoods Blvd.
ABV1-3SE
Mettawa, IL 60045
MOBILE   847-452-8228
EMAIL   EDWARD.SCHEIDLER@ABBVIE.COM

1



**By Email and FedEx**

March 6, 2025

The Mount Sinai Hospital (DSH330024)
Disproportionate Share Hospital
Michael Pastier
Senior Vice President, Chief Financial Officer
1 Gustave L. Levy Place
New York, NY 10029

Cc: Samuel Wilhelm-Ross, 340B Program Director

RE: Purchases of AbbVie Products by The Mount Sinai Hospital, inclusive of associated child sites (DSH330024) ("Mount Sinai")

Dear Mr. Pastier,

AbbVie Inc. ("AbbVie") values your business and appreciates your organization's use of our product portfolio in the treatment of your patients.  As a matter of routine oversight, AbbVie periodically reviews customer purchases of these products through the 340B Drug Pricing Program ("340B Program").  We continually try to work with our customers to ensure that these purchases comply with the applicable laws and regulations, and terms and provisions of the 340B Program, namely those prohibiting product diversion and duplicate discounts, and as questions or concerns arise, AbbVie seeks ways to address them in good faith with the Authorizing Official and Primary Contact listed in the 340B Office of Pharmacy Affairs Information System ("OPAIS").

As part of a recent review, we examined Mount Sinai's purchases of AbbVie outpatient covered drugs that received the 340B discount from October 1, 2021 through September 30, 2024 (the "Time Period").  Based on records obtained through chargeback data from wholesalers, Mount Sinai's purchasing activity during the Time Period was as follows:

| Total 340B Product Packages Purchased by Year | | | | |
|---|---|---|---|---|
| **Type** | **Q4 2021** | **2022** | **2023** | **Q1 - Q3  2024** |
| Contract Pharmacy | 2,992 | 15,672 | 4,166 | 123 |
| In-House Pharmacy | 590 | 4,613 | 10,978 | 20,342 |
| **Total Packages** | **3,582** | **20,285** | **15,144** | **20,465** |
| In-House Purchase % | 16% | 23% | 72% | 99% |

As illustrated in the chart above, AbbVie observed Mount Sinai's total purchasing through the 340B Program decreased by 25% in 2023 as compared to the prior year.  However, Mount Sinai's purchasing volume from January 1, 2024 through September 30, 2024 is 35% higher than the purchases made in the full calendar year of 2023.

| Total Number of Packages by Quarter by NDC-11 | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **NDC Description** | **NDC** | **2023 Q1** | **2023 Q2** | **2023 Q3** | **2023 Q4** | **Q1-Q4 2023 Total** | **2024 Q1** | **2024 Q2** | **2024 Q3** | **Q1-Q3 2024 Total** | **% Growth** |
| HUMIRA 40 MG/0.8 ML SYRINGE PS=2 | 00074-3799-02 | 43 | 30 | 49 | 43 | **165** | 121 | 70 | 94 | **285** | 42.1% |
| HUMIRA PEN 40 MG/0.8 ML PS=2 | 00074-4339-02 | 107 | 57 | 58 | 81 | **303** | 154 | 73 | 98 | **325** | 6.8% |
| HUMIRA(CF) 20 MG/0.2 ML SYRING PS=2 | 00074-0616-02 | 14 | 6 | 22 | 16 | **58** | 40 | 34 | 33 | **107** | 45.8% |
| HUMIRA(CF) 40 MG/0.4 ML SYRING PS=2 | 00074-0243-02 | 136 | 84 | 66 | 139 | **425** | 222 | 197 | 251 | **670** | 36.6% |
| HUMIRA(CF) PEN 40 MG/0.4 ML PS=2 | 00074-0554-02 | 2,377 | 1,399 | 958 | 1,162 | **5,896** | 1,800 | 2,060 | 2,405 | **6,265** | 5.9% |
| HUMIRA(CF) PEN 80 MG/0.8 ML PS=2 | 00074-0124-02 | 86 | 63 | 101 | 177 | **427** | 247 | 260 | 201 | **708** | 39.7% |
| HUMIRA(CF) PEN CRHN-UC-HS 80MG PS=3 | 00074-0124-03 | 35 | 17 | 19 | 17 | **88** | 43 | 26 | 30 | **99** | 11.1% |
| SKYRIZI 150 MG/ML PEN PS=1 | 00074-2100-01 | 163 | 112 | 120 | 216 | **611** | 391 | 330 | 404 | **1,125** | 45.7% |
| SKYRIZI 150 MG/ML SYRINGE PS=1 | 00074-1050-01 | 46 | 31 | 43 | 83 | **203** | 99 | 64 | 79 | **242** | 16.1% |
| SKYRIZI 360 MG/2.4 ML ON-BODY PS=2 | 00074-1070-01 | 87 | 81 | 126 | 271 | **565** | 445 | 518 | 603 | **1,566** | 63.9% |
| RINVOQ ER 15 MG TABLET PS=30 | 00074-2306-30 | 249 | 165 | 166 | 273 | **853** | 432 | 477 | 480 | **1,389** | 38.6% |
| RINVOQ ER 30 MG TABLET PS=30 | 00074-2310-30 | 226 | 163 | 211 | 379 | **979** | 564 | 635 | 685 | **1,884** | 48.0% |
| RINVOQ ER 45 MG TABLET PS=28 | 00074-1043-28 | 74 | 84 | 124 | 211 | **493** | 269 | 253 | 248 | **770** | 36.0% |

abbvie

Furthermore, AbbVie has observed an unusual and atypical increase in Mount Sinai's 340B purchases of certain NDC-11s related to three brands, Humira, Rinvoq, and Skyrizi ("Immunology Products"). As illustrated in the chart above, Mount Sinai's 340B purchases of Immunology Products have increased significantly during the first 3 quarters of 2024 as compared to the entirety of 2023.

The chart below shows Mount Sinai's purchase volume from Q4 2021 through Q3 2024. At the end of 2021, Mount Sinai was using multiple in-house pharmacies, in addition to contract pharmacies, to purchase and dispense AbbVie medications. This is illustrated by the variety of colors, each representing an individual pharmacy. In April 2023, AbbVie implemented changes to its 340B Integrity Initiative. Since that time, Mount Sinai's purchasing has been condensed to less pharmacies, resulting in less colors being represented. Initially, purchased volumes decreased, but in 2024 purchase volumes increased significantly and are consistently above prior volumes.



**Mount Sinai Monthly Purchase Volume by Pharmacy (October 1, 2021 – September 30, 2024)**

AbbVie also has reviewed the encrypted voluntary claims data submitted by Mount Sinai to the 340B ESP™ platform from February 1, 2022 to April 23, 2023. AbbVie's review observed that there were a high number of instances where Mount Sinai submitted a chargeback request on a dispense that was *also* claimed by another covered entity – sometimes *two* other covered entities.

| Number of Chargebacks Requested by 2 or More CEs | | | |
|---|---|---|---|
| **Product** | **Two CEs** | **Three CEs** | **Total** |
| Humira | 2,714 | 2,480 | 5,194 |
| Rinvoq | 1,522 | 720 | 2,242 |
| Skyrizi | 88 | 38 | 126 |
| Total | 4,324 | 3,238 | 7,562 |

The majority of these duplicate dispense claims were requested by other 340B covered entities under Mount Sinai Health System (MSHS), Mount Sinai Beth Israel (DSH330169) and Mount Sinai West (DSH330046), as indicated in the table below.

| Duplicate Chargeback Requests by Other DSHS CEs | | | |
|---|---|---|---|
| **Product** | **DSH330169** | **DSH330046** | **Total** |
| Humira | 3,543 | 1,411 | 4,954 |
| Rinvoq | 1,544 | 688 | 2,232 |
| Skyrizi | 98 | 27 | 125 |
| Total | 5,185 | 2,126 | 7311 |

Given the significant growth trends that we have observed in Mount Sinai's 340B purchasing, as well as the duplicate

2

abbvie

claims as noted, AbbVie wishes to understand the following related to Mount Sinai's compliance with 340B program integrity requirements prohibiting diversion and duplicate discounting:

1. **Background**
   a) Please provide or describe the policies and procedures used by Mount Sinai to govern the 340B Program.
   b) Do you have auditable records of your 340B practices?
       i. If so, what do they cover?
       ii. How do you ensure you maintain your auditable records over time?

2. **340B Purchasing Trends**
   a) Do Mount Sinai's 340B purchase records for each AbbVie product align with the data provided above? If not, what figures do your records reflect for each product?
   b) Please explain the reasons why there has been an increase in Mount Sinai's 340B sales of AbbVie products during the Time Period.
       i. Please address the increases in purchasing volumes of each NDC-11 listed in the table at the bottom of page 1 of this letter in 2024 as compared to 2023.

3. **Diversion**
   a) Please describe Mount Sinai's definition of a 340B-eligible "patient".
   b) Please share how Mount Sinai's definition of a 340B-eligible "patient" has changed over time, if applicable, specifically highlighting all changes made over the past three years? Please indicate the relevant time-period for each iteration of the definition.
   c) In determining 340B "patient" eligibility, does your "patient" definition require that an individual receive a healthcare service at an eligible site registered on OPAIS within a particular time period?
       i. If so, what is that time period?
       ii. Has that time period changed during the past three years? If so, please explain how it has changed.
   d) What type of healthcare service qualifies an individual as a "patient" of Mount Sinai for the purposes of 340B qualification?
       i. Is an in-person encounter required? Does a telehealth encounter alone suffice?
       ii. Does Mount Sinai require that in-person and/or telehealth encounters take place with a certain frequency? Please describe Mount Sinai's requirements with respect to the frequency and cadence of patient visits and type and level of service of encounter.
       iii. What documentation is required to memorialize each encounter? Are encounters documented within Mount Sinai's electronic medical record (EMR) required? Is a patient message listed within the EMR considered a documented and eligible encounter? Does Mount Sinai have access to EMRs and patients' medical records of other covered entities? If so, please provide the 340B IDs.
   e) Does Mount Sinai require that a healthcare service occur in-person at the eligible site within a certain time period in order to be considered 340B-eligible? If so, what is the time period?
   f) Does Mount Sinai require that a healthcare service be related to the drug ordered and/or subsequently prescribed in order to be considered 340B-eligible? If so, please describe Mount Sinai's requirement.
   g) How long after an individual's last healthcare service encounter will they no longer be considered a 340B-eligible patient of Mount Sinai?
   h) Are there any exceptions to Mount Sinai's standard 340B patient eligibility qualification process? If yes, please describe each exception category. For example, but not limited to:
       i. Are there any locations or service areas where individuals are "green lit" for 340B patient eligibility?
       ii. Is there a manual qualification process for 340B patient eligibility (e.g., referrals)?

3

abbvie

      iii.     Are there any 340B purchases associated with NDCs listed in the table at the bottom of page 1 of this letter that correlate to an "exception" to your standard 340B patient eligibility determination process and were manually qualified?

i)   What are the processes used by Mount Sinai to ensure that covered outpatient drugs purchased through the 340B Program are administered only to eligible patients thus preventing diversion?

j)   Does Mount Sinai capture 340B prescriptions for "referral" providers?  If so, is the referral provider required to send follow-up documentation summarizing patient care back to Mount Sinai?  What documentation is required?

k)   When does Mount Sinai consider a patient referred to Mount Sinai by an unaffiliated provider to be a 340B-eligible patient?  What percentage of Mount Sinai's 340B-eligible patients are referred by an unaffiliated provider?

l)   Which third party administrator(s) and split-billing software(s) has Mount Sinai used during the Time Period?  Please provide an overview of the controls used by the software to appropriately classify and virtually accumulate 340B eligible transactions.

m)  Does Mount Sinai use any other type of third-party vendors to facilitate the 340B Program (e.g. referral, alternative funding, etc.)?  If so, which vendors are used and for what purpose?  What software do they use?

n)   What mechanism(s) does Mount Sinai have in place to ensure that 340B eligibility for a single dispense is not also claimed by other covered entities?

o)   Please provide the criteria used by Mount Sinai to determine a 340B-eligible provider, as defined in your 340B policies and procedures.  Please describe how the criteria have changed, if at all, during the past three years.

p)   Please describe how Mount Sinai's list of providers is maintained and reviewed for compliance. How does Mount Sinai determine which providers at each of Mount Sinai's 340B registered sites are eligible to submit prescriptions and the locations from which prescriptions may be initiated.

## 4. Inventory Control

a)   Please explain the inventory model (e.g., virtual or physical) utilized by Mount Sinai during the Time Period for 340B purchases of self-administered and/or provider-administered medications.

      i.     If virtual, are products accumulated at the 9-digit or 11-digit NDC level?

b)   Are the 340B eligible dispenses being replenished at the 11-digit NDC level?

c)   What is the 340B vs. WAC purchase ratio of each 11-digit NDC associated with the Humira, Rinvoq, and Skyrizi brand for the Time Period?

d)   Does Mount Sinai operate an in-house retail pharmacy (i.e., An "in-house outpatient pharmacy" is any type of pharmacy–including but not limited to specialty pharmacy, retail pharmacy, or central fill pharmacy, that (i) is 100% owned by your covered entity, (ii) is appropriately licensed or authorized by the applicable state, (iii) is capable of dispensing covered outpatient drugs; and (iv) is not listed as a contract pharmacy for your covered entity on OPAIS.)? Please provide the rationale for your designation of an in-house retail pharmacy.

e)   Does Mount Sinai rely on a central fill pharmacy for multiple locations?  If so, explain the controls for maintaining and tracking patient eligibility within your central fill pharmacy.  Is the location of the central fill pharmacy at 1468 Madison Avenue, Annenberg MCLV, New York, NY?  Are multiple Mount Sinai Hospital System covered entity sites serviced by the central fill pharmacy? If so, please provide the corresponding 340B IDs.

f)   Does Mount Sinai utilize an Alternative Distribution Model (ADM)?

g)   If a provider practices at two covered entities – one of which is a 340B eligible site and one of which is not – how does Mount Sinai differentiate between prescriptions written at one location versus the other when determining 340B eligibility?

h)   If a provider practices at two covered entities – both of which are 340B eligible – how does Mount Sinai differentiate between prescriptions written at one location versus the other when determining 340B eligibility?

i)   How does Mount Sinai ensure AbbVie 340B purchased products are dispensed only within its in-house

abbvie

pharmacies and not by an external third-party or wholly owned contract pharmacy?

j)   How did Mount Sinai ensure the accuracy of the claims data that was submitted to AbbVie through 340B ESP™ prior to April 17, 2023?

We kindly request a written response to our inquiries within 30 days of the date of this letter.  Please send your response by email to edward.scheidler@abbvie.com.  If you have any questions, please do not hesitate to contact me.

Thank you for your time and cooperation.

Sincerely,

*Electronically signed by:*
*Edward Scheidler*
*Reason: Approver*
*Date: 06-Mar-2025 13:14 CST*

Edward Scheidler
Senior Director

**April 11, 2025 correspondence between AbbVie and Mount Sinai**

## Van Etten, Elizabeth

| | |
|---|---|
| **From:** | Scheidler, Edward A |
| **Sent:** | Friday, April 11, 2025 8:30 PM |
| **To:** | Sally.Strauss@mountsinai.org |
| **Cc:** | Scheidler, Edward A; Wilhelm-Ross, Samuel; xin.lin@mountsinai.org; Schmidt, Vanessa |
| **Subject:** | AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting |

Dear Ms. Strauss,

Thank you for taking the time to speak with us on April 4 concerning AbbVie's questions about Mt. Sinai's compliance with 340B program integrity requirements.  We are writing to follow-up on some questions that we had coming out of our call, with the hope that your responses could further our good faith discussions.  First, we understand from our call that Mt. Sinai is not willing to produce its patient definition policy.  We believe that production of this document would be helpful to our discussions, and we reiterate our request.  Please let us know if Mt. Sinai will reconsider its position.  Second, to help streamline our discussions further, we request that Mt. Sinai produce written responses to the below questions relating to its compliance with the diversion and duplicate discounting prohibitions of the 340B statute:

- What record-keeping requirements does Mt. Sinai apply to memorialize referrals to 340B eligible facilities to support patient eligibility?
- What time horizon does Mt. Sinai apply between an encounter with Mt. Sinai and the dispensing of a 340B eligible prescription?
- Would Mt. Sinai consider to be 340B eligible a prescription that was written at one of its 340B eligible facilities that relates to a diagnosis made by a provider affiliated with a non-340B eligible facility?  If so, please explain your policy in this regard.
- Conversely, would Mt. Sinai consider drug administered at one of its 340B eligible facilities to be 340B eligible if the prescription were written by a provider affiliated with a non-340B eligible entity?  If so, please explain your policy in this regard.
- When a provider is affiliated both with Mt. Sinai and with a non-340B eligible entity, how does Mt. Sinai determine whether prescriptions written by that provider are 340B eligible?
- What is Mt. Sinai's record-keeping requirement to establish that a provider is sufficiently affiliated with Mt. Sinai to conclude that individuals who are diagnosed and treated by that provider, and who receive prescriptions prescribed by that provider, are 340B eligible patients?
- What documentation does Mt. Sinai require between the hospital and the provider to substantiate that a medical encounter with that provider is sufficient to establish a patient relationship for purposes of 340B eligibility?  Mt. Sinai stated in the April 4th call that an encounter needed to be in person to establish 340B eligibility. Can you please confirm that this statement is accurate?  If not, please explain the circumstances in which a virtual encounter would be considered sufficient to establish 340B eligibility at Mt. Sinai.
- Does Mt. Sinai use a central fill pharmacy location for both 340B covered entities and non-340B facilities?  If so, please explain how 340B orders are placed and dispensed through that central fill pharmacy process and how 340B eligibility of orders is identified, established, and tracked.
- Please explain Mt. Sinai's controls for differentiating in-patient and outpatient prescriptions.
- Please explain Mt. Sinai's controls to mitigate duplicate discounting with state Medicaid programs, including with managed Medicaid.
- During our April 4 call, you mentioned that duplication of chargeback requests for the same dispense may have occurred due to issues you have experienced with BRG's ESP platform.  Please describe those issues in more detail.

We appreciate your attention to these questions, the answers to which will be very helpful to our good faith discussion process and our evaluation of whether the observed spikes in utilization of AbbVie products are attributable to compliance issues or instead are the result of marketing or other ordinary business practices, as you suggested during our call.  To help facilitate our review, we would appreciate the courtesy of your reply by April 18, 2025.  Thank you again for working with us on these matters.

Thank you,
Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228



26525 Riverwoods Blvd.
ABV1-3SE
Mettawa,  IL 60045
**MOBILE**   847-452-8228
**EMAIL**   EDWARD.SCHEIDLER@ABBVIE.COM

**<u>April 12, 2025 correspondence between AbbVie and Mount Sinai</u>**

**Van Etten, Elizabeth**

---

**From:**                    elizabeth.vanetten@abbvie.com

---

**From:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Sent:** Saturday, April 12, 2025 10:43 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Cc:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Dear Mr. Scheidler,

As  noted in my email last night and as we stated on our April 4th call,, we will be getting back to you with a written summary of our discussion on the call with regards to the questions raised in your original letter.  However, I wanted to clarify one important misunderstanding from you Friday evening email below regarding Mount Sinai's definition of an "eligible patient" for purposes of 340b.  I thought we were very clear on our call, but I am confirming this in writing; Mount Sinai follows the HRSA  patient definition for "eligible patient."   In fact we incorporated the HRSA definition verbatim into our  policy.  There are no qualifications or deviations whatsoever.  Accordingly, I believe we have answered your question below.  Again, Mount Sinai's definition of "eligible patient" is identical to HRSA's.

We had thought our conversation on April 4th was productive and in good faith and will be responding to you in writing this week in that same spirit.

Regards,

Sally Strauss
Sr. Associate General Counsel and Sr. Vice President
The Mount Sinai Health System

---

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Friday, April 11, 2025 8:30 PM
**To:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>
**Subject:** AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

<mark>USE CAUTION: External Message.</mark>

Dear Ms. Strauss,

Thank you for taking the time to speak with us on April 4 concerning AbbVie's questions about Mt. Sinai's compliance with 340B program integrity requirements.  We are writing to follow-up on some questions that we had coming out of our call, with the hope that your responses could further our good faith discussions.  First, we understand from our call that Mt. Sinai is not willing to produce its patient definition policy.  We believe that production of this document would be helpful to our discussions, and we reiterate our request.  Please let us know if Mt. Sinai will reconsider its position.  Second, to help streamline our discussions further, we request that Mt. Sinai produce written responses to the below questions relating to its compliance with the diversion and duplicate discounting prohibitions of the 340B statute:

- What record-keeping requirements does Mt. Sinai apply to memorialize referrals to 340B eligible facilities to support patient eligibility?
- What time horizon does Mt. Sinai apply between an encounter with Mt. Sinai and the dispensing of a 340B eligible prescription?
- Would Mt. Sinai consider to be 340B eligible a prescription that was written at one of its 340B eligible facilities that relates to a diagnosis made by a provider affiliated with a non-340B eligible facility?  If so, please explain your policy in this regard.
- Conversely, would Mt. Sinai consider drug administered at one of its 340B eligible facilities to be 340B eligible if the prescription were written by a provider affiliated with a non-340B eligible entity?  If so, please explain your policy in this regard.
- When a provider is affiliated both with Mt. Sinai and with a non-340B eligible entity, how does Mt. Sinai determine whether prescriptions written by that provider are 340B eligible?
- What is Mt. Sinai's record-keeping requirement to establish that a provider is sufficiently affiliated with Mt. Sinai to conclude that individuals who are diagnosed and treated by that provider, and who receive prescriptions prescribed by that provider, are 340B eligible patients?
- What documentation does Mt. Sinai require between the hospital and the provider to substantiate that a medical encounter with that provider is sufficient to establish a patient relationship for purposes of 340B eligibility?  Mt. Sinai stated in the April 4th call that an encounter needed to be in person to establish 340B eligibility. Can you please confirm that this statement is accurate?  If not, please explain the circumstances in which a virtual encounter would be considered sufficient to establish 340B eligibility at Mt. Sinai.
- Does Mt. Sinai use a central fill pharmacy location for both 340B covered entities and non-340B facilities?  If so, please explain how 340B orders are placed and dispensed through that central fill pharmacy process and how 340B eligibility of orders is identified, established, and tracked.
- Please explain Mt. Sinai's controls for differentiating in-patient and outpatient prescriptions.
- Please explain Mt. Sinai's controls to mitigate duplicate discounting with state Medicaid programs, including with managed Medicaid.
- During our April 4 call, you mentioned that duplication of chargeback requests for the same dispense may have occurred due to issues you have experienced with BRG's ESP platform.  Please describe those issues in more detail.

We appreciate your attention to these questions, the answers to which will be very helpful to our good faith discussion process and our evaluation of whether the observed spikes in utilization of AbbVie products are attributable to compliance issues or instead are the result of marketing or other ordinary business practices, as you suggested during our call.  To help facilitate our review, we would appreciate the courtesy of your reply by April 18, 2025.  Thank you again for working with us on these matters.

Thank you,
Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228

abbvie
26525 Riverwoods Blvd.
ABV1-3SE
Mettawa, IL 60045
MOBILE   847-452-8228
EMAIL   EDWARD.SCHEIDLER@ABBVIE.COM

2

**April 15, 2025 correspondence between AbbVie and Mount Sinai**

## Van Etten, Elizabeth

| | |
|---|---|
| **From:** | elizabeth.vanetten@abbvie.com |
| **Attachments:** | Mount Sinai Response Abbvie 4.15.25.docx; RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting |

**From:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Sent:** Tuesday, April 15, 2025 9:38 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Pastier, Michael <Michael.Pastier@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Dear Mr. Scheidler,
As promised attached is the letter memorializing our conversation on April 4th. I'm also resending the email my colleague Sally Straus sent you on Saturday April 12. Thank you.

Regards,


**Sam Wilhelm-Ross**
Senior Director, 340B Program
Mount Sinai Health System



Mobile- 804-370-2910
Email- samuel.wilhelm-ross@mountsinai.org


**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Tuesday, April 15, 2025 9:42 AM
**To:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Hi Sally,

Thank you for confirming the Saturday email. I did receive it. I will look for your responses today or tomorrow then, as you noted below.

Respectfully,

1

Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228



abbvie
26525 Riverwoods Blvd.
ABV1-3SE
Mettawa, IL 60045
MOBILE   847-452-8228
EMAIL   EDWARD.SCHEIDLER@ABBVIE.COM

---

**From:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Sent:** Tuesday, April 15, 2025 8:30 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Cc:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Just wanted to make sure you also saw my follow up email sent on Saturday.

We should be sending a written response to your original letter today or tomorrow.

Sally

**Sally Strauss**
Senior Vice President & Senior Associate General Counsel
Legal Department
Mount Sinai Health System
150 East 42nd Street, Suite 2-B.17
New York, NY 10017
Tel:  212-659-8105 I Fax: 212-348-2230 I
**Email:  sally.strauss@mountsinai.org**

---

**From:** Strauss, Sally
**Sent:** Saturday, April 12, 2025 11:43 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Cc:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Dear Mr. Scheidler,

2

As noted in my email last night and as we stated on our April 4th call,, we will be getting back to you with a written summary of our discussion on the call with regards to the questions raised in your original letter. However, I wanted to clarify one important misunderstanding from you Friday evening email below regarding Mount Sinai's definition of an "eligible patient" for purposes of 340b. I thought we were very clear on our call, but I am confirming this in writing; Mount Sinai follows the HRSA patient definition for "eligible patient." In fact we incorporated the HRSA definition verbatim into our policy. There are no qualifications or deviations whatsoever. Accordingly, I believe we have answered your question below. Again, Mount Sinai's definition of "eligible patient" is identical to HRSA's.

We had thought our conversation on April 4th was productive and in good faith and will be responding to you in writing this week in that same spirit.

Regards,

Sally Strauss
Sr. Associate General Counsel and Sr. Vice President
The Mount Sinai Health System

---

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Friday, April 11, 2025 8:30 PM
**To:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>
**Subject:** AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

USE CAUTION: External Message.

Dear Ms. Strauss,

Thank you for taking the time to speak with us on April 4 concerning AbbVie's questions about Mt. Sinai's compliance with 340B program integrity requirements. We are writing to follow-up on some questions that we had coming out of our call, with the hope that your responses could further our good faith discussions. First, we understand from our call that Mt. Sinai is not willing to produce its patient definition policy. We believe that production of this document would be helpful to our discussions, and we reiterate our request. Please let us know if Mt. Sinai will reconsider its position. Second, to help streamline our discussions further, we request that Mt. Sinai produce written responses to the below questions relating to its compliance with the diversion and duplicate discounting prohibitions of the 340B statute:

- What record-keeping requirements does Mt. Sinai apply to memorialize referrals to 340B eligible facilities to support patient eligibility?
- What time horizon does Mt. Sinai apply between an encounter with Mt. Sinai and the dispensing of a 340B eligible prescription?
- Would Mt. Sinai consider to be 340B eligible a prescription that was written at one of its 340B eligible facilities that relates to a diagnosis made by a provider affiliated with a non-340B eligible facility? If so, please explain your policy in this regard.
- Conversely, would Mt. Sinai consider drug administered at one of its 340B eligible facilities to be 340B eligible if the prescription were written by a provider affiliated with a non-340B eligible entity? If so, please explain your policy in this regard.
- When a provider is affiliated both with Mt. Sinai and with a non-340B eligible entity, how does Mt. Sinai determine whether prescriptions written by that provider are 340B eligible?
- What is Mt. Sinai's record-keeping requirement to establish that a provider is sufficiently affiliated with Mt. Sinai to conclude that individuals who are diagnosed and treated by that provider, and who receive prescriptions prescribed by that provider, are 340B eligible patients?

3

- What documentation does Mt. Sinai require between the hospital and the provider to substantiate that a medical encounter with that provider is sufficient to establish a patient relationship for purposes of 340B eligibility?  Mt. Sinai stated in the April 4th call that an encounter needed to be in person to establish 340B eligibility. Can you please confirm that this statement is accurate?  If not, please explain the circumstances in which a virtual encounter would be considered sufficient to establish 340B eligibility at Mt. Sinai.
- Does Mt. Sinai use a central fill pharmacy location for both 340B covered entities and non-340B facilities?  If so, please explain how 340B orders are placed and dispensed through that central fill pharmacy process and how 340B eligibility of orders is identified, established, and tracked.
- Please explain Mt. Sinai's controls for differentiating in-patient and outpatient prescriptions.
- Please explain Mt. Sinai's controls to mitigate duplicate discounting with state Medicaid programs, including with managed Medicaid.
- During our April 4 call, you mentioned that duplication of chargeback requests for the same dispense may have occurred due to issues you have experienced with BRG's ESP platform.  Please describe those issues in more detail.

We appreciate your attention to these questions, the answers to which will be very helpful to our good faith discussion process and our evaluation of whether the observed spikes in utilization of AbbVie products are attributable to compliance issues or instead are the result of marketing or other ordinary business practices, as you suggested during our call.  To help facilitate our review, we would appreciate the courtesy of your reply by April 18, 2025.  Thank you again for working with us on these matters.

Thank you,
Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228

abbvie
26525 Riverwoods Blvd.
ABV1-3SE
Mettawa, IL 60045
**MOBILE**   847-452-8228
**EMAIL**   EDWARD.SCHEIDLER@ABBVIE.COM



## Mount Sinai

The Mount Sinai Hospital
150 E 42nd St
New York, NY 10017
samuel.wilhelm-ross@mountsinai.org

April 15, 2025

RE: Purchases of AbbVie Products by The Mount Sinai Hospital, inclusive of associated child sites (DSH330024) ("Mount Sinai")

Dear Mr. Scheidler,

We appreciate the partnership and the productive good faith discussions we had on the above matter on our 4/4/2025 zoom call.  Together, we scheduled this call in response to your March 6, 2025 letter for the purpose of addressing the two main questions posed in that letter, namely, the reasons for the increased purchases of outpatient covered drugs in 2024 and the alleged duplicate discount claims from the 340B covered entities within the Mount Sinai Health System ("Mount Sinai").  As we noted on the call, we agreed to send a written response within two weeks to memorialize the explanations we provided on our call.

As we explained on the call, the main driver for the increase in purchases last year has been the growth of our specialty pharmacy. We have seen steady growth of our specialty pharmacy across the health system over the past several years as we have expanded both our physical capacity and secured additional access to payor networks. Once we expanded capacity and payor access, we focused on educating our Mount Sinai employed physicians about the excellence of the new specialty pharmacy program.   As we discussed on the phone, unlike a generic specialty pharmacy, the Mount Sinai specialty pharmacy provides our employed physicians and our patients with a high quality service with ready access to Mount Sinai's own employed and trained pharmacists who in turn communicate directly with the physicians.  Moreover, the patients' orders are integrated into and part of the respective patients' hospital medical records enabling both the pharmacists and the physicians to review the entirety of the patients' medical record to better assess the interactions of all the patient's medications and health needs.  Indeed, this integration of the pharmacy services into the patient's overall medical care within Mount Sinai was one of the main purposes behind the establishment of the specialty pharmacy.  Given this high quality, integrated service focused on optimizing patient care, it is no surprise that many if not all of the Mount Sinai physicians have sought to transition the hospital patients to our specialty pharmacy.  We also noted on our call that Mount Sinai maintains one of the largest and best known gastro and dermatology departments in the country.  Presumably, AbbVie has sought to market its excellent products to Mount Sinai's world-renowned clinicians and the company's marketing initiatives has apparently been successful as well.  Accordingly both Mount Sinai's specialty pharmacy initiative and Abbvie's marketing initiatives explain the growth of the program at Mount Sinai.

You also raised questions about claims that were initiated by a Mount Sinai clinician from one location and then changed to another location.  We explained that this would never result in duplicate dispense claims, since the Order was issued by a single Mount Sinai physician who happen to practice at more than one location within the Mount Sinai system.  But, they are submitting a single order to the patient and that claim is only paid once.  Your records presumably confirm that the claim was only paid once (you never suggested otherwise nor did you provide any data that the claim was paid more than once).  Thus, we explained that any errors in your data regarding the correct location emanated from the deficiencies with the external ESP program that Abbvie required us to use, not the Mount Sinai system.

More specifically, as we discussed, Mount Sinai maintains its own process for reviewing and reprocessing 340B claims. Mount Sinai reviews all claims (both 340B eligible and ineligible) through



its own software after the TPA determines 340B eligibility. As a result of this review, claims are submitted on a weekly basis to the TPA to be reversed and reprocessed as 340B or non-340B after they are initially processed.  All of these claims and subsequent reversals are (or in AbbVie's case) had been submitted to ESP (while AbbVie's policy still allowed/applied to Mount Sinai). ESP's process for removing duplicates and correctly applying reversals to initial submissions is beyond our knowledge and control, but apparently it was inadequate. We are only able to validate that the data we are submitting to ESP is accurate.  In fact, we and we were surprised to learn that ESP's system would even allow an identical dispense to be claimed by multiple covered entities. This is not possible in our TPA.

To illustrate how we audit for claims to meet our patient definition and why we may need to reverse and reprocess a claim as described above, we gave the example of a Mount Sinai provider who may receive a refill request while physically located at a different covered entity (Hospital A) from where they saw the patient for whom the prescription is being written (Hospital B). Our EMR will assign the location of the Rx to the location the physician is physically logged in to at the time (Hospital A) even though they actually saw the patient at a different covered entity (Hospital B).  It is only after we run this claim through our own internal software that we know the claim should indeed qualify under Hospital B, not Hospital A because that was where the patient was actually seen. Our system corrects the location, but does NOT generate a second claim.  Nor would such a claim be paid.

We believe that the above reflects our telephone conversation and addresses the two issues raised in your March 6 "good faith inquiry" letter regarding increased purchases and duplicate discounts.  We further maintain that we have appropriately engaged with this "good faith" inquiry and provided the relevant responsive information both on our call and in this letter. As we noted on our call, we maintain that the additional detailed questions in your letter far exceed a "good faith" inquiry.

Mount Sinai prides itself on the integrity of its 340B program and has devoted substantial resources to ensure compliance with all the various regulatory requirements.  We look forward to working with AbbVie as we continue to grow our own specialty pharmacy footprint to serve our communities consistent with the goals and requirements of the 340B program. We have also included examples of how we are using our 340B savings to that same end.  Please let us know if there's anything else we can provide to resolve this matter.

MSHS_340B_Progra
m_Profile_Communit

Kind regards,

Sam Wilhelm-Ross
Senior Director, 340B
Mount Sinai Health System

CC: Michael Pastier, Senior Vice President & Chief Financial Officer
    Sally Strauss, Senior Vice President & Senior Associate General Counsel
    Susan Mashni, Senior Vice President & Chief Pharmacy Officer

**April 28, 2025 correspondence between AbbVie and Mount Sinai**

## Van Etten, Elizabeth

| | |
|---|---|
| **From:** | Scheidler, Edward A |
| **Sent:** | Monday, April 28, 2025 11:45 PM |
| **To:** | Wilhelm-Ross, Samuel; Strauss, Sally |
| **Cc:** | Lin, Xin; Schmidt, Vanessa; Mashni, Susan; Scheidler, Edward A |
| **Subject:** | RE: AbbVie/ The Mount Sinai Hospital Follow-up |
| **Attachments:** | AbbVie response to Mt Sinai 4.15 letter_20250428.pdf |

Hello Sam,

Please see the attached letter.

Thank you,

Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228



26525 Riverwoods Blvd.
ABV1-3SE
Mettawa, IL 60045
**MOBILE** 847-452-8228
**EMAIL** EDWARD.SCHEIDLER@ABBVIE.COM

**From:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Sent:** Tuesday, April 22, 2025 10:15 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

No problem. Thanks for confirming.

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Tuesday, April 22, 2025 11:05 AM
**To:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Sam,

Confirming receipt.  The error is clearly on my end.  Thank you for sending the reply on 4/15, as you and Sally committed to do.

Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228



26525 Riverwoods Blvd.
ABV1-3SE
Mettawa, IL 60045
MOBILE   847-452-8228
EMAIL   EDWARD.SCHEIDLER@ABBVIE.COM

---

**From:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Sent:** Tuesday, April 22, 2025 7:39 AM
**To:** Strauss, Sally <Sally.Strauss@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Good Morning all,
Resending our response from 4/15 with the letter enclosed. Please confirm receipt.
Thanks,
Sam

**Sam Wilhelm-Ross**
Senior Director, 340B Program
Mount Sinai Health System



Mobile- 804-370-2910
Email- samuel.wilhelm-ross@mountsinai.org

---

**From:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Sent:** Tuesday, April 22, 2025 5:25 AM
**To:** Edward A Scheidler <edward.scheidler@abbvie.com>
**Cc:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Vanessa Schmidt <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Edward A Scheidler <edward.scheidler@abbvie.com>
**Subject:** Re: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

In fact my records show that the email with our letter was sent on 4/15.  For some reason the letter won't forward from my iPad, but we will resend this morning and also mail you the letter.  Please check your email to confirm that you never received anything from Samuel Wilhelm-Ross.
Sent from my iPad

On Apr 21, 2025, at 10:48 PM, Scheidler, Edward A <edward.scheidler@abbvie.com> wrote:


Hi Sally,

We expected a response to our letter by 4/18, but we have not heard from you. Please respond by 5pm CT tomorrow,4/22, or we will proceed accordingly.


Thank you,

Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228

<image003.png>

---

**From:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Sent:** Tuesday, April 15, 2025 8:30 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Cc:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Just wanted to make sure you also saw my follow up email sent on Saturday.

We should be sending a written response to your original letter today or tomorrow.

Sally


**<image004.jpg>**

**Sally Strauss**
Senior Vice President & Senior Associate General Counsel
Legal Department
Mount Sinai Health System
150 East 42nd Street, Suite 2-B.17
New York, NY 10017
Tel:  212-659-8105 I Fax: 212-348-2230 I
**Email:  sally.strauss@mountsinai.org**


---

**From:** Strauss, Sally
**Sent:** Saturday, April 12, 2025 11:43 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Cc:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Dear Mr. Scheidler,

As noted in my email last night and as we stated on our April 4th call,, we will be getting back to you with a written summary of our discussion on the call with regards to the questions raised in your original letter. However, I wanted to clarify one important misunderstanding from you Friday evening email below regarding Mount Sinai's definition of an "eligible patient" for purposes of 340b. I thought we were very clear on our call, but I am confirming this in writing; Mount Sinai follows the HRSA patient definition for "eligible patient." In fact we incorporated the HRSA definition verbatim into our policy. There are no qualifications or deviations whatsoever. Accordingly, I believe we have answered your question below. Again, Mount Sinai's definition of "eligible patient" is identical to HRSA's.

We had thought our conversation on April 4th was productive and in good faith and will be responding to you in writing this week in that same spirit.

Regards,

Sally Strauss
Sr. Associate General Counsel and Sr. Vice President
The Mount Sinai Health System

---

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Friday, April 11, 2025 8:30 PM
**To:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>
**Subject:** AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

USE CAUTION: External Message.

Dear Ms. Strauss,

Thank you for taking the time to speak with us on April 4 concerning AbbVie's questions about Mt. Sinai's compliance with 340B program integrity requirements. We are writing to follow-up on some questions that we had coming out of our call, with the hope that your responses could further our good faith discussions. First, we understand from our call that Mt. Sinai is not willing to produce its patient definition policy. We believe that production of this document would be helpful to our discussions, and we reiterate our request. Please let us know if Mt. Sinai will reconsider its position. Second, to help streamline our discussions further, we request that Mt. Sinai produce written responses to the below questions relating to its compliance with the diversion and duplicate discounting prohibitions of the 340B statute:

1. What record-keeping requirements does Mt. Sinai apply to memorialize referrals to 340B eligible facilities to support patient eligibility?
2. What time horizon does Mt. Sinai apply between an encounter with Mt. Sinai and the dispensing of a 340B eligible prescription?
3. Would Mt. Sinai consider to be 340B eligible a prescription that was written at one of its 340B eligible facilities that relates to a diagnosis made by a provider affiliated with a non-340B eligible facility? If so, please explain your policy in this regard.

4

4. Conversely, would Mt. Sinai consider drug administered at one of its 340B eligible facilities to be 340B eligible if the prescription were written by a provider affiliated with a non-340B eligible entity?  If so, please explain your policy in this regard.

5. When a provider is affiliated both with Mt. Sinai and with a non-340B eligible entity, how does Mt. Sinai determine whether prescriptions written by that provider are 340B eligible?

6. What is Mt. Sinai's record-keeping requirement to establish that a provider is sufficiently affiliated with Mt. Sinai to conclude that individuals who are diagnosed and treated by that provider, and who receive prescriptions prescribed by that provider, are 340B eligible patients?

7. What documentation does Mt. Sinai require between the hospital and the provider to substantiate that a medical encounter with that provider is sufficient to establish a patient relationship for purposes of 340B eligibility?  Mt. Sinai stated in the April 4th call that an encounter needed to be in person to establish 340B eligibility. Can you please confirm that this statement is accurate?  If not, please explain the circumstances in which a virtual encounter would be considered sufficient to establish 340B eligibility at Mt. Sinai.

8. Does Mt. Sinai use a central fill pharmacy location for both 340B covered entities and non-340B facilities?  If so, please explain how 340B orders are placed and dispensed through that central fill pharmacy process and how 340B eligibility of orders is identified, established, and tracked.

9. Please explain Mt. Sinai's controls for differentiating in-patient and outpatient prescriptions.

10. Please explain Mt. Sinai's controls to mitigate duplicate discounting with state Medicaid programs, including with managed Medicaid.

11. During our April 4 call, you mentioned that duplication of chargeback requests for the same dispense may have occurred due to issues you have experienced with BRG's ESP platform.  Please describe those issues in more detail.

We appreciate your attention to these questions, the answers to which will be very helpful to our good faith discussion process and our evaluation of whether the observed spikes in utilization of AbbVie products are attributable to compliance issues or instead are the result of marketing or other ordinary business practices, as you suggested during our call.  To help facilitate our review, we would appreciate the courtesy of your reply by April 18, 2025.  Thank you again for working with us on these matters.

Thank you,
Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228

&lt;image005.jpg&gt;



**By Email**

April 28, 2025
The Mount Sinai Hospital (DSH330024)
Disproportionate Share Hospital
Sam Wilhelm-Ross
Senior Director, 340B
150 E 42nd Street
New York, NY, 10017

Cc: Michael Pastier, Senior Vice President & Chief Financial Officer

RE: Purchases of AbbVie Products by The Mount Sinai Hospital, inclusive of associated child sites (DSH330024) ("Mount Sinai")

Dear Mr. Wilhelm-Ross,

We have received your letter following up on our April 4, 2025 conference call and responding to certain questions posed in our March 6, 2025 letter regarding Mount Sinai's compliance with 340B program integrity requirements.  We appreciate the responses you have provided to us thus far, but wish to follow up on our questions that remain open.

On our call and in your subsequent letter, Mount Sinai responded to two questions from our initial good faith inquiry letter.  Mount Sinai has not yet responded to various other questions, which we had significantly narrowed in our April 11, 2025 email in a good faith effort to minimize the burden on Mount Sinai.  Your April 15, 2025 letter asserts that Mount Sinai believes those other questions "far exceed a 'good faith' inquiry." We disagree.  The 340B statute grants AbbVie an unconditional right to perform audits of Mount Sinai records related to diversion and duplicate discounting, subject only to "procedures" established by HRSA relating to their "number, duration, and scope."[1]

AbbVie's open questions are well within the scope of a good faith inquiry under HRSA's non-binding guidance.  Indeed, each of them relates to whether Mount Sinai has complied with the 340B statute's diversion or duplicate discounting provisions with respect to AbbVie products.[2] For example, AbbVie asks about Mount Sinai's definition of a 340B-eligible "patient," the types of interactions that that Mount Sinai considers necessary to establish 340B patient status, the degree to which the diagnosing and prescribing providers must be affiliated with Mount Sinai in order to support patient eligibility, and the conditions under which Mount Sinai will deem a prescription to be 340B eligible.  All of these questions seek to understand whether Mount Sinai is "resell[ing] or otherwise transfer[ing]" 340B drugs to individuals who are not "patient[s] of the entity."[3] Similarly, AbbVie's questions regarding Mount Sinai's use of third party administrators, inventory/replenishment models, and distribution models are relevant to understanding whether eligible patients in fact receive AbbVie drugs and whether Mount Sinai is claiming duplicate discounts for those patients' 340B dispenses. AbbVie has a statutory right to make these inquires, and is doing so in a good faith effort to assess whether there is reasonable cause to believe Mount Sinai is out of compliance with 340B program integrity requirements.  We would appreciate responses to these questions.  If Mount Sinai does not wish to respond further, AbbVie's only recourse would be to conclude that discussions are at an impasse and to proceed accordingly.

We also have some follow-up questions based on your responses to the issues that came up during our April 4 meeting and addressed in your April 15 response letter.  With respect to your response about the reasons for the significant increases in 340B purchase volumes of AbbVie products, you cite to an increase in utilization of Mount Sinai's own specialty pharmacy by Mount Sinai physicians.  But this explanation implies that the full increase in 340B volume was by the Mount Sinai specialty pharmacy. AbbVie's rebate claim data tied to dispensing pharmacies does not reflect this level of dispensing Mount Sinai pharmacies, which may indicate Alternative Distribution Models (ADMs).  In this regard, our letter had inquired whether Mount Sinai uses ADMs, and Mount Sinai has not yet responded.  We would appreciate a response to this question, which also relates to whether Mount Sinai is compliant with the diversion prohibition.

---

[1] 42 U.S.C. § 256b(a)(5)(C).

[2] Manufacturer Audit Guidelines and Dispute Resolution Process, 61 Fed. Reg. 65,406, 65,406, 65,409 (Dec. 12, 1996).

[3] 42 U.S.C. § 256b(a)(5)(B).

1

abbvie

AbbVie also asked Mount Sinai to explain the high number of chargebacks that it submitted on sales also claimed by another covered entity. In response, your letter states that AbbVie "raised questions about claims that were initiated by a Mount Sinai clinician from one location and then changed to another location." To clarify, AbbVie was not asking about transferred claims, but rather, AbbVie was asking about how the *same* dispense claim sent to 340B ESP was submitted for a chargeback request simultaneously by two (sometimes three) different 340B covered entities, all of which were under the Mount Sinai Hospital Health System. AbbVie has continued to investigate the issue in the time since our prior discussions, and our analysis has found that, between February 1, 2022 and April 23, 2023, 2,199 chargeback requests have been duplicated across three Mount Sinai entities (DSH330169, DSH330046, and DSH330024). This duplication rate comprises almost 10% of the total unique claims submitted in that time. In our April 4 conference call and your April 15 letter you explained that all claims, including subsequent reversals, are submitted to 340B ESP. AbbVie is further analyzing submissions to 340B ESP from DSH330169, DSH330046, and DSH330024 by removing chargeback requests that appear to be a reversal. However, it appears that there are still approximately 1,400 duplicate chargeback requests for the *same* dispense of an AbbVie drug. We would appreciate a response on this issue as well.

In addition, your response attributes any errors in the data to the 340B ESP platform, rather than Mount Sinai's own practices, and your response states that AbbVie's records will confirm that these claims were only paid once. But 340B ESP as we understand it merely intakes encrypted data submitted by the covered entity or the covered entity's third party administrator. Moreover, AbbVie does not have unencrypted claim level data. It is therefore impossible for us to determine whether a claim was paid, and we believe Mount Sinai (as the entity that submits data both to 340B ESP and to wholesalers to support chargebacks) would be in the best position to assess whether duplicate 340B discounts are paid on the same claim.

For these reasons, AbbVie requests that Mount Sinai provide responses to the set of questions in our April 11 email, as well as the follow-up questions in this letter, by close of business on May 2, 2025. AbbVie remains committed to working cooperatively during this good faith process. We value our relationship with Mount Sinai and appreciate your attention to this important matter.

Sincerely,


Edward Scheidler
Senior Director

2

**May 21, 2025 correspondence between AbbVie and Mount Sinai**

## Van Etten, Elizabeth

**From:**          elizabeth.vanetten@abbvie.com
**Attachments:**   Mount Sinai Response Abbvie 5.21.25.docx

---

**From:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Sent:** Wednesday, May 21, 2025 11:36 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up

Hi Edward,
Please see attached.

Best Regards,
Sam


**Sam Wilhelm-Ross**
Senior Director, 340B Program
Mount Sinai Health System



Mobile- 804-370-2910
Email- samuel.wilhelm-ross@mountsinai.org


---

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Tuesday, May 6, 2025 9:41 AM
**To:** Strauss, Sally <Sally.Strauss@mountsinai.org>; Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up

HI Sally,

Thanks, Sally. I understand. We will look forward to your detailed response to our questions before May 23rd.

Enjoy your birthday and anniversary celebration!

Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228



26525 Riverwoods Blvd.
ABV1-3SE
Mettawa, IL 60045
MOBILE   847-452-8228
EMAIL   EDWARD.SCHEIDLER@ABBVIE.COM

---

**From:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Sent:** Thursday, May 1, 2025 5:43 PM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up

Ed,

Sam forwarded me the letter you sent us at around midnight Monday evening requesting that we provide you with a response to the multitude of questions by tomorrow.  You further suggested that this request was well within the bounds of Abbvie's  good faith inquiry and process.

As an initial matter, I want to note that I have been in a 2 day intensive Hearing  and conducting witness preps prior to that so have not been able to turn to your letter until this evening. I am heading on a family vacation tomorrow to celebrate my 65th birthday and 40th anniversary and simply will not be in a position to respond to your letter and questions until the week of May 19th.   I certainly don't believe that this time-frame is unreasonable, particularly given your earlier request to delay our initial call based on your personal vacation plans.  As professionals, I believe we all try to accommodate each other's personal and professional schedules.

While we believe that the detailed questions in Abbvie's April 11th letter exceed the bounds of a "good faith inquiry"  we will try to the best of our ability to answer them in our next response.  To the degree that your questions warrant a conversation, we will seek to set up a second call.

We also value our relationship with Abbvie and similarly remain committed to working cooperatively during this good faith process.

Regards,

Sally Strauss



**Sally Strauss**
Senior Vice President & Senior Associate General Counsel
Legal Department
Mount Sinai Health System

2

150 East 42<sup>nd</sup> Street, Suite 2-B.17
New York, NY 10017
Tel:  212-659-8105 I Fax: 212-348-2230 I
**Email:  sally.strauss@mountsinai.org**

---

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Monday, April 28, 2025 11:45 PM
**To:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up

Hello Sam,

Please see the attached letter.

Thank you,

Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228

abbvie
26525 Riverwoods Blvd.
ABV1-3SE
Mettawa, IL 60045
MOBILE   847-452-8228
EMAIL   EDWARD.SCHEIDLER@ABBVIE.COM

---

**From:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Sent:** Tuesday, April 22, 2025 10:15 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

No problem. Thanks for confirming.

---

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Tuesday, April 22, 2025 11:05 AM
**To:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Sam,

3

Confirming receipt. The error is clearly on my end. Thank you for sending the reply on 4/15, as you and Sally committed to do.


Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228



26525 Riverwoods Blvd.
ABV1-3SE
Mettawa, IL 60045
MOBILE   847-452-8228
EMAIL   EDWARD.SCHEIDLER@ABBVIE.COM

---

**From:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Sent:** Tuesday, April 22, 2025 7:39 AM
**To:** Strauss, Sally <Sally.Strauss@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Good Morning all,
Resending our response from 4/15 with the letter enclosed. Please confirm receipt.
Thanks,
Sam


**Sam Wilhelm-Ross**
Senior Director, 340B Program
Mount Sinai Health System

Mobile- 804-370-2910
Email- samuel.wilhelm-ross@mountsinai.org

---

**From:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Sent:** Tuesday, April 22, 2025 5:25 AM
**To:** Edward A Scheidler <edward.scheidler@abbvie.com>
**Cc:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Vanessa Schmidt <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Edward A Scheidler <edward.scheidler@abbvie.com>
**Subject:** Re: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

4

In fact my records show that the email with our letter was sent on 4/15. For some reason the letter won't forward from my iPad, but we will resend this morning and also mail you the letter. Please check your email to confirm that you never received anything from Samuel Wilhelm-Ross.
Sent from my iPad

On Apr 21, 2025, at 10:48 PM, Scheidler, Edward A <edward.scheidler@abbvie.com> wrote:

Hi Sally,

We expected a response to our letter by 4/18, but we have not heard from you. Please respond by 5pm CT tomorrow, 4/22, or we will proceed accordingly.

Thank you,

Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228

<image003.png>

**From:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Sent:** Tuesday, April 15, 2025 8:30 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Cc:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Just wanted to make sure you also saw my follow up email sent on Saturday.

We should be sending a written response to your original letter today or tomorrow.

Sally

**<image004.jpg>**

**Sally Strauss**
Senior Vice President & Senior Associate General Counsel
Legal Department
Mount Sinai Health System
150 East 42nd Street, Suite 2-B.17
New York, NY 10017
Tel:  212-659-8105 I Fax: 212-348-2230 I
**Email:  sally.strauss@mountsinai.org**

**From:** Strauss, Sally
**Sent:** Saturday, April 12, 2025 11:43 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Cc:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Dear Mr. Scheidler,

As  noted in my email last night and as we stated on our April 4th call,, we will be getting back to you with a written summary of our discussion on the call with regards to the questions raised in your original letter.  However, I wanted to clarify one important misunderstanding from you Friday evening email below regarding Mount Sinai's definition of an "eligible patient" for purposes of 340b.  I thought we were very clear on our call, but I am confirming this in writing; Mount Sinai follows the HRSA  patient definition for "eligible patient."   In fact we incorporated the HRSA definition verbatim into our  policy.  There are no qualifications or deviations whatsoever.  Accordingly, I believe we have answered your question below.  Again, Mount Sinai's definition of "eligible patient" is identical to HRSA's.

We had thought our conversation on April 4th was productive and in good faith and will be responding to you in writing this week in that same spirit.

Regards,

Sally Strauss
Sr. Associate General Counsel and Sr. Vice President
The Mount Sinai Health System

---

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Friday, April 11, 2025 8:30 PM
**To:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>
**Subject:** AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

USE CAUTION: External Message.

Dear Ms. Strauss,

Thank you for taking the time to speak with us on April 4 concerning AbbVie's questions about Mt. Sinai's compliance with 340B program integrity requirements.  We are writing to follow-up on some questions that we had coming out of our call, with the hope that your responses could further our good faith discussions.  First, we understand from our call that Mt. Sinai is not willing to produce its patient definition policy.  We believe that production of this document would be helpful to our discussions, and we reiterate our request.  Please let us know if Mt. Sinai will reconsider its position.  Second, to help streamline our discussions further, we request that Mt. Sinai produce written responses to the below questions relating to its compliance with the diversion and duplicate discounting prohibitions of the 340B statute:

1.  What record-keeping requirements does Mt. Sinai apply to memorialize referrals to 340B eligible facilities to support patient eligibility?

6

2.  What time horizon does Mt. Sinai apply between an encounter with Mt. Sinai and the dispensing of a 340B eligible prescription?

3.  Would Mt. Sinai consider to be 340B eligible a prescription that was written at one of its 340B eligible facilities that relates to a diagnosis made by a provider affiliated with a non-340B eligible facility?  If so, please explain your policy in this regard.

4.  Conversely, would Mt. Sinai consider drug administered at one of its 340B eligible facilities to be 340B eligible if the prescription were written by a provider affiliated with a non-340B eligible entity?  If so, please explain your policy in this regard.

5.  When a provider is affiliated both with Mt. Sinai and with a non-340B eligible entity, how does Mt. Sinai determine whether prescriptions written by that provider are 340B eligible?

6.  What is Mt. Sinai's record-keeping requirement to establish that a provider is sufficiently affiliated with Mt. Sinai to conclude that individuals who are diagnosed and treated by that provider, and who receive prescriptions prescribed by that provider, are 340B eligible patients?

7.  What documentation does Mt. Sinai require between the hospital and the provider to substantiate that a medical encounter with that provider is sufficient to establish a patient relationship for purposes of 340B eligibility?  Mt. Sinai stated in the April 4th call that an encounter needed to be in person to establish 340B eligibility. Can you please confirm that this statement is accurate?  If not, please explain the circumstances in which a virtual encounter would be considered sufficient to establish 340B eligibility at Mt. Sinai.

8.  Does Mt. Sinai use a central fill pharmacy location for both 340B covered entities and non-340B facilities?  If so, please explain how 340B orders are placed and dispensed through that central fill pharmacy process and how 340B eligibility of orders is identified, established, and tracked.

9.  Please explain Mt. Sinai's controls for differentiating in-patient and outpatient prescriptions.

10. Please explain Mt. Sinai's controls to mitigate duplicate discounting with state Medicaid programs, including with managed Medicaid.

11. During our April 4 call, you mentioned that duplication of chargeback requests for the same dispense may have occurred due to issues you have experienced with BRG's ESP platform.  Please describe those issues in more detail.

We appreciate your attention to these questions, the answers to which will be very helpful to our good faith discussion process and our evaluation of whether the observed spikes in utilization of AbbVie products are attributable to compliance issues or instead are the result of marketing or other ordinary business practices, as you suggested during our call.  To help facilitate our review, we would appreciate the courtesy of your reply by April 18, 2025.  Thank you again for working with us on these matters.

Thank you,
Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228



The Mount Sinai Hospital
150 E 42nd St
New York, NY 10017
samuel.wilhelm-ross@mountsinai.org

Dear Edward,

Thank you again for your consideration in the timing of our response.  As we have clarified in our call and follow-up communications, we believe that the multiplicity of questions posed in Abbvie's various letters far exceed the scope of any reasonable "good faith inquiry" and are unwarranted under the HRSA guidelines.  Although we reserve our rights to oppose what we regard as this unwarranted fishing expedition, in the interest of promoting our collaboration and partnership, we are responding to your request to answer the questions from you April 11th communication.  We believe that these explanations underscore Mount Sinai's commitment to maintaining an extremely robust set of systems as well as a comprehensive compliance oversight program for its 340B services and should dispel your concerns regarding alleged duplicate discounts and/or diversion.  Below are your questions with our answers highlighted in yellow.

Regards,

Sam Wilhelm-Ross

1.  What record-keeping requirements does Mt. Sinai apply to memorialize referrals to 340B eligible facilities to support patient eligibility?  First, we want to reaffirm that Mount Sinai adheres to the definition of "eligible patient" as set forth in the HRSA regulation. Furthermore, we do not accept "referrals" as we believe you are defining it from non-Mount Sinai providers.  To the contrary, Mount Sinai does not qualify any prescriptions written by providers unless they are employees within the Mount Sinai Health System with privileges within the Mount Sinai Health System. Also as noted in question 6 below, the Mount Sinai credentialing staff maintain an active file of all eligible/employed providers which is updated monthly to ensure that the provider is an "eligible" provider." Lastly, all documentation supporting patient eligibility is maintained in the patient's medical record.

2.  What time horizon does Mt. Sinai apply between an encounter with Mt. Sinai and the dispensing of a 340B eligible prescription?  We consider all prescriptions written within 18 months of an eligible related encounter eligible.

3.  Would Mt. Sinai consider to be 340B eligible a prescription that was written at one of its 340B eligible facilities that relates to a diagnosis made by a provider affiliated with a non-340B eligible facility?  If so, please explain your policy in this regard.  No.



The Mount Sinai Hospital
150 E 42nd St
New York, NY 10017
samuel.wilhelm-ross@mountsinai.org

4. Conversely, would Mt. Sinai consider drug administered at one of its 340B eligible facilities to be 340B eligible if the prescription were written by a provider affiliated with a non-340B eligible entity?  No, as noted in question 1, in order to be 340B eligible, a prescription must be written by a provider employed within the Mount Sinai Health System and the patient must meet all the additional criteria to qualify as an "eligible patient" as defined by HRSA

5.  When a provider is affiliated both with Mt. Sinai and with a non-340B eligible entity, how does Mt. Sinai determine whether prescriptions written by that provider are 340B eligible?  This circumstance would only arise when a provider is a part-time employee of Mount Sinai and has a secondary employment with another entity.  To ensure that all prescriptions are eligible for 340B, all claims, both eligible and ineligible are run through MSHS own software to verify that the patient was  seen by the Mount Sinai provider in an eligible location (a location registered on the HRSA database).  This is a requirement to qualify as an eligible 340b claim.  If the patient does not have an eligible encounter related to the prescription, the Rx is not considered 340B eligible.

6.  What is Mt. Sinai's record-keeping requirement to establish that a provider is sufficiently affiliated with Mt. Sinai to conclude that individuals who are diagnosed and treated by that provider, and who receive prescriptions prescribed by that provider, are 340B eligible patients? The MSHS credentialing team maintains a file of all eligible providers which is updated on a monthly basis.

7.  What documentation does Mt. Sinai require between the hospital and the provider to substantiate that a medical encounter with that provider is sufficient to establish a patient relationship for purposes of 340B eligibility?  Mt. Sinai stated in the April 4th call that an encounter needed to be in person to establish 340B eligibility. Can you please confirm that this statement is accurate?  If not, please explain the circumstances in which a virtual encounter would be considered sufficient to establish 340B eligibility at Mt. Sinai. To be eligible for 340b, the patient must have a substantive medical encounter, such that the MSHS provider is performing a medical evaluation related to the prescription. MSHS has built criteria in its system to differentiate what is and is not considered an eligible encounter. Should the encounter meet those criteria, (virtual or otherwise) then the encounter is considered eligible. For example, a telephone encounter for a refill, is not considered an eligible encounter, nor is an encounter solely involving bloodwork and/or lab orders.



The Mount Sinai Hospital
150 E 42nd St
New York, NY 10017
samuel.wilhelm-ross@mountsinai.org

8.  Does Mt. Sinai use a central fill pharmacy location for both 340B covered entities and non-340B facilities?  If so, please explain how 340B orders are placed and dispensed through that central fill pharmacy process and how 340B eligibility of orders is identified, established, and tracked. No.

9.  Please explain Mt. Sinai's controls for differentiating in-patient and outpatient prescriptions. What is an inpatient prescription?  Inpatients are generally not provided prescriptions.  The providers issue orders for various services such as radiology exams, medication, etc and these orders are documented in the inpatient EMR in the order section.  The EMR maintains two completely separate reports for inpatient orders, vs. outpatient prescriptions.  These are two different reports from an EMR, so there is no risk that an inpatient order would be confused with an outpatient prescription.

10. Please explain Mt. Sinai's controls to mitigate duplicate discounting with state Medicaid programs, including with managed Medicaid. In New York State, all Medicaid pharmacy prescriptions whether Medicaid- fee- for- service or Medicaid Managed Care are paid based on actual acquisition cost.  MSHS hospital sites dispense or administer 340B drugs to Medicaid patients ("carving in").  As such, MSHS lists all of the Medicaid billing numbers and/or NPIs for each 340 registered site as carving in with OPA.  This data is maintained in the Medicaid exclusion file and  New York State Medicaid uses this data to exclude all associated claims from its rebate requests to the manufacturer.  MSHS hospitals dispense or administer drugs to the Medicaid population consistent with the carve-in information communicated to OPA.  This listing is validated to ensure that the Medicaid Program has all the requisite data it needs to avoid seeking rebates from the manufacturer.   MSHS does not carve in Medicaid for its Hospital Owned Specialty/Retail or contract pharmacies.

11. During our April 4 call, you mentioned that duplication of chargeback requests for the same dispense may have occurred due to issues you have experienced with BRG's ESP platform.  Please describe those issues in more detail. MSHS had never received any information regarding the status of its information after submission to ESP during the period when Abbvie allowed hospitals to continue to receive pricing for contract pharmacies if they also dispensed products through its in-house pharmacy.  As a result, we cannot provide further details on the possible inaccuracies in the ESP platform.  However, we can confirm from our end, that our TPA only sends a single claim for one prescription to a patient's insurance provider.  The TPA software reviews the status of the eligible provider and the location of the patient and verifies the appropriate 340B entity within the Mount Sinai system responsible for that patient's care and issues the claim for that entity.  It would not be possible for the TPA to send duplicate claims for the same prescription to the insurer.   Furthermore, even if it were possible



The Mount Sinai Hospital
150 E 42nd St
New York, NY 10017
samuel.wilhelm-ross@mountsinai.org

(which it is not), the insurer would not pay for such duplicate prescriptions submitted for the same patient, from the same physician on the same day. These would be blocked by the frequency and date algorithms under the patient's plan. There is simply no possibility for duplicate payments for the same claim from a contract pharmacy.

**May 30, 2025 correspondence between AbbVie and Mount Sinai**

## Van Etten, Elizabeth

| | |
|---|---|
| **From:** | Scheidler, Edward A |
| **Sent:** | Friday, May 30, 2025 7:50 PM |
| **To:** | Wilhelm-Ross, Samuel; Strauss, Sally |
| **Cc:** | Lin, Xin; Schmidt, Vanessa; Mashni, Susan; Scheidler, Edward A |
| **Subject:** | RE: AbbVie/ The Mount Sinai Hospital Follow-up |

Dear Sam,

Thank you for your response.  We appreciate the information that you have provided so far, although we do not agree with your characterization of our requests as a "fishing expedition."  AbbVie has an unconditional right under the 340B statute to make good faith inquiries related to compliance and, if necessary, to audit covered entities regarding their compliance with the 340B statute's diversion and duplicate discounting provisions.  AbbVie's questions relate to Mount Sinai's compliance with those program integrity requirements, and as such are well within the scope of a good faith inquiry.

While we appreciate the information provided in your letter, we note that your answers do not include the substantive criteria underlying Mount Sinai's 340B policies and practices, particularly with respect to how Mount Sinai implements its patient definition.  To that end, we would ask you to respond to the following:

1. Your response states that Mount Sinai only qualifies prescriptions written by providers who are "employees within the Mount Sinai Health System with privileges within the Mount Sinai Health System."
   - Please explain what qualifies a healthcare professional as a Mount Sinai provider.  What does it specifically mean for a healthcare professional to have "privileges within the Mount Sinai Health System"?  Does "privileges" require a contract between the provider and Mt. Sinai?  If not, please explain in detail what the required relationship between Mount Sinai and the provider must be in order for the provider to be considered to have "privileges" with Mount Sinai.
   - You mention later in your letter that a provider could be a "part-time employee."  Is there a minimum requirement of time that the provider practice at Mount Sinai compared to elsewhere?

2. In your response to our inquiry about how Mount Sinai would determine whether a prescription is 340B eligible when the provider is affiliated with both Mount Sinai and a non-340B eligible entity, you stated that "this circumstance would only arise when a provider is a part-time employee of Mount Sinai and has a secondary employment with another entity."
   - How often does the situation occur?  What percentage of Mount Sinai providers are part-time?
   - Does Mount Sinai have policies in place to ensure that providers who, for example, are part-time in private practice, and part-time with Mount Sinai, are not writing prescriptions in their private practice that are then filled through Mount Sinai in order to qualify them as 340B eligible?

3. Your response also states that, to ensure that a provider's prescription is 340B eligible, Mount Sinai's software verifies that the "patient was seen by the Mount Sinai provider in an eligible location (a location registered on the HRSA database)."
   - When you say an "eligible location," do you mean any 340B covered entity?
   - Do you mean to refer to Mount Sinai and its registered child sites?  Any registered Mount Sinai Hospital System 340B covered entity?
   - Could Mount Sinai claim a 340B prescription written by one of its providers practicing part time at another registered covered entity that is not within the Mount Sinai system?

4. You state that to be 340B eligible, the patient must have a "substantive medical encounter," and that "MSHS has built criteria in its system to differentiate what is and what is not considered an eligible encounter."
   - Please specify what these "criteria" actually are and explain how Mount Sinai applies those criteria in practice. How does Mount Sinai (or its MSHS system) define a "substantive medical encounter"?

5. Further, you state that "should the encounter meet [MSHS's] criteria (virtual or otherwise) then the encounter is considered eligible."
   - Does this mean that a virtual encounter *can* support 340B eligibility at Mount Sinai? We note that Mount Sinai stated in our April 4th call that an encounter needed to be in person. Please clarify whether virtual encounters can in fact qualify to establish 340B eligibility and, if they can, please explain the circumstances in which a virtual encounter would qualify.

6. Regarding Mount Sinai's controls for differentiating in-patient and outpatient distributions of medications: What criteria does Mount Sinai apply in determining whether a patient qualifies for in-patient treatment with a medicine versus outpatient treatment?
   - Relatedly, does Mount Sinai hospital or its child sites contain any 'mixed use settings'? If so, please explain how 340B eligibility is determined when the patient is treated in those settings.

7. Regarding our question with regard to duplicate discounting, AbbVie has not asked any questions related to the TPA submissions to insurance providers. AbbVie has only questioned anomalies in the encrypted voluntary claims data submitted by or on behalf of Mount Sinai (and other MSHS 340B covered entities) to the 340B ESP™ platform from February 1, 2022 to April 23, 2023. As previously explained, the data shows instances where Mount Sinai submitted a chargeback request related to an individual dispense to the 340B ESP™ platform. A chargeback request referencing the same individual dispense was also submitted to the platform by at another 340B covered entity. The large majority of the duplicate chargeback requests were submitted by or on behalf of two 340B covered entities under MSHS – Mount Sinai Beth Israel (DSH330169) and Mount Sinai West (DSH330046). At your request, AbbVie has confirmed with 340B ESP™ that the data submitted by a covered entity are not changed once a submission is accepted. Following our initial discussion, as explained in our April 28, 2025 letter, AbbVie removed chargeback requests that appear to be a reversal, but there are still approximately 1,400 duplicate chargeback requests from these three MSHA covered entities for the same dispense of an AbbVie drug.
   - Please explain how one individual patient dispense could result in a chargeback request being submitted to 340B ESP™ platform from more than one MSHS covered entity.

As noted, AbbVie appreciates Mount Sinai's participation in this process, but responses to the above questions are important to our inquiry, as we do not yet have visibility into precisely how Mount Sinai applies its patient definition criteria. Given the anomalous utilization trends within Mount Sinai noted in our prior communications, we remain concerned about the potential for diversion and duplicate discounting. Substantive responses to the above questions will help in our continuing evaluation of this matter. As this good faith discussion process first initiated on March 6, 2025, we would appreciate your responses to the above follow up questions by June 5, 2025. Thank you again for your time and attention to this matter relating to 340B compliance.

Sincerely,

Edward


**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228

**abbvie**
26525 Riverwoods Blvd.
ABV1-3SE
Mettawa, IL 60045
MOBILE   847-452-8228
EMAIL   EDWARD.SCHEIDLER@ABBVIE.COM

---

**From:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Sent:** Wednesday, May 21, 2025 11:36 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up

Hi Edward,
Please see attached.

Best Regards,
Sam


**Sam Wilhelm-Ross**
Senior Director, 340B Program
Mount Sinai Health System



**Mount Sinai**

Mobile- 804-370-2910
Email- samuel.wilhelm-ross@mountsinai.org

---

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Tuesday, May 6, 2025 9:41 AM
**To:** Strauss, Sally <Sally.Strauss@mountsinai.org>; Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up

HI Sally,

Thanks, Sally. I understand. We will look forward to your detailed response to our questions before May 23rd.

Enjoy your birthday and anniversary celebration!

Edward


**EDWARD SCHEIDLER**
Head of 340B Center of Excellence

Mobile: 847-452-8228



26525 Riverwoods Blvd.
ABV1-3SE
Mettawa, IL 60045
MOBILE   847-452-8228
EMAIL   EDWARD.SCHEIDLER@ABBVIE.COM

---

**From:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Sent:** Thursday, May 1, 2025 5:43 PM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up

Ed,

Sam forwarded me the letter you sent us at around midnight Monday evening requesting that we provide you with a response to the multitude of questions by tomorrow.  You further suggested that this request was well within the bounds of Abbvie's  good faith inquiry and process.

As an initial matter, I want to note that I have been in a 2 day intensive Hearing  and conducting witness preps prior to that so have not been able to turn to your letter until this evening. I am heading on a family vacation tomorrow to celebrate my 65th birthday and 40th anniversary and simply will not be in a position to respond to your letter and questions until the week of May 19th.   I certainly don't believe that this time-frame is unreasonable, particularly given your earlier request to delay our initial call based on your personal vacation plans.  As professionals, I believe we all try to accommodate each other's personal and professional schedules.

While we believe that the detailed questions in Abbvie's April 11th letter exceed the bounds of a "good faith inquiry"  we will try to the best of our ability to answer them in our next response.  To the degree that your questions warrant a conversation, we will seek to set up a second call.

We also value our relationship with Abbvie and similarly remain committed to working cooperatively during this good faith process.

Regards,

Sally Strauss




**Sally Strauss**
Senior Vice President & Senior Associate General Counsel
Legal Department
Mount Sinai Health System
150 East 42nd Street, Suite 2-B.17
New York, NY 10017
Tel:  212-659-8105 I Fax: 212-348-2230 I

**Email:** sally.strauss@mountsinai.org

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Monday, April 28, 2025 11:45 PM
**To:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up

Hello Sam,

Please see the attached letter.

Thank you,

Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228

abbvie
26525 Riverwoods Blvd.
ABV1-3SE
Mettawa, IL 60045
MOBILE   847-452-8228
EMAIL   EDWARD.SCHEIDLER@ABBVIE.COM

**From:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Sent:** Tuesday, April 22, 2025 10:15 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

No problem. Thanks for confirming.

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Tuesday, April 22, 2025 11:05 AM
**To:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Sam,

Confirming receipt.  The error is clearly on my end.  Thank you for sending the reply on 4/15, as you and Sally committed to do.

Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228



26525 Riverwoods Blvd.
ABV1-3SE
Mettawa, IL 60045
MOBILE   847-452-8228
EMAIL   EDWARD.SCHEIDLER@ABBVIE.COM

**From:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Sent:** Tuesday, April 22, 2025 7:39 AM
**To:** Strauss, Sally <Sally.Strauss@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Good Morning all,
Resending our response from 4/15 with the letter enclosed. Please confirm receipt.
Thanks,
Sam

**Sam Wilhelm-Ross**
Senior Director, 340B Program
Mount Sinai Health System



Mobile- 804-370-2910
Email- samuel.wilhelm-ross@mountsinai.org

**From:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Sent:** Tuesday, April 22, 2025 5:25 AM
**To:** Edward A Scheidler <edward.scheidler@abbvie.com>
**Cc:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Vanessa Schmidt <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Edward A Scheidler <edward.scheidler@abbvie.com>
**Subject:** Re: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

In fact my records show that the email with our letter was sent on 4/15.  For some reason the letter won't forward from my iPad, but we will resend this morning and also mail you the letter.  Please check your email to confirm that you never received anything from Samuel Wilhelm-Ross.
Sent from my iPad

6

On Apr 21, 2025, at 10:48 PM, Scheidler, Edward A <edward.scheidler@abbvie.com> wrote:

Hi Sally,

We expected a response to our letter by 4/18, but we have not heard from you. Please respond by 5pm CT tomorrow, 4/22, or we will proceed accordingly.

Thank you,

Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228

<image003.png>

---

**From:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Sent:** Tuesday, April 15, 2025 8:30 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Cc:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Just wanted to make sure you also saw my follow up email sent on Saturday.

We should be sending a written response to your original letter today or tomorrow.

Sally

**<image004.jpg>**

**Sally Strauss**
Senior Vice President & Senior Associate General Counsel
Legal Department
Mount Sinai Health System
150 East 42nd Street, Suite 2-B.17
New York, NY 10017
Tel:  212-659-8105 I Fax: 212-348-2230 I
**Email:  sally.strauss@mountsinai.org**

---

**From:** Strauss, Sally
**Sent:** Saturday, April 12, 2025 11:43 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Cc:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Dear Mr. Scheidler,

As  noted in my email last night and as we stated on our April 4th call,, we will be getting back to you with a written summary of our discussion on the call with regards to the questions raised in your original letter.  However, I wanted to clarify one important misunderstanding from you Friday evening email below regarding Mount Sinai's definition of an "eligible patient" for purposes of 340b.  I thought we were very clear on our call, but I am confirming this in writing; Mount Sinai follows the HRSA  patient definition for "eligible patient."   In fact we incorporated the HRSA definition verbatim into our  policy.  There are no qualifications or deviations whatsoever.  Accordingly, I believe we have answered your question below.  Again, Mount Sinai's definition of "eligible patient" is identical to HRSA's.

We had thought our conversation on April 4th was productive and in good faith and will be responding to you in writing this week in that same spirit.

Regards,

Sally Strauss
Sr. Associate General Counsel and Sr. Vice President
The Mount Sinai Health System

---

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Friday, April 11, 2025 8:30 PM
**To:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>
**Subject:** AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

USE CAUTION: External Message.

Dear Ms. Strauss,

Thank you for taking the time to speak with us on April 4 concerning AbbVie's questions about Mt. Sinai's compliance with 340B program integrity requirements.  We are writing to follow-up on some questions that we had coming out of our call, with the hope that your responses could further our good faith discussions.  First, we understand from our call that Mt. Sinai is not willing to produce its patient definition policy.  We believe that production of this document would be helpful to our discussions, and we reiterate our request.  Please let us know if Mt. Sinai will reconsider its position.  Second, to help streamline our discussions further, we request that Mt. Sinai produce written responses to the below questions relating to its compliance with the diversion and duplicate discounting prohibitions of the 340B statute:

1. What record-keeping requirements does Mt. Sinai apply to memorialize referrals to 340B eligible facilities to support patient eligibility?
2. What time horizon does Mt. Sinai apply between an encounter with Mt. Sinai and the dispensing of a 340B eligible prescription?
3. Would Mt. Sinai consider to be 340B eligible a prescription that was written at one of its 340B eligible facilities that relates to a diagnosis made by a provider affiliated with a non-340B eligible facility?  If so, please explain your policy in this regard.

4.  Conversely, would Mt. Sinai consider drug administered at one of its 340B eligible facilities to be 340B eligible if the prescription were written by a provider affiliated with a non-340B eligible entity?  If so, please explain your policy in this regard.

5.  When a provider is affiliated both with Mt. Sinai and with a non-340B eligible entity, how does Mt. Sinai determine whether prescriptions written by that provider are 340B eligible?

6.  What is Mt. Sinai's record-keeping requirement to establish that a provider is sufficiently affiliated with Mt. Sinai to conclude that individuals who are diagnosed and treated by that provider, and who receive prescriptions prescribed by that provider, are 340B eligible patients?

7.  What documentation does Mt. Sinai require between the hospital and the provider to substantiate that a medical encounter with that provider is sufficient to establish a patient relationship for purposes of 340B eligibility?  Mt. Sinai stated in the April 4th call that an encounter needed to be in person to establish 340B eligibility. Can you please confirm that this statement is accurate?  If not, please explain the circumstances in which a virtual encounter would be considered sufficient to establish 340B eligibility at Mt. Sinai.

8.  Does Mt. Sinai use a central fill pharmacy location for both 340B covered entities and non-340B facilities?  If so, please explain how 340B orders are placed and dispensed through that central fill pharmacy process and how 340B eligibility of orders is identified, established, and tracked.

9.  Please explain Mt. Sinai's controls for differentiating in-patient and outpatient prescriptions.

10. Please explain Mt. Sinai's controls to mitigate duplicate discounting with state Medicaid programs, including with managed Medicaid.

11. During our April 4 call, you mentioned that duplication of chargeback requests for the same dispense may have occurred due to issues you have experienced with BRG's ESP platform.  Please describe those issues in more detail.

We appreciate your attention to these questions, the answers to which will be very helpful to our good faith discussion process and our evaluation of whether the observed spikes in utilization of AbbVie products are attributable to compliance issues or instead are the result of marketing or other ordinary business practices, as you suggested during our call.  To help facilitate our review, we would appreciate the courtesy of your reply by April 18, 2025.  Thank you again for working with us on these matters.

Thank you,
Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228

&lt;image005.jpg&gt;

**June 9, 2025 correspondence between AbbVie and Mount Sinai**

## Van Etten, Elizabeth

**From:**               elizabeth.vanetten@abbvie.com
**Attachments:**        Mount Sinai Response Abbvie 6.9.25.docx

---

**From:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Sent:** Monday, June 9, 2025 3:09:13 PM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up

Hello Edward,
Please see attached.

Regards,


**Sam Wilhelm-Ross**
Senior Director, 340B Program
Mount Sinai Health System



Mobile- 804-370-2910
Email- samuel.wilhelm-ross@mountsinai.org


---

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Tuesday, June 3, 2025 7:33 PM
**To:** Strauss, Sally <Sally.Strauss@mountsinai.org>; Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up

Hi Sally,

Thank you for your response, and we will look for your response next week.

Sincerely,


Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence

Mobile: 847-452-8228



abbvie
26525 Riverwoods Blvd.
ABV1-3SE
Mettawa, IL 60045
MOBILE   847-452-8228
EMAIL   EDWARD.SCHEIDLER@ABBVIE.COM

---

**From:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Sent:** Monday, June 2, 2025 3:42 PM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up

Edward,

We are reviewing your follow-up informational  requests received Friday evening and will seek to respond next week.  I believe that is a reasonable time-frame given the extent of your additional questions and the other priorities we are all juggling.  Again, in the spirit of partnership and collaboration, we hope to work with you within reasonable time-frames and reasonable requests.

Thank you.

Sally



Mount
Sinai

**Sally Strauss**
Senior Vice President & Senior Associate General Counsel
Legal Department
Mount Sinai Health System
150 East 42nd Street, Suite 2-B.17
New York, NY 10017
Tel:  212-659-8105 I Fax: 212-348-2230 I
**Email:  sally.strauss@mountsinai.org**

---

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Friday, May 30, 2025 7:50 PM
**To:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up

Dear Sam,

Thank you for your response.  We appreciate the information that you have provided so far, although we do not agree with your characterization of our requests as a "fishing expedition."  AbbVie has an unconditional right under the 340B statute to make good faith inquiries related to compliance and, if necessary, to audit covered entities regarding their compliance with the 340B statute's diversion and duplicate discounting provisions.  AbbVie's questions relate to Mount Sinai's compliance with those program integrity requirements, and as such are well within the scope of a good faith inquiry.

While we appreciate the information provided in your letter, we note that your answers do not include the substantive criteria underlying Mount Sinai's 340B policies and practices, particularly with respect to how Mount Sinai implements its patient definition.  To that end, we would ask you to respond to the following:

1. Your response states that Mount Sinai only qualifies prescriptions written by providers who are "employees within the Mount Sinai Health System with privileges within the Mount Sinai Health System."
   - Please explain what qualifies a healthcare professional as a Mount Sinai provider.  What does it specifically mean for a healthcare professional to have "privileges within the Mount Sinai Health System"?  Does "privileges" require a contract between the provider and Mt. Sinai?  If not, please explain in detail what the required relationship between Mount Sinai and the provider must be in order for the provider to be considered to have "privileges" with Mount Sinai.
   - You mention later in your letter that a provider could be a "part-time employee."  Is there a minimum requirement of time that the provider practice at Mount Sinai compared to elsewhere?

2. In your response to our inquiry about how Mount Sinai would determine whether a prescription is 340B eligible when the provider is affiliated with both Mount Sinai and a non-340B eligible entity, you stated that "this circumstance would only arise when a provider is a part-time employee of Mount Sinai and has a secondary employment with another entity."
   - How often does the situation occur?  What percentage of Mount Sinai providers are part-time?
   - Does Mount Sinai have policies in place to ensure that providers who, for example, are part-time in private practice, and part-time with Mount Sinai, are not writing prescriptions in their private practice that are then filled through Mount Sinai in order to qualify them as 340B eligible?

3. Your response also states that, to ensure that a provider's prescription is 340B eligible, Mount Sinai's software verifies that the "patient was seen by the Mount Sinai provider in an eligible location (a location registered on the HRSA database)."
   - When you say an "eligible location," do you mean any 340B covered entity?
   - Do you mean to refer to Mount Sinai and its registered child sites?  Any registered Mount Sinai Hospital System 340B covered entity?
   - Could Mount Sinai claim a 340B prescription written by one of its providers practicing part time at another registered covered entity that is not within the Mount Sinai system?

4. You state that to be 340B eligible, the patient must have a "substantive medical encounter," and that "MSHS has built criteria in its system to differentiate what is and what is not considered an eligible encounter."
   - Please specify what these "criteria" actually are and explain how Mount Sinai applies those criteria in practice.  How does Mount Sinai (or its MSHS system) define a "substantive medical encounter"?

5. Further, you state that "should the encounter meet [MSHS's] criteria (virtual or otherwise) then the encounter is considered eligible."
   - Does this mean that a virtual encounter *can* support 340B eligibility at Mount Sinai?  We note that Mount Sinai stated in our April 4th call that an encounter needed to be in person.  Please clarify whether virtual encounters can in fact qualify to establish 340B eligibility and, if they can, please explain the circumstances in which a virtual encounter would qualify.

3

6. Regarding Mount Sinai's controls for differentiating in-patient and outpatient distributions of medications: What criteria does Mount Sinai apply in determining whether a patient qualifies for in-patient treatment with a medicine versus outpatient treatment?
   - Relatedly, does Mount Sinai hospital or its child sites contain any 'mixed use settings'? If so, please explain how 340B eligibility is determined when the patient is treated in those settings.

7. Regarding our question with regard to duplicate discounting, AbbVie has not asked any questions related to the TPA submissions to insurance providers. AbbVie has only questioned anomalies in the encrypted voluntary claims data submitted by or on behalf of Mount Sinai (and other MSHS 340B covered entities) to the 340B ESP™ platform from February 1, 2022 to April 23, 2023. As previously explained, the data shows instances where Mount Sinai submitted a chargeback request related to an individual dispense to the 340B ESP™ platform. A chargeback request referencing the same individual dispense was also submitted to the platform by at another 340B covered entity. The large majority of the duplicate chargeback requests were submitted by or on behalf of two 340B covered entities under MSHS – Mount Sinai Beth Israel (DSH330169) and Mount Sinai West (DSH330046). At your request, AbbVie has confirmed with 340B ESP™ that the data submitted by a covered entity are not changed once a submission is accepted. Following our initial discussion, as explained in our April 28, 2025 letter, AbbVie removed chargeback requests that appear to be a reversal, but there are still approximately 1,400 duplicate chargeback requests from these three MSHA covered entities for the same dispense of an AbbVie drug.
   - Please explain how one individual patient dispense could result in a chargeback request being submitted to 340B ESP™ platform from more than one MSHS covered entity.

As noted, AbbVie appreciates Mount Sinai's participation in this process, but responses to the above questions are important to our inquiry, as we do not yet have visibility into precisely how Mount Sinai applies its patient definition criteria. Given the anomalous utilization trends within Mount Sinai noted in our prior communications, we remain concerned about the potential for diversion and duplicate discounting. Substantive responses to the above questions will help in our continuing evaluation of this matter. As this good faith discussion process first initiated on March 6, 2025, we would appreciate your responses to the above follow up questions by June 5, 2025. Thank you again for your time and attention to this matter relating to 340B compliance.

Sincerely,

Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228

abbvie
26525 Riverwoods Blvd.
ABV1-3SE
Mettawa, IL 60045
MOBILE  847-452-8228
EMAIL  EDWARD.SCHEIDLER@ABBVIE.COM

**From:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Sent:** Wednesday, May 21, 2025 11:36 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan

<Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up

Hi Edward,
Please see attached.

Best Regards,
Sam

**Sam Wilhelm-Ross**
Senior Director, 340B Program
Mount Sinai Health System



Mobile- 804-370-2910
Email- samuel.wilhelm-ross@mountsinai.org

---

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Tuesday, May 6, 2025 9:41 AM
**To:** Strauss, Sally <Sally.Strauss@mountsinai.org>; Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up

HI Sally,

Thanks, Sally. I understand. We will look forward to your detailed response to our questions before May 23rd.

Enjoy your birthday and anniversary celebration!

Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228

abbvie
26525 Riverwoods Blvd.
ABV1-3SE
Mettawa, IL 60045
MOBILE   847-452-8228
EMAIL   EDWARD.SCHEIDLER@ABBVIE.COM

---

**From:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Sent:** Thursday, May 1, 2025 5:43 PM

**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up

Ed,

Sam forwarded me the letter you sent us at around midnight Monday evening requesting that we provide you with a response to the multitude of questions by tomorrow.  You further suggested that this request was well within the bounds of Abbvie's  good faith inquiry and process.

As an initial matter, I want to note that I have been in a 2 day intensive Hearing  and conducting witness preps prior to that so have not been able to turn to your letter until this evening. I am heading on a family vacation tomorrow to celebrate my 65th birthday and 40th anniversary and simply will not be in a position to respond to your letter and questions until the week of May 19th.   I certainly don't believe that this time-frame is unreasonable, particularly given your earlier request to delay our initial call based on your personal vacation plans.  As professionals, I believe we all try to accommodate each other's personal and professional schedules.

While we believe that the detailed questions in Abbvie's April 11th letter exceed the bounds of a "good faith inquiry"  we will try to the best of our ability to answer them in our next response.  To the degree that your questions warrant a conversation, we will seek to set up a second call.

We also value our relationship with Abbvie and similarly remain committed to working cooperatively during this good faith process.

Regards,

Sally Strauss




**Sally Strauss**
Senior Vice President & Senior Associate General Counsel
Legal Department
Mount Sinai Health System
150 East 42nd Street, Suite 2-B.17
New York, NY 10017
Tel:  212-659-8105 I Fax: 212-348-2230 I
**Email:  sally.strauss@mountsinai.org**

---

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Monday, April 28, 2025 11:45 PM
**To:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up

Hello Sam,

Please see the attached letter.

Thank you,

Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228



26525 Riverwoods Blvd.
ABV1-3SE
Mettawa, IL 60045
**MOBILE** 847-452-8228
**EMAIL** EDWARD.SCHEIDLER@ABBVIE.COM

---

**From:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Sent:** Tuesday, April 22, 2025 10:15 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

No problem. Thanks for confirming.

---

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Tuesday, April 22, 2025 11:05 AM
**To:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Sam,

Confirming receipt.  The error is clearly on my end.  Thank you for sending the reply on 4/15, as you and Sally committed to do.


Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228



26525 Riverwoods Blvd.
ABV1-3SE
Mettawa, IL 60045
MOBILE   847-452-8228
EMAIL   EDWARD.SCHEIDLER@ABBVIE.COM

---

**From:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Sent:** Tuesday, April 22, 2025 7:39 AM
**To:** Strauss, Sally <Sally.Strauss@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Good Morning all,
Resending our response from 4/15 with the letter enclosed. Please confirm receipt.
Thanks,
Sam

**Sam Wilhelm-Ross**
Senior Director, 340B Program
Mount Sinai Health System



Mobile- 804-370-2910
Email- samuel.wilhelm-ross@mountsinai.org

---

**From:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Sent:** Tuesday, April 22, 2025 5:25 AM
**To:** Edward A Scheidler <edward.scheidler@abbvie.com>
**Cc:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Vanessa Schmidt <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Edward A Scheidler <edward.scheidler@abbvie.com>
**Subject:** Re: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

In fact my records show that the email with our letter was sent on 4/15.  For some reason the letter won't forward from my iPad, but we will resend this morning and also mail you the letter.  Please check your email to confirm that you never received anything from Samuel Wilhelm-Ross.
Sent from my iPad

> On Apr 21, 2025, at 10:48 PM, Scheidler, Edward A <edward.scheidler@abbvie.com> wrote:

> Hi Sally,

8

We expected a response to our letter by 4/18, but we have not heard from you. Please respond by 5pm CT <u>tomorrow</u>,4/22, or we will proceed accordingly.

Thank you,

Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228

<image003.png>

---

**From:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Sent:** Tuesday, April 15, 2025 8:30 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Cc:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Just wanted to make sure you also saw my follow up email sent on Saturday.

We should be sending a written response to your original letter today or tomorrow.

Sally

**<image004.jpg>**

**Sally Strauss**
Senior Vice President & Senior Associate General Counsel
Legal Department
Mount Sinai Health System
150 East 42nd Street, Suite 2-B.17
New York, NY 10017
Tel:  212-659-8105 I Fax: 212-348-2230 I
**Email:  sally.strauss@mountsinai.org**

---

**From:** Strauss, Sally
**Sent:** Saturday, April 12, 2025 11:43 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Cc:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Dear Mr. Scheidler,

As  noted in my email last night and as we stated on our April 4th call,, we will be getting back to you with a written summary of our discussion on the call with regards to the questions raised in your original

9

letter.  However, I wanted to clarify one important misunderstanding from you Friday evening email below regarding Mount Sinai's definition of an "eligible patient" for purposes of 340b.  I thought we were very clear on our call, but I am confirming this in writing; Mount Sinai follows the HRSA  patient definition for "eligible patient."   In fact we incorporated the HRSA definition verbatim into our  policy.  There are no qualifications or deviations whatsoever.  Accordingly, I believe we have answered your question below.  Again, Mount Sinai's definition of "eligible patient" is identical to HRSA's.

We had thought our conversation on April 4th was productive and in good faith and will be responding to you in writing this week in that same spirit.

Regards,

Sally Strauss
Sr. Associate General Counsel and Sr. Vice President
The Mount Sinai Health System

---

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Friday, April 11, 2025 8:30 PM
**To:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>
**Subject:** AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

USE CAUTION: External Message.

Dear Ms. Strauss,

Thank you for taking the time to speak with us on April 4 concerning AbbVie's questions about Mt. Sinai's compliance with 340B program integrity requirements.  We are writing to follow-up on some questions that we had coming out of our call, with the hope that your responses could further our good faith discussions.  First, we understand from our call that Mt. Sinai is not willing to produce its patient definition policy.  We believe that production of this document would be helpful to our discussions, and we reiterate our request.  Please let us know if Mt. Sinai will reconsider its position.  Second, to help streamline our discussions further, we request that Mt. Sinai produce written responses to the below questions relating to its compliance with the diversion and duplicate discounting prohibitions of the 340B statute:

1. What record-keeping requirements does Mt. Sinai apply to memorialize referrals to 340B eligible facilities to support patient eligibility?
2. What time horizon does Mt. Sinai apply between an encounter with Mt. Sinai and the dispensing of a 340B eligible prescription?
3. Would Mt. Sinai consider to be 340B eligible a prescription that was written at one of its 340B eligible facilities that relates to a diagnosis made by a provider affiliated with a non-340B eligible facility?  If so, please explain your policy in this regard.
4. Conversely, would Mt. Sinai consider drug administered at one of its 340B eligible facilities to be 340B eligible if the prescription were written by a provider affiliated with a non-340B eligible entity?  If so, please explain your policy in this regard.
5. When a provider is affiliated both with Mt. Sinai and with a non-340B eligible entity, how does Mt. Sinai determine whether prescriptions written by that provider are 340B eligible?

10

6.  What is Mt. Sinai's record-keeping requirement to establish that a provider is sufficiently affiliated with Mt. Sinai to conclude that individuals who are diagnosed and treated by that provider, and who receive prescriptions prescribed by that provider, are 340B eligible patients?

7.  What documentation does Mt. Sinai require between the hospital and the provider to substantiate that a medical encounter with that provider is sufficient to establish a patient relationship for purposes of 340B eligibility?  Mt. Sinai stated in the April 4th call that an encounter needed to be in person to establish 340B eligibility. Can you please confirm that this statement is accurate?  If not, please explain the circumstances in which a virtual encounter would be considered sufficient to establish 340B eligibility at Mt. Sinai.

8.  Does Mt. Sinai use a central fill pharmacy location for both 340B covered entities and non-340B facilities?  If so, please explain how 340B orders are placed and dispensed through that central fill pharmacy process and how 340B eligibility of orders is identified, established, and tracked.

9.  Please explain Mt. Sinai's controls for differentiating in-patient and outpatient prescriptions.

10.  Please explain Mt. Sinai's controls to mitigate duplicate discounting with state Medicaid programs, including with managed Medicaid.

11.  During our April 4 call, you mentioned that duplication of chargeback requests for the same dispense may have occurred due to issues you have experienced with BRG's ESP platform.  Please describe those issues in more detail.

We appreciate your attention to these questions, the answers to which will be very helpful to our good faith discussion process and our evaluation of whether the observed spikes in utilization of AbbVie products are attributable to compliance issues or instead are the result of marketing or other ordinary business practices, as you suggested during our call.  To help facilitate our review, we would appreciate the courtesy of your reply by April 18, 2025.  Thank you again for working with us on these matters.

Thank you,
Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228

<image005.jpg>

11



The Mount Sinai Hospital
150 E 42nd St
New York, NY 10017
samuel.wilhelm-ross@mountsinai.org

==Please see answers highlighted below.==

Dear Sam,

Thank you for your response.  We appreciate the information that you have provided so far, although we do not agree with your characterization of our requests as a "fishing expedition."  AbbVie has an unconditional right under the 340B statute to make good faith inquiries related to compliance and, if necessary, to audit covered entities regarding their compliance with the 340B statute's diversion and duplicate discounting provisions.  AbbVie's questions relate to Mount Sinai's compliance with those program integrity requirements, and as such are well within the scope of a good faith inquiry.

While we appreciate the information provided in your letter, we note that your answers do not include the substantive criteria underlying Mount Sinai's 340B policies and practices, particularly with respect to how Mount Sinai implements its patient definition.  To that end, we would ask you to respond to the following:

1. Your response states that Mount Sinai only qualifies prescriptions written by providers who are "employees within the Mount Sinai Health System with privileges within the Mount Sinai Health System."
   - Please explain what qualifies a healthcare professional as a Mount Sinai provider.  What does it specifically mean for a healthcare professional to have "privileges within the Mount Sinai Health System"?  Does "privileges" require a contract between the provider and Mt. Sinai?  If not, please explain in detail what the required relationship between Mount Sinai and the provider must be in order for the provider to be considered to have "privileges" with Mount Sinai.
   - You mention later in your letter that a provider could be a "part-time employee."  Is there a minimum requirement of time that the provider practice at Mount Sinai compared to elsewhere?

==As an initial matter, it is important to understand the relatively unique structure of the Mount Sinai Health System.  The system is comprised of 5 not-for-profit Hospital entities, (all of which are 340B registered hospitals qualifying due to their respective DSH status) and the Icahn School of Medicine at Mount Sinai ("ISMMS"), a not-for profit education corporation which provides all of the physicians who perform the medical services at the respective hospitals.   All the entities have mirror boards of trustees, utilize a single, integrated, electronic medical record for all patients and provide centralized system-wide services for all the respective entities.==
==As we noted in our earlier response, only Mount Sinai health care professionals ("clinicians") who are employed within the Mount Sinai Health System are eligible to==



The Mount Sinai Hospital
150 E 42nd St
New York, NY 10017
samuel.wilhelm-ross@mountsinai.org

write 340b qualifying prescriptions. The ordering clinicians who are not physicians, such as nurse practitioners, physician assistants, pharmacists are employed by the respective hospital(s) where they work. The physicians are employed by ISMMS, but provide their clinical/medical services to the hospital patients and supervise and educate the residents and fellows within the hospitals.   All these physicians are required to be on the medical staff of the hospitals and this confers hospital "privileges" which are necessary to provide such services to the hospitals' patients. To be eligible for such mandatory medical staff appointment, the physicians as part of their employment, must complete and submit a written medical staff application. Once approved to qualify and be part of the medical staff,  the physicians are contractually bound by the medical staff by-laws, policies and procedures.  These by-laws, policies and procedures govern the physicians' practices at the Hospitals. With respect to our "part-time" employees, most of the system's part-time employees are part-time/full-time meaning that they don't work at any other institution, but have chosen to work a part-time schedule at Mount Sinai for personal reasons (often to care for family members).  There is an extremely small number of clinicians who work part-time at Mount Sinai and at another entity, whether it be a health care provider, health care company, or some other business. For these individuals, they would only qualify as a 340B qualifying provider when they were working on behalf of Mount Sinai as a Mount Sinai employee, providing services to a Mount Sinai patient from a qualifying Mount Sinai location.

2. In your response to our inquiry about how Mount Sinai would determine whether a prescription is 340B eligible when the provider is affiliated with both Mount Sinai and a non-340B eligible entity, you stated that "this circumstance would only arise when a provider is a part-time employee of Mount Sinai and has a secondary employment with another entity."
   - How often does the situation occur?  What percentage of Mount Sinai providers are part-time?
   - Does Mount Sinai have policies in place to ensure that providers who, for example, are part-time in private practice, and part-time with Mount Sinai, are not writing prescriptions in their private practice that are then filled through Mount Sinai in order to qualify them as 340B eligible?

As noted above, there is a small number of Mount Sinai clinicians who are part-time with employment at another institution and the bulk of these are clinicians work per diem clinical shifts in the hospital, largely within the emergency departments.

As further explained above, and in our earlier response, prescriptions written by clinicians in their private practice are not 340B eligible prescriptions.  To be 340B eligible, the clinician must be an employed physician, prescribing from an eligible location and issuing the prescription



The Mount Sinai Hospital
150 E 42nd St
New York, NY 10017
samuel.wilhelm-ross@mountsinai.org

to an "eligible" patient.  Simply filling the prescription through the Mount Sinai pharmacy does not render the prescription "340B eligible."

3. Your response also states that, to ensure that a provider's prescription is 340B eligible, Mount Sinai's software verifies that the "patient was seen by the Mount Sinai provider in an eligible location (a location registered on the HRSA database)."
   - When you say an "eligible location," do you mean any 340B covered entity? Yes.
   - Do you mean to refer to Mount Sinai and its registered child sites?  Any registered Mount Sinai Hospital System 340B covered entity? Yes.
   - Could Mount Sinai claim a 340B prescription written by one of its providers practicing part time at another registered covered entity that is not within the Mount Sinai system? No.

4. You state that to be 340B eligible, the patient must have a "substantive medical encounter," and that "MSHS has built criteria in its system to differentiate what is and what is not considered an eligible encounter."
   - Please specify what these "criteria" actually are and explain how Mount Sinai applies those criteria in practice.  How does Mount Sinai (or its MSHS system) define a "substantive medical encounter"?

   Mount Sinai has defined specific visit types as they are coded and labeled in our electronic medical record as substantive encounters. Office visit, initial visit, and treatment visits are examples of visit types that would be considered eligible encounters. Visit types such as medication refill, and lab work would not be considered eligible encounters.

5. Further, you state that "should the encounter meet [MSHS's] criteria (virtual or otherwise) then the encounter is considered eligible."
   - Does this mean that a virtual encounter *can* support 340B eligibility at Mount Sinai?  We note that Mount Sinai stated in our April 4th call that an encounter needed to be in person.  Please clarify whether virtual encounters can in fact qualify to establish 340B eligibility and, if they can, please explain the circumstances in which a virtual encounter would qualify.
   Yes, a virtual visit can support 340B eligibility should it meet the parameters as described in the previous question.

6. Regarding Mount Sinai's controls for differentiating in-patient and outpatient distributions of medications: What criteria does Mount Sinai apply in



The Mount Sinai Hospital
150 E 42nd St
New York, NY 10017
samuel.wilhelm-ross@mountsinai.org

determining whether a patient qualifies for in-patient treatment with a medicine versus outpatient treatment?  (sally will answer)

- Relatedly, does Mount Sinai hospital or its child sites contain any 'mixed use settings'?  If so, please explain how 340B eligibility is determined when the patient is treated in those settings.

The basis for classifying a patient as an inpatient versus outpatient is simple and clearcut.  A patient only is classified as an inpatient, if their treating physician issues an order within the patient's medical record to admit them to the Hospital.  This order, known as an "admission order' renders the patient an inpatient; they are registered as an inpatient, moved to an inpatient bed, and billed with the appropriate DRG (which typically is inclusive of the drugs provided during their inpatient stay, drugs which are NOT 340B eligible.).  All orders for any drugs are placed on the inpatient record, filled by the in-patient hospital pharmacy and provided to the patient in the inpatient setting.  Since the inpatient population is treated through this discrete inpatient process, there is no opportunity for confusion with the outpatient services or any opportunity to confuse an inpatient order with an outpatient prescription.   For mixed-use area settings we use the patient's status at the time of administration to determine patient eligibility.

7. Regarding our question with regard to duplicate discounting, AbbVie has not asked any questions related to the TPA submissions to insurance providers.  AbbVie has only questioned anomalies in the encrypted voluntary claims data submitted by or on behalf of Mount Sinai (and other MSHS 340B covered entities) to the 340B ESP™ platform from February 1, 2022 to April 23, 2023.  As previously explained, the data shows instances where Mount Sinai submitted a chargeback request related to an individual dispense to the 340B ESP™ platform.  A chargeback request referencing the same individual dispense was also submitted to the platform by at another 340B covered entity.  The large majority of the duplicate chargeback requests were submitted by or on behalf of two 340B covered entities under MSHS – Mount Sinai Beth Israel (DSH330169) and Mount Sinai West (DSH330046).  At your request, AbbVie has confirmed with 340B ESP™ that the data submitted by a covered entity are not changed once a submission is accepted.  Following our initial discussion, as explained in our April 28, 2025 letter, AbbVie removed chargeback requests that appear to be a reversal, but there are still approximately 1,400 duplicate chargeback requests from these three MSHA covered entities for the same dispense of an AbbVie drug.

- Please explain how one individual patient dispense could result in a chargeback request being submitted to 340B ESP™ platform from more than one MSHS covered entity.



The Mount Sinai Hospital
150 E 42nd St
New York, NY 10017
samuel.wilhelm-ross@mountsinai.org

As we have said MSHS and other entities have no access or visibility to the data after it is submitted to ESP. Without seeing the line item data we cannot evaluate what may have caused these chargebacks.  However, it is important to note that Mount Sinai had tried to connect with Abbvie directly to resolve a number of issues that arose with ESP and Abbvie drugs during this time period in 2022/2023.  Indeed, our team contacted both ESP and Abbvie on numerous occasions to resolve these data issues, but no one from Abbvie ever responded to our multiple efforts.  It is unfortunate that Abbvie ignored our entreaties at the time when the data was fresh and more easily available to both parties so this could have been resolved promptly from the outset.  Again, however, at this point almost three years after the fact and without any of the claims data, we can't possibly even speculate on the discrepancies with the ESP data.

**<u>June 13, 2025 correspondence between AbbVie and Mount Sinai</u>**

## Van Etten, Elizabeth

| | |
|---|---|
| **From:** | Scheidler, Edward A |
| **Sent:** | Friday, June 13, 2025 7:20 PM |
| **To:** | Wilhelm-Ross, Samuel |
| **Cc:** | Mashni, Susan; Lin, Xin; Schmidt, Vanessa; Scheidler, Edward A |
| **Subject:** | FW: AbbVie/ The Mount Sinai Hospital Follow-up |

**Importance:**    High

Dear Sam,

Thank you for your response to the questions we sent on May 30, 2025. We appreciate the information that you have provided in your letter, but AbbVie has noted that your answers do not include the substantive criteria underlying Mount Sinai's 340B policies and practices, particularly with respect to how Mount Sinai implements its patient definition. To that end, we would ask you to respond to the following:

1. Your response states, "*All these physicians are required to be on the medical staff of the hospitals and this confers hospital "privileges" which are necessary to provide such services to the hospitals' patients*." Do any of the "privileges" extend to outpatient orders only, such that the physician would not have a direct personal contact with a registered patient of one of the five 340B registered Mount Sinai Health System hospitals?

2. In your response to our inquiry about part-time employees, you explained that Mount Sinai employs "*clinicians who work part-time at Mount Sinai and at another entity whether it be a health care provider, health care company, or some other business.*"
   a. Is there a minimum requirement of time that the provider practice at Mount Sinai compared to another entity?
   b. Could you please provide a detailed explanation of the controls Mount Sinai utilizes to ensure that part-time employees are not referring patients from their non-Mount Sinai practice to Mount Sinai to gain 340B eligibility?

3. Your response goes on to state that, "*prescriptions written by clinicians in their private practice are not 340B eligible prescriptions. To be 340B eligible, the clinician must be an employed physician, prescribing from an eligible location and issuing the prescription to an "eligible" patient.*"
   a. How is this enforced? Can you please provide the relevant policy or a detailed description of the enforcement policy?
   b. For an individual to be considered an "*eligible patient*", does a patient need to be a registered patient of Mount Sinai and does that patient have to have an encounter with the Mount Sinai prescribing provider at Mount Sinai in order for the prescription to be 340B eligible?
   c. Would an individual be considered an "*eligible*" patient of Mount Sinai if their prescription filled at the Mount Sinai pharmacy resulted from a visit with a Mount Sinai clinician at one of the other four 340B registered Mount Sinai Health System hospitals (not Mount Sinai)?

4. In response to our request to define a "substantive medical encounter", Mount Sinai provided some examples of what would/would not be considered such.
   a. Did your response provide the comprehensive list of specific visit types as they are coded and labeled in your electronic medical record would be considered eligible encounters for 340B purposes?

b.  You listed "*office visit, initial visit, and treatment visits*" as eligible encounters. Please clarify what is mean by "*treatment visits*."

c.  Does Mount Sinai consider ER/ED, diagnostic test procedures as a treatment visit? Or are these visit types that Mount Sinai does not consider eligible encounters for 340B Program purposes?

d.  In addition to "*medication refills, and lab work,*" can you list the other encounter types that Mount Sinai does not consider eligible encounters?

e.  Please clarify what happens if a patient is seen at more than one Mount Sinai Hospital System covered entity on the same date of service? Is there a process to check whether a prescription of a specific drug is only captured by one Mount Sinai Hospital System per patient and per date of service?

f.  Are duplicates across entities subsequently corrected? If so, please explain the process.

5.  Mount Sinai corrected a statement made in our April 4th call by clarifying "*a virtual visit can support 340B eligibility should it meet the* [Mount Sinai] *parameters.*"

a.  Please explain when a virtual visit would qualify to be coded as an office visit, initial visit or treatment visit.

6.  Regarding Mount Sinai's controls for differentiating in-patient and outpatient distributions of medications, you responded that, "*For mixed-use area settings we use the patient's status at the time of administration to determine patient eligibility.*"

a.  Please clarify the requirements applicable to eligible outpatient visits for 340B purposes when patients are receiving observation services.

7.  You responded to our inquiry related to 340B ESP™ platform submissions by stating that, "*Mount Sinai Hospital System and other entities have no access or visibility to the data after it is submitted.*"

a.  Does Mount Sinai Hospital System check the chargeback data across all entities to eliminate duplicates of same patient, same prescription being submitted by different Mount Sinai Hospital System 340B eligible covered entities?

8.  Mount Sinai explained that your "team contacted both ESP and Abbvie on numerous occasions to resolve these data issues, but no one from Abbvie ever responded to our multiple efforts."

a.  Would you be able to provide more information related to your efforts, such as:

i.  Who did you contact at 340B ESP™ platform? Did 340B ESP reply?

ii.  Who did you contact at AbbVie? How did you contact AbbVie?

iii.   Can you please provide the dates of the numerous attempts?

AbbVie appreciates Mount Sinai's continued participation in this process. Your responses to the above questions are crucial to resolving AbbVie's concerns about potential diversion and duplicate discounting. Substantive responses to the above questions will help in our continuing evaluation of this matter. The prior responses have not precisely answered our questions. As this inquiry process has taken over three months and we expect that you (like us) would like to resolve this matter as expeditiously as possible, we would appreciate your responses to the above follow-up questions by June 20, 2025. Thank you again for your time and attention to this matter relating to 340B compliance.

Sincerely,

Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence

Mobile: 847-452-8228



26525 Riverwoods Blvd.
ABV1-3SE
Mettawa, IL 60045
MOBILE   847-452-8228
EMAIL   EDWARD.SCHEIDLER@ABBVIE.COM

**From:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Sent:** Monday, June 9, 2025 3:09:13 PM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up

Hello Edward,
Please see attached.

Regards,

**Sam Wilhelm-Ross**
Senior Director, 340B Program
Mount Sinai Health System



Mobile- 804-370-2910
Email- samuel.wilhelm-ross@mountsinai.org

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Tuesday, June 3, 2025 7:33 PM
**To:** Strauss, Sally <Sally.Strauss@mountsinai.org>; Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up

Hi Sally,

Thank you for your response, and we will look for your response next week.

Sincerely,

Edward

3

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228



26525 Riverwoods Blvd.
ABV1-3SE
Mettawa, IL 60045
MOBILE   847-452-8228
EMAIL   EDWARD.SCHEIDLER@ABBVIE.COM

---

**From:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Sent:** Monday, June 2, 2025 3:42 PM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up

Edward,

We are reviewing your follow-up informational  requests received Friday evening and will seek to respond next week.  I believe that is a reasonable time-frame given the extent of your additional questions and the other priorities we are all juggling.  Again, in the spirit of partnership and collaboration, we hope to work with you within reasonable time-frames and reasonable requests.

Thank you.

Sally



**Sally Strauss**
Senior Vice President & Senior Associate General Counsel
Legal Department
Mount Sinai Health System
150 East 42nd Street, Suite 2-B.17
New York, NY 10017
Tel:  212-659-8105 I Fax: 212-348-2230 I
**Email:  sally.strauss@mountsinai.org**

---

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Friday, May 30, 2025 7:50 PM
**To:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up

4

Dear Sam,

Thank you for your response.  We appreciate the information that you have provided so far, although we do not agree with your characterization of our requests as a "fishing expedition."  AbbVie has an unconditional right under the 340B statute to make good faith inquiries related to compliance and, if necessary, to audit covered entities regarding their compliance with the 340B statute's diversion and duplicate discounting provisions.  AbbVie's questions relate to Mount Sinai's compliance with those program integrity requirements, and as such are well within the scope of a good faith inquiry.

While we appreciate the information provided in your letter, we note that your answers do not include the substantive criteria underlying Mount Sinai's 340B policies and practices, particularly with respect to how Mount Sinai implements its patient definition.  To that end, we would ask you to respond to the following:

1. Your response states that Mount Sinai only qualifies prescriptions written by providers who are "employees within the Mount Sinai Health System with privileges within the Mount Sinai Health System."
   - Please explain what qualifies a healthcare professional as a Mount Sinai provider.  What does it specifically mean for a healthcare professional to have "privileges within the Mount Sinai Health System"?  Does "privileges" require a contract between the provider and Mt. Sinai?  If not, please explain in detail what the required relationship between Mount Sinai and the provider must be in order for the provider to be considered to have "privileges" with Mount Sinai.
   - You mention later in your letter that a provider could be a "part-time employee."  Is there a minimum requirement of time that the provider practice at Mount Sinai compared to elsewhere?

2. In your response to our inquiry about how Mount Sinai would determine whether a prescription is 340B eligible when the provider is affiliated with both Mount Sinai and a non-340B eligible entity, you stated that "this circumstance would only arise when a provider is a part-time employee of Mount Sinai and has a secondary employment with another entity."
   - How often does the situation occur?  What percentage of Mount Sinai providers are part-time?
   - Does Mount Sinai have policies in place to ensure that providers who, for example, are part-time in private practice, and part-time with Mount Sinai, are not writing prescriptions in their private practice that are then filled through Mount Sinai in order to qualify them as 340B eligible?

3. Your response also states that, to ensure that a provider's prescription is 340B eligible, Mount Sinai's software verifies that the "patient was seen by the Mount Sinai provider in an eligible location (a location registered on the HRSA database)."
   - When you say an "eligible location," do you mean any 340B covered entity?
   - Do you mean to refer to Mount Sinai and its registered child sites?  Any registered Mount Sinai Hospital System 340B covered entity?
   - Could Mount Sinai claim a 340B prescription written by one of its providers practicing part time at another registered covered entity that is not within the Mount Sinai system?

4. You state that to be 340B eligible, the patient must have a "substantive medical encounter," and that "MSHS has built criteria in its system to differentiate what is and what is not considered an eligible encounter."
   - Please specify what these "criteria" actually are and explain how Mount Sinai applies those criteria in practice.  How does Mount Sinai (or its MSHS system) define a "substantive medical encounter"?

5. Further, you state that "should the encounter meet [MSHS's] criteria (virtual or otherwise) then the encounter is considered eligible."
   - Does this mean that a virtual encounter *can* support 340B eligibility at Mount Sinai?  We note that Mount Sinai stated in our April 4th call that an encounter needed to be in person.  Please clarify

whether virtual encounters can in fact qualify to establish 340B eligibility and, if they can, please explain the circumstances in which a virtual encounter would qualify.

6. Regarding Mount Sinai's controls for differentiating in-patient and outpatient distributions of medications: What criteria does Mount Sinai apply in determining whether a patient qualifies for in-patient treatment with a medicine versus outpatient treatment?
   • Relatedly, does Mount Sinai hospital or its child sites contain any 'mixed use settings'? If so, please explain how 340B eligibility is determined when the patient is treated in those settings.

7. Regarding our question with regard to duplicate discounting, AbbVie has not asked any questions related to the TPA submissions to insurance providers. AbbVie has only questioned anomalies in the encrypted voluntary claims data submitted by or on behalf of Mount Sinai (and other MSHS 340B covered entities) to the 340B ESP™ platform from February 1, 2022 to April 23, 2023. As previously explained, the data shows instances where Mount Sinai submitted a chargeback request related to an individual dispense to the 340B ESP™ platform. A chargeback request referencing the same individual dispense was also submitted to the platform by at another 340B covered entity. The large majority of the duplicate chargeback requests were submitted by or on behalf of two 340B covered entities under MSHS – Mount Sinai Beth Israel (DSH330169) and Mount Sinai West (DSH330046). At your request, AbbVie has confirmed with 340B ESP™ that the data submitted by a covered entity are not changed once a submission is accepted. Following our initial discussion, as explained in our April 28, 2025 letter, AbbVie removed chargeback requests that appear to be a reversal, but there are still approximately 1,400 duplicate chargeback requests from these three MSHA covered entities for the same dispense of an AbbVie drug.
   • Please explain how one individual patient dispense could result in a chargeback request being submitted to 340B ESP™ platform from more than one MSHS covered entity.

As noted, AbbVie appreciates Mount Sinai's participation in this process, but responses to the above questions are important to our inquiry, as we do not yet have visibility into precisely how Mount Sinai applies its patient definition criteria. Given the anomalous utilization trends within Mount Sinai noted in our prior communications, we remain concerned about the potential for diversion and duplicate discounting. Substantive responses to the above questions will help in our continuing evaluation of this matter. As this good faith discussion process first initiated on March 6, 2025, we would appreciate your responses to the above follow up questions by June 5, 2025. Thank you again for your time and attention to this matter relating to 340B compliance.

Sincerely,

Edward


**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228

abbvie
26525 Riverwoods Blvd.
ABV1-3SE
Mettawa, IL 60045
MOBILE  847-452-8228
EMAIL  EDWARD.SCHEIDLER@ABBVIE.COM

---

**From:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Sent:** Wednesday, May 21, 2025 11:36 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Strauss, Sally <Sally.Strauss@mountsinai.org>

**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up

Hi Edward,
Please see attached.

Best Regards,
Sam

**Sam Wilhelm-Ross**
Senior Director, 340B Program
Mount Sinai Health System



Mobile- 804-370-2910
Email- samuel.wilhelm-ross@mountsinai.org

---

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Tuesday, May 6, 2025 9:41 AM
**To:** Strauss, Sally <Sally.Strauss@mountsinai.org>; Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up

HI Sally,

Thanks, Sally. I understand. We will look forward to your detailed response to our questions before May 23rd.

Enjoy your birthday and anniversary celebration!

Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228

abbvie
26525 Riverwoods Blvd.
ABV1-3SE
Mettawa, IL 60045
MOBILE   847-452-8228
EMAIL   EDWARD.SCHEIDLER@ABBVIE.COM

7

**From:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Sent:** Thursday, May 1, 2025 5:43 PM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up

Ed,

Sam forwarded me the letter you sent us at around midnight Monday evening requesting that we provide you with a response to the multitude of questions by tomorrow.  You further suggested that this request was well within the bounds of Abbvie's  good faith inquiry and process.

As an initial matter, I want to note that I have been in a 2 day intensive Hearing  and conducting witness preps prior to that so have not been able to turn to your letter until this evening. I am heading on a family vacation tomorrow to celebrate my 65th birthday and 40th anniversary and simply will not be in a position to respond to your letter and questions until the week of May 19th.   I certainly don't believe that this time-frame is unreasonable, particularly given your earlier request to delay our initial call based on your personal vacation plans.  As professionals, I believe we all try to accommodate each other's personal and professional schedules.

While we believe that the detailed questions in Abbvie's April 11th letter exceed the bounds of a "good faith inquiry"  we will try to the best of our ability to answer them in our next response.  To the degree that your questions warrant a conversation, we will seek to set up a second call.

We also value our relationship with Abbvie and similarly remain committed to working cooperatively during this good faith process.

Regards,

Sally Strauss




**Sally Strauss**
Senior Vice President & Senior Associate General Counsel
Legal Department
Mount Sinai Health System
150 East 42nd Street, Suite 2-B.17
New York, NY 10017
Tel:  212-659-8105 I Fax: 212-348-2230 I
**Email:  sally.strauss@mountsinai.org**


---

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Monday, April 28, 2025 11:45 PM
**To:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan

<Susan.Mashni@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up

Hello Sam,

Please see the attached letter.

Thank you,

Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228

abbvie
26525 Riverwoods Blvd.
ABV1-3SE
Mettawa, IL 60045
MOBILE   847-452-8228
EMAIL   EDWARD.SCHEIDLER@ABBVIE.COM

---

**From:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Sent:** Tuesday, April 22, 2025 10:15 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

No problem. Thanks for confirming.

---

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Tuesday, April 22, 2025 11:05 AM
**To:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Sam,

Confirming receipt.  The error is clearly on my end.  Thank you for sending the reply on 4/15, as you and Sally committed to do.


Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228

9



abbvie
26525 Riverwoods Blvd.
ABV1-3SE
Mettawa, IL 60045
MOBILE   847-452-8228
EMAIL   EDWARD.SCHEIDLER@ABBVIE.COM

**From:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Sent:** Tuesday, April 22, 2025 7:39 AM
**To:** Strauss, Sally <Sally.Strauss@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Good Morning all,
Resending our response from 4/15 with the letter enclosed. Please confirm receipt.
Thanks,
Sam

**Sam Wilhelm-Ross**
Senior Director, 340B Program
Mount Sinai Health System

Mount
Sinai

Mobile- 804-370-2910
Email- samuel.wilhelm-ross@mountsinai.org

**From:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Sent:** Tuesday, April 22, 2025 5:25 AM
**To:** Edward A Scheidler <edward.scheidler@abbvie.com>
**Cc:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Vanessa Schmidt <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Edward A Scheidler <edward.scheidler@abbvie.com>
**Subject:** Re: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

In fact my records show that the email with our letter was sent on 4/15. For some reason the letter won't forward from my iPad, but we will resend this morning and also mail you the letter. Please check your email to confirm that you never received anything from Samuel Wilhelm-Ross.
Sent from my iPad

> On Apr 21, 2025, at 10:48 PM, Scheidler, Edward A <edward.scheidler@abbvie.com> wrote:

> Hi Sally,

10

We expected a response to our letter by 4/18, but we have not heard from you. Please respond by 5pm CT <u>tomorrow</u>,4/22, or we will proceed accordingly.


Thank you,

Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228

<image003.png>

---

**From:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Sent:** Tuesday, April 15, 2025 8:30 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Cc:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Just wanted to make sure you also saw my follow up email sent on Saturday.

We should be sending a written response to your original letter today or tomorrow.

Sally


## <image004.jpg>

**Sally Strauss**
Senior Vice President & Senior Associate General Counsel
Legal Department
Mount Sinai Health System
150 East 42nd Street, Suite 2-B.17
New York, NY 10017
Tel:  212-659-8105 I Fax: 212-348-2230 I
**Email:  sally.strauss@mountsinai.org**


---

**From:** Strauss, Sally
**Sent:** Saturday, April 12, 2025 11:43 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Cc:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Dear Mr. Scheidler,

As  noted in my email last night and as we stated on our April 4th call,, we will be getting back to you with a written summary of our discussion on the call with regards to the questions raised in your original

11

letter.  However, I wanted to clarify one important misunderstanding from you Friday evening email below regarding Mount Sinai's definition of an "eligible patient" for purposes of 340b.  I thought we were very clear on our call, but I am confirming this in writing; Mount Sinai follows the HRSA  patient definition for "eligible patient."   In fact we incorporated the HRSA definition verbatim into our  policy.  There are no qualifications or deviations whatsoever.  Accordingly, I believe we have answered your question below.  Again, Mount Sinai's definition of "eligible patient" is identical to HRSA's.

We had thought our conversation on April 4th was productive and in good faith and will be responding to you in writing this week in that same spirit.

Regards,

Sally Strauss
Sr. Associate General Counsel and Sr. Vice President
The Mount Sinai Health System

---

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Friday, April 11, 2025 8:30 PM
**To:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>
**Subject:** AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

USE CAUTION: External Message.

Dear Ms. Strauss,

Thank you for taking the time to speak with us on April 4 concerning AbbVie's questions about Mt. Sinai's compliance with 340B program integrity requirements.  We are writing to follow-up on some questions that we had coming out of our call, with the hope that your responses could further our good faith discussions.  First, we understand from our call that Mt. Sinai is not willing to produce its patient definition policy.  We believe that production of this document would be helpful to our discussions, and we reiterate our request.  Please let us know if Mt. Sinai will reconsider its position.  Second, to help streamline our discussions further, we request that Mt. Sinai produce written responses to the below questions relating to its compliance with the diversion and duplicate discounting prohibitions of the 340B statute:

1.  What record-keeping requirements does Mt. Sinai apply to memorialize referrals to 340B eligible facilities to support patient eligibility?
2.  What time horizon does Mt. Sinai apply between an encounter with Mt. Sinai and the dispensing of a 340B eligible prescription?
3.  Would Mt. Sinai consider to be 340B eligible a prescription that was written at one of its 340B eligible facilities that relates to a diagnosis made by a provider affiliated with a non-340B eligible facility?  If so, please explain your policy in this regard.
4.  Conversely, would Mt. Sinai consider drug administered at one of its 340B eligible facilities to be 340B eligible if the prescription were written by a provider affiliated with a non-340B eligible entity?  If so, please explain your policy in this regard.
5.  When a provider is affiliated both with Mt. Sinai and with a non-340B eligible entity, how does Mt. Sinai determine whether prescriptions written by that provider are 340B eligible?

12

6.  What is Mt. Sinai's record-keeping requirement to establish that a provider is sufficiently affiliated with Mt. Sinai to conclude that individuals who are diagnosed and treated by that provider, and who receive prescriptions prescribed by that provider, are 340B eligible patients?

7.  What documentation does Mt. Sinai require between the hospital and the provider to substantiate that a medical encounter with that provider is sufficient to establish a patient relationship for purposes of 340B eligibility? Mt. Sinai stated in the April 4th call that an encounter needed to be in person to establish 340B eligibility. Can you please confirm that this statement is accurate? If not, please explain the circumstances in which a virtual encounter would be considered sufficient to establish 340B eligibility at Mt. Sinai.

8.  Does Mt. Sinai use a central fill pharmacy location for both 340B covered entities and non-340B facilities? If so, please explain how 340B orders are placed and dispensed through that central fill pharmacy process and how 340B eligibility of orders is identified, established, and tracked.

9.  Please explain Mt. Sinai's controls for differentiating in-patient and outpatient prescriptions.

10.  Please explain Mt. Sinai's controls to mitigate duplicate discounting with state Medicaid programs, including with managed Medicaid.

11.  During our April 4 call, you mentioned that duplication of chargeback requests for the same dispense may have occurred due to issues you have experienced with BRG's ESP platform. Please describe those issues in more detail.

We appreciate your attention to these questions, the answers to which will be very helpful to our good faith discussion process and our evaluation of whether the observed spikes in utilization of AbbVie products are attributable to compliance issues or instead are the result of marketing or other ordinary business practices, as you suggested during our call. To help facilitate our review, we would appreciate the courtesy of your reply by April 18, 2025. Thank you again for working with us on these matters.

Thank you,
Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228

<image005.jpg>

13

**June 24, 2025 correspondence between AbbVie and Mount Sinai**

**Van Etten, Elizabeth**

**From:** elizabeth.vanetten@abbvie.com
**Attachments:** Mount Sinai Response Abbvie 6.24.25.docx

**From:** "Wilhelm-Ross, Samuel" <Samuel.Wilhelm-Ross@mountsinai.org>
**Date:** June 24, 2025 at 8:16:01 AM CDT
**To:** "Scheidler, Edward A" <edward.scheidler@abbvie.com>
**Cc:** "Mashni, Susan" <Susan.Mashni@mountsinai.org>, "Lin, Xin" <Xin.Lin@mountsinai.org>, "Schmidt, Vanessa" <vanessa.schmidt@abbvie.com>, "Strauss, Sally" <Sally.Strauss@mountsinai.org>
**Subject: [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up**

Hello Edward,
Please see attached.

**Sam Wilhelm-Ross**
Senior Director, 340B Program
Mount Sinai Health System

Mobile- 804-370-2910
Email- samuel.wilhelm-ross@mountsinai.org

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Monday, June 23, 2025 11:30 AM
**To:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Cc:** Mashni, Susan <Susan.Mashni@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up

Hello Sam,

We had a few additional questions based on your previous reply, that I sent on Friday 6/13/25 (see below), that I'd like to bring to the top of your inbox.  We would appreciate a timely reply/

Thank you,

Edward

P.S.  I apologize if you received this twice today – I am having email issues and I wasn't sure my first attempt was successful.

1

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Friday, June 13, 2025 6:20 PM
**To:** Wilhelm-Ross, Samuel <samuel.wilhelm-ross@mountsinai.org>
**Cc:** Mashni, Susan <susan.mashni@mountsinai.org>; Lin, Xin <xin.lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Subject:** FW: AbbVie/ The Mount Sinai Hospital Follow-up
**Importance:** High

Dear Sam,

Thank you for your response to the questions we sent on May 30, 2025. We appreciate the information that you have provided in your letter, but AbbVie has noted that your answers do not include the substantive criteria underlying Mount Sinai's 340B policies and practices, particularly with respect to how Mount Sinai implements its patient definition. To that end, we would ask you to respond to the following:

1.  Your response states, "*All these physicians are required to be on the medical staff of the hospitals and this confers hospital "privileges" which are necessary to provide such services to the hospitals' patients*." Do any of the "privileges" extend to outpatient orders only, such that the physician would not have a direct personal contact with a registered patient of one of the five 340B registered Mount Sinai Health System hospitals?

2.  In your response to our inquiry about part-time employees, you explained that Mount Sinai employs "*clinicians who work part-time at Mount Sinai and at another entity whether it be a health care provider, health care company, or some other business.*"
    1.  Is there a minimum requirement of time that the provider practice at Mount Sinai compared to another entity?
    2.  Could you please provide a detailed explanation of the controls Mount Sinai utilizes to ensure that part-time employees are not referring patients from their non-Mount Sinai practice to Mount Sinai to gain 340B eligibility?

3.  Your response goes on to state that, "*prescriptions written by clinicians in their private practice are not 340B eligible prescriptions. To be 340B eligible, the clinician must be an employed physician, prescribing from an eligible location and issuing the prescription to an "eligible" patient.*"
    1.  How is this enforced? Can you please provide the relevant policy or a detailed description of the enforcement policy?
    2.  For an individual to be considered an "*eligible patient*", does a patient need to be a registered patient of Mount Sinai and does that patient have to have an encounter with the Mount Sinai prescribing provider at Mount Sinai in order for the prescription to be 340B eligible?
    3.  Would an individual be considered an "*eligible*" patient of Mount Sinai if their prescription filled at the Mount Sinai pharmacy resulted from a visit with a Mount Sinai clinician at one of the other four 340B registered Mount Sinai Health System hospitals (not Mount Sinai)?

2

4.  In response to our request to define a "substantive medical encounter", Mount Sinai provided some examples of what would/would not be considered such.
    1.  Did your response provide the comprehensive list of specific visit types as they are coded and labeled in your electronic medical record would be considered eligible encounters for 340B purposes?
    2.  You listed "*office visit, initial visit, and treatment visits*" as eligible encounters. Please clarify what is mean by "*treatment visits*."
    3.  Does Mount Sinai consider ER/ED, diagnostic test procedures as a treatment visit? Or are these visit types that Mount Sinai does not consider eligible encounters for 340B Program purposes?
    4.  In addition to "*medication refills, and lab work*," can you list the other encounter types that Mount Sinai does not consider eligible encounters?
    5.  Please clarify what happens if a patient is seen at more than one Mount Sinai Hospital System covered entity on the same date of service? Is there a process to check whether a prescription of a specific drug is only captured by one Mount Sinai Hospital System per patient and per date of service?
    6.  Are duplicates across entities subsequently corrected? If so, please explain the process.

5.  Mount Sinai corrected a statement made in our April 4th call by clarifying "*a virtual visit can support 340B eligibility should it meet the* [Mount Sinai] *parameters.*"
    1.  Please explain when a virtual visit would qualify to be coded as an office visit, initial visit or treatment visit.

6.  Regarding Mount Sinai's controls for differentiating in-patient and outpatient distributions of medications, you responded that, "*For mixed-use area settings we use the patient's status at the time of administration to determine patient eligibility.*"
    1.  Please clarify the requirements applicable to eligible outpatient visits for 340B purposes when patients are receiving observation services.

7.  You responded to our inquiry related to 340B ESP™ platform submissions by stating that, "*Mount Sinai Hospital System and other entities have no access or visibility to the data after it is submitted.*"
    1.  Does Mount Sinai Hospital System check the chargeback data across all entities to eliminate duplicates of same patient, same prescription being submitted by different Mount Sinai Hospital System 340B eligible covered entities?

8.  Mount Sinai explained that your "team contacted both ESP and Abbvie on numerous occasions to resolve these data issues, but no one from Abbvie ever responded to our multiple efforts."
    1.  Would you be able to provide more information related to your efforts, such as:
        1.  Who did you contact at 340B ESP™ platform? Did 340B ESP reply?
        2.  Who did you contact at AbbVie? How did you contact AbbVie?
        3.  Can you please provide the dates of the numerous attempts?

AbbVie appreciates Mount Sinai's continued participation in this process. Your responses to the above questions are crucial to resolving AbbVie's concerns about potential diversion and duplicate discounting. Substantive responses to the above questions will help in our continuing evaluation of this matter. The prior responses have not precisely answered our questions. As this inquiry process has taken over three months and we expect that you (like us) would like to resolve this matter as

expeditiously as possible, we would appreciate your responses to the above follow-up questions by June 20, 2025. Thank you again for your time and attention to this matter relating to 340B compliance.

Sincerely,

Edward


**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228


**From:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Sent:** Monday, June 9, 2025 3:09:13 PM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up

Hello Edward,
Please see attached.

Regards,


**Sam Wilhelm-Ross**
Senior Director, 340B Program
Mount Sinai Health System

<image002.png>

Mobile- 804-370-2910
Email- samuel.wilhelm-ross@mountsinai.org


**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Tuesday, June 3, 2025 7:33 PM
**To:** Strauss, Sally <Sally.Strauss@mountsinai.org>; Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up

Hi Sally,

Thank you for your response, and we will look for your response next week.

Sincerely,

4

Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228

---

**From:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Sent:** Monday, June 2, 2025 3:42 PM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up

Edward,

We are reviewing your follow-up informational  requests received Friday evening and will seek to respond next week.  I believe that is a reasonable time-frame given the extent of your additional questions and the other priorities we are all juggling.  Again, in the spirit of partnership and collaboration, we hope to work with you within reasonable time-frames and reasonable requests.

Thank you.

Sally

**Sally Strauss**
Senior Vice President & Senior Associate General Counsel
Legal Department
Mount Sinai Health System
150 East 42nd Street, Suite 2-B.17
New York, NY 10017
Tel:  212-659-8105 I Fax: 212-348-2230 I
**Email:  sally.strauss@mountsinai.org**

---

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Friday, May 30, 2025 7:50 PM
**To:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up

Dear Sam,

5

Thank you for your response.  We appreciate the information that you have provided so far, although we do not agree with your characterization of our requests as a "fishing expedition."  AbbVie has an unconditional right under the 340B statute to make good faith inquiries related to compliance and, if necessary, to audit covered entities regarding their compliance with the 340B statute's diversion and duplicate discounting provisions.  AbbVie's questions relate to Mount Sinai's compliance with those program integrity requirements, and as such are well within the scope of a good faith inquiry.

While we appreciate the information provided in your letter, we note that your answers do not include the substantive criteria underlying Mount Sinai's 340B policies and practices, particularly with respect to how Mount Sinai implements its patient definition.  To that end, we would ask you to respond to the following:

1. Your response states that Mount Sinai only qualifies prescriptions written by providers who are "employees within the Mount Sinai Health System with privileges within the Mount Sinai Health System."
   - Please explain what qualifies a healthcare professional as a Mount Sinai provider.  What does it specifically mean for a healthcare professional to have "privileges within the Mount Sinai Health System"?  Does "privileges" require a contract between the provider and Mt. Sinai?  If not, please explain in detail what the required relationship between Mount Sinai and the provider must be in order for the provider to be considered to have "privileges" with Mount Sinai.
   - You mention later in your letter that a provider could be a "part-time employee."  Is there a minimum requirement of time that the provider practice at Mount Sinai compared to elsewhere?

1. In your response to our inquiry about how Mount Sinai would determine whether a prescription is 340B eligible when the provider is affiliated with both Mount Sinai and a non-340B eligible entity, you stated that "this circumstance would only arise when a provider is a part-time employee of Mount Sinai and has a secondary employment with another entity."
   - How often does the situation occur?  What percentage of Mount Sinai providers are part-time?
   - Does Mount Sinai have policies in place to ensure that providers who, for example, are part-time in private practice, and part-time with Mount Sinai, are not writing prescriptions in their private practice that are then filled through Mount Sinai in order to qualify them as 340B eligible?

1. Your response also states that, to ensure that a provider's prescription is 340B eligible, Mount Sinai's software verifies that the "patient was seen by the Mount Sinai provider in an eligible location (a location registered on the HRSA database)."
   - When you say an "eligible location," do you mean any 340B covered entity?
   - Do you mean to refer to Mount Sinai and its registered child sites?  Any registered Mount Sinai Hospital System 340B covered entity?
   - Could Mount Sinai claim a 340B prescription written by one of its providers practicing part time at another registered covered entity that is not within the Mount Sinai system?

1. You state that to be 340B eligible, the patient must have a "substantive medical encounter," and that "MSHS has built criteria in its system to differentiate what is and what is not considered an eligible encounter."

- Please specify what these "criteria" actually are and explain how Mount Sinai applies those criteria in practice.  How does Mount Sinai (or its MSHS system) define a "substantive medical encounter"?

1. Further, you state that "should the encounter meet [MSHS's] criteria (virtual or otherwise) then the encounter is considered eligible."
   - Does this mean that a virtual encounter *can* support 340B eligibility at Mount Sinai?  We note that Mount Sinai stated in our April 4th call that an encounter needed to be in person.  Please clarify whether virtual encounters can in fact qualify to establish 340B eligibility and, if they can, please explain the circumstances in which a virtual encounter would qualify.

1. Regarding Mount Sinai's controls for differentiating in-patient and outpatient distributions of medications: What criteria does Mount Sinai apply in determining whether a patient qualifies for in-patient treatment with a medicine versus outpatient treatment?
   - Relatedly, does Mount Sinai hospital or its child sites contain any 'mixed use settings'?  If so, please explain how 340B eligibility is determined when the patient is treated in those settings.

1. Regarding our question with regard to duplicate discounting, AbbVie has not asked any questions related to the TPA submissions to insurance providers.  AbbVie has only questioned anomalies in the encrypted voluntary claims data submitted by or on behalf of Mount Sinai (and other MSHS 340B covered entities) to the 340B ESP™ platform from February 1, 2022 to April 23, 2023.  As previously explained, the data shows instances where Mount Sinai submitted a chargeback request related to an individual dispense to the 340B ESP™ platform.  A chargeback request referencing the same individual dispense was also submitted to the platform by at another 340B covered entity.  The large majority of the duplicate chargeback requests were submitted by or on behalf of two 340B covered entities under MSHS – Mount Sinai Beth Israel (DSH330169) and Mount Sinai West (DSH330046).  At your request, AbbVie has confirmed with 340B ESP™ that the data submitted by a covered entity are not changed once a submission is accepted.  Following our initial discussion, as explained in our April 28, 2025 letter, AbbVie removed chargeback requests that appear to be a reversal, but there are still approximately 1,400 duplicate chargeback requests from these three MSHA covered entities for the same dispense of an AbbVie drug.
   - Please explain how one individual patient dispense could result in a chargeback request being submitted to 340B ESP™ platform from more than one MSHS covered entity.

As noted, AbbVie appreciates Mount Sinai's participation in this process, but responses to the above questions are important to our inquiry, as we do not yet have visibility into precisely how Mount Sinai applies its patient definition criteria.  Given the anomalous utilization trends within Mount Sinai noted in our prior communications, we remain concerned about the potential for diversion and duplicate discounting.  Substantive responses to the above questions will help in our continuing evaluation of this matter.  As this good faith discussion process first initiated on March 6, 2025, we would appreciate your responses to the above follow up questions by June 5, 2025.  Thank you again for your time and attention to this matter relating to 340B compliance.

Sincerely,

Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228

---

**From:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Sent:** Wednesday, May 21, 2025 11:36 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up

Hi Edward,
Please see attached.

Best Regards,
Sam

**Sam Wilhelm-Ross**
Senior Director, 340B Program
Mount Sinai Health System

<image002.png>

Mobile- 804-370-2910
Email- samuel.wilhelm-ross@mountsinai.org

---

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Tuesday, May 6, 2025 9:41 AM
**To:** Strauss, Sally <Sally.Strauss@mountsinai.org>; Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up

HI Sally,

Thanks, Sally. I understand. We will look forward to your detailed response to our questions before May 23rd.

Enjoy your birthday and anniversary celebration!

Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228

**From:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Sent:** Thursday, May 1, 2025 5:43 PM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up

Ed,

Sam forwarded me the letter you sent us at around midnight Monday evening requesting that we provide you with a response to the multitude of questions by tomorrow.  You further suggested that this request was well within the bounds of Abbvie's  good faith inquiry and process.

As an initial matter, I want to note that I have been in a 2 day intensive Hearing  and conducting witness preps prior to that so have not been able to turn to your letter until this evening. I am heading on a family vacation tomorrow to celebrate my 65th birthday and 40th anniversary and simply will not be in a position to respond to your letter and questions until the week of May 19th.   I certainly don't believe that this time-frame is unreasonable, particularly given your earlier request to delay our initial call based on your personal vacation plans.  As professionals, I believe we all try to accommodate each other's personal and professional schedules.

While we believe that the detailed questions in Abbvie's April 11th letter exceed the bounds of a "good faith inquiry"  we will try to the best of our ability to answer them in our next response.  To the degree that your questions warrant a conversation, we will seek to set up a second call.

We also value our relationship with Abbvie and similarly remain committed to working cooperatively during this good faith process.

Regards,

Sally Strauss


**<image012.jpg>**

**Sally Strauss**
Senior Vice President & Senior Associate General Counsel
Legal Department
Mount Sinai Health System
150 East 42nd Street, Suite 2-B.17
New York, NY 10017
Tel:  212-659-8105 I Fax: 212-348-2230 I
**Email:  sally.strauss@mountsinai.org**


**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Monday, April 28, 2025 11:45 PM
**To:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Strauss, Sally <Sally.Strauss@mountsinai.org>

9

**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up

Hello Sam,

Please see the attached letter.

Thank you,

Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228


**From:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Sent:** Tuesday, April 22, 2025 10:15 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

No problem. Thanks for confirming.


**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Tuesday, April 22, 2025 11:05 AM
**To:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Sam,

Confirming receipt.  The error is clearly on my end.  Thank you for sending the reply on 4/15, as you and Sally committed to do.


Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228


**From:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Sent:** Tuesday, April 22, 2025 7:39 AM
**To:** Strauss, Sally <Sally.Strauss@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Cc:** Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni,

10

Susan <Susan.Mashni@mountsinai.org>; Scheidler, Edward A <edward.scheidler@abbvie.com>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Good Morning all,
Resending our response from 4/15 with the letter enclosed. Please confirm receipt.
Thanks,
Sam

**Sam Wilhelm-Ross**
Senior Director, 340B Program
Mount Sinai Health System

<image002.png>

Mobile- 804-370-2910
Email- samuel.wilhelm-ross@mountsinai.org

---

**From:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Sent:** Tuesday, April 22, 2025 5:25 AM
**To:** Edward A Scheidler <edward.scheidler@abbvie.com>
**Cc:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Vanessa Schmidt <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>; Edward A Scheidler <edward.scheidler@abbvie.com>
**Subject:** Re: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

In fact my records show that the email with our letter was sent on 4/15.  For some reason the letter won't forward from my iPad, but we will resend this morning and also mail you the letter.  Please check your email to confirm that you never received anything from Samuel Wilhelm-Ross.
Sent from my iPad

> On Apr 21, 2025, at 10:48 PM, Scheidler, Edward A <edward.scheidler@abbvie.com> wrote:
>
> Hi Sally,
>
> We expected a response to our letter by 4/18, but we have not heard from you.
> Please respond by 5pm CT tomorrow,4/22, or we will proceed accordingly.
>
> Thank you,
>
> Edward
>
> **EDWARD SCHEIDLER**
> Head of 340B Center of Excellence
> Mobile: 847-452-8228
>
> <image003.png>

11

**From:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Sent:** Tuesday, April 15, 2025 8:30 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Cc:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** [EXTERNAL] RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Just wanted to make sure you also saw my follow up email sent on Saturday.

We should be sending a written response to your original letter today or tomorrow.

Sally


**<image004.jpg>**

**Sally Strauss**
Senior Vice President & Senior Associate General Counsel
Legal Department
Mount Sinai Health System
150 East 42nd Street, Suite 2-B.17
New York, NY 10017
Tel:  212-659-8105 I Fax: 212-348-2230 I
**Email:  sally.strauss@mountsinai.org**


**From:** Strauss, Sally
**Sent:** Saturday, April 12, 2025 11:43 AM
**To:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Cc:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>; Mashni, Susan <Susan.Mashni@mountsinai.org>
**Subject:** RE: AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

Dear Mr. Scheidler,

As  noted in my email last night and as we stated on our April 4th call,, we will be getting back to you with a written summary of our discussion on the call with regards to the questions raised in your original letter.  However, I wanted to clarify one important misunderstanding from you Friday evening email below regarding Mount Sinai's definition of an "eligible patient" for purposes of 340b.  I thought we were very clear on our call, but I am confirming this in writing; Mount Sinai follows the HRSA  patient definition for "eligible patient."   In fact we incorporated the HRSA definition verbatim into our  policy.  There are no qualifications or deviations whatsoever.  Accordingly, I believe we have answered your question below.  Again, Mount Sinai's definition of "eligible patient" is identical to HRSA's.

We had thought our conversation on April 4th was productive and in good faith and will be responding to you in writing this week in that same spirit.

12

Regards,

Sally Strauss
Sr. Associate General Counsel and Sr. Vice President
The Mount Sinai Health System

---

**From:** Scheidler, Edward A <edward.scheidler@abbvie.com>
**Sent:** Friday, April 11, 2025 8:30 PM
**To:** Strauss, Sally <Sally.Strauss@mountsinai.org>
**Cc:** Scheidler, Edward A <edward.scheidler@abbvie.com>; Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>; Schmidt, Vanessa <vanessa.schmidt@abbvie.com>
**Subject:** AbbVie/ The Mount Sinai Hospital Follow-up to 4/4/25 Meeting

USE CAUTION: External Message.

Dear Ms. Strauss,

Thank you for taking the time to speak with us on April 4 concerning AbbVie's questions about Mt. Sinai's compliance with 340B program integrity requirements.  We are writing to follow-up on some questions that we had coming out of our call, with the hope that your responses could further our good faith discussions.  First, we understand from our call that Mt. Sinai is not willing to produce its patient definition policy.  We believe that production of this document would be helpful to our discussions, and we reiterate our request.  Please let us know if Mt. Sinai will reconsider its position.  Second, to help streamline our discussions further, we request that Mt. Sinai produce written responses to the below questions relating to its compliance with the diversion and duplicate discounting prohibitions of the 340B statute:

1. What record-keeping requirements does Mt. Sinai apply to memorialize referrals to 340B eligible facilities to support patient eligibility?
2. What time horizon does Mt. Sinai apply between an encounter with Mt. Sinai and the dispensing of a 340B eligible prescription?
3. Would Mt. Sinai consider to be 340B eligible a prescription that was written at one of its 340B eligible facilities that relates to a diagnosis made by a provider affiliated with a non-340B eligible facility?  If so, please explain your policy in this regard.
4. Conversely, would Mt. Sinai consider drug administered at one of its 340B eligible facilities to be 340B eligible if the prescription were written by a provider affiliated with a non-340B eligible entity?  If so, please explain your policy in this regard.
5. When a provider is affiliated both with Mt. Sinai and with a non-340B eligible entity, how does Mt. Sinai determine whether prescriptions written by that provider are 340B eligible?
6. What is Mt. Sinai's record-keeping requirement to establish that a provider is sufficiently affiliated with Mt. Sinai to conclude that individuals who are diagnosed and treated by that provider, and who receive prescriptions prescribed by that provider, are 340B eligible patients?
7. What documentation does Mt. Sinai require between the hospital and the provider to substantiate that a medical encounter with that provider is sufficient to establish a patient relationship for purposes of 340B eligibility?  Mt. Sinai

13

stated in the April 4th call that an encounter needed to be in person to establish 340B eligibility. Can you please confirm that this statement is accurate? If not, please explain the circumstances in which a virtual encounter would be considered sufficient to establish 340B eligibility at Mt. Sinai.

8. Does Mt. Sinai use a central fill pharmacy location for both 340B covered entities and non-340B facilities? If so, please explain how 340B orders are placed and dispensed through that central fill pharmacy process and how 340B eligibility of orders is identified, established, and tracked.

9. Please explain Mt. Sinai's controls for differentiating in-patient and outpatient prescriptions.

10. Please explain Mt. Sinai's controls to mitigate duplicate discounting with state Medicaid programs, including with managed Medicaid.

11. During our April 4 call, you mentioned that duplication of chargeback requests for the same dispense may have occurred due to issues you have experienced with BRG's ESP platform. Please describe those issues in more detail.

We appreciate your attention to these questions, the answers to which will be very helpful to our good faith discussion process and our evaluation of whether the observed spikes in utilization of AbbVie products are attributable to compliance issues or instead are the result of marketing or other ordinary business practices, as you suggested during our call. To help facilitate our review, we would appreciate the courtesy of your reply by April 18, 2025. Thank you again for working with us on these matters.

Thank you,
Edward

**EDWARD SCHEIDLER**
Head of 340B Center of Excellence
Mobile: 847-452-8228

<image005.jpg>

14



The Mount Sinai Hospital
150 E 42nd St
New York, NY 10017
samuel.wilhelm-ross@mountsinai.org

Dear Edward,

Before we continue to engage in Abbvie's continued efforts to obtain information that is at most tangential to a "good faith inquiry," we want to address your allegation that our answers have not been responsive.  To the contrary, your questions have gone far afield from the essence of the issue of diversion and at this point appear to be an enterprise in harassment sent on Friday nights and aimed at a not-for-profit DSH Hospital trying to conserve its resources for its needy patients and community.

We have answered many of your questions below already and some of the questions you can obtain from your own vendor ESP.  Nonetheless, in a continued effort to be cooperative, we will yet again answer these questions.  Please see below.

1.     Your response states, "*All these physicians are required to be on the medical staff of the hospitals and this confers hospital "privileges" which are necessary to provide such services to the hospitals' patients*." Do any of the "privileges" extend to outpatient orders only, such that the physician would not have a direct personal contact with a registered patient of one of the five 340B registered . We Mount Sinai Health System hospitals?

No, the physician always has direct personal contact with the patient.

2.     In your response to our inquiry about part-time employees, you explained that Mount Sinai employs "*clinicians who work part-time at Mount Sinai and at another entity whether it be a health care provider, health care company, or some other business.*"
   a. Is there a minimum requirement of time that the provider practice at Mount Sinai compared to another entity?
      No, however, most part-time physicians are working at least one day at Mount Sinai but typically more.
   b. Could you please provide a detailed explanation of the controls Mount Sinai utilizes to ensure that part-time employees are not referring patients from their non-Mount Sinai practice to Mount Sinai to gain 340B eligibility?
      As we have previously explained, all Rxs are checked against the patient's EMR to ensure the patient had an eligible encounter at an eligible location.

3.     Your response goes on to state that, "*prescriptions written by clinicians in their private practice are not 340B eligible prescriptions. To be 340B eligible, the clinician must be an employed physician, prescribing from an eligible location and issuing the prescription to an "eligible" patient.*"



The Mount Sinai Hospital
150 E 42nd St
New York, NY 10017
samuel.wilhelm-ross@mountsinai.org

How is this enforced? Can you please provide the relevant policy or a detailed description of the enforcement policy?

a. All Rxs are checked against the patient's EMR to ensure the patient has had an eligible encounter at an eligible location.

b. For an individual to be considered an "*eligible patient*", does a patient need to be a registered patient of Mount Sinai and does that patient have to have an encounter with the Mount Sinai prescribing provider at Mount Sinai in order for the prescription to be 340B eligible? Yes

c. Would an individual be considered an "*eligible*" patient of Mount Sinai if their prescription filled at the Mount Sinai pharmacy resulted from a visit with a Mount Sinai clinician at one of the other four 340B registered Mount Sinai Health System hospitals (not Mount Sinai)? No, the patient would be eligible under which ever hospital they had an eligible encounter.

4. In response to our request to define a "substantive medical encounter", Mount Sinai provided some examples of what would/would not be considered such.

a. Did your response provide the comprehensive list of specific visit types as they are coded and labeled in your electronic medical record would be considered eligible encounters for 340B purposes? These are the broad visit category types.

b. You listed "*office visit, initial visit, and treatment visits*" as eligible encounters. Please clarify what is mean by "*treatment visits*." A treatment visit encompasses all forms of treatment in a 340B location.

c. Does Mount Sinai consider ER/ED, diagnostic test procedures as a treatment visit? Or are these visit types that Mount Sinai does not consider eligible encounters for 340B Program purposes? Yes that would be part of a treatment visit in the ED. However, this question indicates a total misunderstanding of patient care and certainly patient care in the emergency room.  A patient would never be ordered a diagnostic test or procedure in the ED without first being medically screened and evaluated by an ED clinician.  In fact the law requires a medical screening for any patient who "comes to the ED."  This question also has no relation to Abbvie's alleged concerns about diversion and duplicate discounts since its' products are not ordered from an ED visit.  This is an example of why we believe Abbvie's continued Friday evening questions are not being made in "good faith."

d. In addition to "*medication refills, and lab work*," can you list the other encounter types that Mount Sinai does not consider eligible encounters? Our criteria is built around those visit types that do qualify; we do not have a comprehensive list of those events that do not qualify.

e. Please clarify what happens if a patient is seen at more than one Mount Sinai Hospital System covered entity on the same date of service? Is there a process to check whether a prescription of a specific drug is only captured by one Mount Sinai Hospital System per patient and per date of service?

The Mount Sinai Hospital
150 E 42nd St
New York, NY 10017
samuel.wilhelm-ross@mountsinai.org

An Rx can only qualify under one hospital, the TPA does not allow an Rx to qualify on multiple hospitals.

   f.  Are duplicates across entities subsequently corrected? If so, please explain the process.

The TPA does not allow an Rx to qualify on multiple hospitals

5.  Mount Sinai corrected a statement made in our April 4th call by clarifying "*a virtual visit can support 340B eligibility should it meet the* [Mount Sinai] *parameters.*"

   a.  Please explain when a virtual visit would qualify to be coded as an office visit, initial visit or treatment visit.
       A virtual visit could fall into any of these three categories depending on the patient's needs and physician's decision making process.

6.  Regarding Mount Sinai's controls for differentiating in-patient and outpatient distributions of medications, you responded that, "*For mixed-use area settings we use the patient's status at the time of administration to determine patient eligibility.*"

   a.  Please clarify the requirements applicable to eligible outpatient visits for 340B purposes when patients are receiving observation services.
       Observation services are by definition outpatient services and patients placed in "observation" would therefore qualify as 340b eligible patients. You can find the definition of and clinical requirements for "Observation Services" in the CMS manuals and under New York State law.

7.  You responded to our inquiry related to 340B ESP™ platform submissions by stating that, "*Mount Sinai Hospital System and other entities have no access or visibility to the data after it is submitted.*"

   a.  Does Mount Sinai Hospital System check the chargeback data across all entities to eliminate duplicates of same patient, same prescription being submitted by different Mount Sinai Hospital System 340B eligible covered entities?
       The process is automated with the TPA and the TPA does not allow for claims to qualify on multiple entities.

8.  Mount Sinai explained that your "team contacted both ESP and Abbvie on numerous occasions to resolve these data issues, but no one from Abbvie ever responded to our multiple efforts."

   a.  Would you be able to provide more information related to your efforts, such as:
       i.   Who did you contact at 340B ESP™ platform? Did 340B ESP reply?
       ii.  Who did you contact at AbbVie? How did you contact AbbVie?
       iii. Can you please provide the dates of the numerous attempts?

We would expect that you would have the details of the internal communication of Abbvie employees and ESP.  However in our continuing effort to be responsive and work in good



The Mount Sinai Hospital
150 E 42nd St
New York, NY 10017
samuel.wilhelm-ross@mountsinai.org

==faith with the company,  here are details of those attempts that went unanswered to work in good faith and resolve the situation over two years ago.==

   

Re_ _EXTERNAL_ Re_ RE_ Call w_ ESP.msg
Request for Assistanc

**June 24, 2025 correspondence between AbbVie and Mount Sinai**
Embedded email attachment 1

## Van Etten, Elizabeth

| | |
|---|---|
| **From:** | Wilhelm-Ross, Samuel |
| **Sent:** | Wednesday, January 18, 2023 2:29 PM |
| **To:** | Ward, Joseph A; Lin, Xin |
| **Subject:** | Re: [EXTERNAL] Re: Request for Assistance - Mt.Sinai Health System |

Hi Joe, thank you for your response. We will see if we can't get this set up through esp

**From:** Ward, Joseph A
**Sent:** Wednesday, January 18, 2023 1:59:57 PM
**To:** Wilhelm-Ross, Samuel ; Lin, Xin
**Subject:** RE: [EXTERNAL] Re: Request for Assistance - Mt.Sinai Health System

<mark>USE CAUTION: External Message.</mark>

Sam and Xin,

I'm reaching out regarding your request to connect with AbbVie to discuss issues with 340B and your contract pharmacies. I am not involved in our 340B program but reached out to our home office and was given guidance on how best to assist with your inquiry.

The best approach is to coordinate a meeting through ESP and ask them to schedule a meeting with AbbVie on your behalf. This will allow all parties (Mount Sinai, AbbVie and ESP) to be involved on the call and provide access to available documentation to assist with understanding potential challenges. This has been the most efficient process we have used with other health systems who have had questions.

Hopefully, this information is helpful and reach out if you have any questions.

Best regards,

Joe Ward

**JOE WARD**
Managed Care Account Manager
US Market Access

**abbvie**

70 Judge Lane
South Windsor, CT 06074
**MOBILE:** 617-224-6016
**EMAIL:** joe.ward@abbvie.com
**abbvie.com**

This communication may contain information that is proprietary, confidential, or exempt from disclosure. If you are not the intended recipient, please note that any other dissemination, distribution, use or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

> **From:** "Wilhelm-Ross, Samuel" <Samuel.Wilhelm-Ross@mountsinai.org>
> **Date:** January 17, 2023 at 12:42:06 PM EST
> **To:** "Lin, Xin" <Xin.Lin@mountsinai.org>, "Tenzer, Jason E" <jason.tenzer@abbvie.com>, "O'Connell, Tara" <tara.oconnell@abbvie.com>, Suzzane.Moshiri@abbvie.com
> **Cc:** "Mulchandani, Vikram" <Vikram.Mulchandani@mountsinai.org>, "Pinto, Joseph" <Joseph.Pinto@mountsinai.org>
> **Subject: [EXTERNAL] Re: Request for Assistance - Mt.Sinai Health System**
>
> Hi all,
> Following up on Xin's message below, could you please put us in touch with someone who might be able to help us getting this resolved?

Thank you,
Sam Wilhelm-Ross
Senior Director 340B Program
Mount Sinai Health System

---

**From:** Lin, Xin <Xin.Lin@mountsinai.org>
**Sent:** Thursday, January 12, 2023 4:47:01 PM
**To:** jason.tenzer@abbvie.com <jason.tenzer@abbvie.com>; tara.oconnell@abbvie.com
<tara.oconnell@abbvie.com>; Suzzane.Moshiri@abbvie.com <Suzzane.Moshiri@abbvie.com>
**Cc:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Subject:** Request for Assistance - Mt.Sinai Health System

Hi Jason, Tara and Suzanne,

I hope this email finds you well.

My name is Xin and I am a member of the 340B team at Mt.Sinai Health System. We were provided with your contact information by our Senior Director of Purchasing and we would like to request your assistance in regards to 340B contract pharmacy pricing and ESP.

Currently, we are experiencing difficulties with our 340B pricing on some of our contract pharmacies and have been unable to resolve the issue through the ESP system. We kindly inquire if you are the appropriate contact for this matter. If not, we would greatly appreciate it if you could direct us to the appropriate individual who can assist us with this matter. Our Senior Director of 340B, Samuel, is cc'ed on this email and is available to provide additional information or support as needed.

Thank you in advance for your time.

Thanks,

*Xin Lin*
*Assistant Director, 340B*
*Mount Sinai Health System*

*T: (646) 605-2009 x62009*
*E: xin.lin@mountsinai.org*

2

**June 24, 2025 correspondence between AbbVie and Mount Sinai**
Embedded email attachment 2

**Van Etten, Elizabeth**

| | |
|---|---|
| **From:** | Spenser  Turnage <STurnage@340besp.com> |
| **Sent:** | Monday, March 20, 2023 1:02 PM |
| **To:** | Wilhelm-Ross, Samuel; Lin, Xin |
| **Cc:** | Emily Swanson |
| **Subject:** | RE: Call w/ ESP |

Working on it. Trying to at least get the invite sent by end of week.

**Spenser Turnage** | Senior Manager, CE Engagement
STurnage@340besp.com | 469.399.5040 | 340besp.com

# 340B ⠶ ESP

**From:** Wilhelm-Ross, Samuel
**Sent:** Friday, March 17, 2023 10:23 AM
**To:** Spenser Turnage ; Lin, Xin
**Cc:** Emily Swanson
**Subject:** Re: Call w/ ESP

Hi Spenser, can we get this on the books? We need to get pricing turned back on. It's been 3 months with no resolution…

**From:** Spenser Turnage <STurnage@340besp.com>
**Sent:** Friday, February 24, 2023 12:52:57 PM
**To:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>
**Cc:** Emily Swanson <ESwanson@340besp.com>
**Subject:** RE: Call w/ ESP

Hi Samuel,

Yes, Abbvie has agreed to a call. Can you send me the availability that works for your team for the next 2 weeks?

Thanks,

**Spenser Turnage** | Senior Manager, CE Engagement
STurnage@340besp.com | 469.399.5040 | 340besp.com

# 340B ⠶ ESP

**From:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Sent:** Wednesday, February 22, 2023 2:21 PM
**To:** Spenser Turnage <STurnage@340besp.com>; Lin, Xin <Xin.Lin@mountsinai.org>
**Cc:** Emily Swanson <ESwanson@340besp.com>
**Subject:** RE: Call w/ ESP

Hi Spenser? Any updates?

**From:** Spenser Turnage <STurnage@340besp.com>
**Sent:** Wednesday, February 15, 2023 2:06 PM
**To:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>
**Cc:** Emily Swanson <ESwanson@340besp.com>
**Subject:** RE: Call w/ ESP

Hey Sam,

I'm still pending details from Abbvie. We have a call with them tomorrow and will be bringing this request back up. I'll follow up with y'all after.

Sorry for the delay.

Thanks,

**Spenser Turnage** | Senior Manager, CE Engagement
STurnage@340besp.com | 469.399.5040 | 340besp.com

# 340B ⋮⋮ ESP

**From:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Sent:** Wednesday, February 15, 2023 8:11 AM
**To:** Spenser Turnage <STurnage@340besp.com>; Lin, Xin <Xin.Lin@mountsinai.org>
**Cc:** Emily Swanson <ESwanson@340besp.com>
**Subject:** RE: Call w/ ESP

Hi Spenser,
Any updates re: getting on a call with Abbvie? It's been over a month with no resolution.

**Sam Wilhelm-Ross**
Senior Director, 340B Program
Mount Sinai Health System



Mobile- 804-370-2910
Email- samuel.wilhelm-ross@mountsinai.org

**From:** Spenser Turnage <STurnage@340besp.com>
**Sent:** Wednesday, February 1, 2023 11:55 AM

**To:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Lin, Xin <Xin.Lin@mountsinai.org>
**Cc:** Emily Swanson <ESwanson@340besp.com>
**Subject:** RE: Call w/ ESP

Hi Sam,

I'm pending a response from the Abbvie on dates and times that work for them. Will coordinate with you as soon as I hear back from them.

Thanks,

**Spenser Turnage** | Senior Manager, CE Engagement
STurnage@340besp.com | 469.399.5040 | 340besp.com

**340B ESP**

---

**From:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Sent:** Monday, January 30, 2023 10:45 AM
**To:** Lin, Xin <Xin.Lin@mountsinai.org>; Spenser Turnage <STurnage@340besp.com>
**Cc:** Emily Swanson <ESwanson@340besp.com>
**Subject:** Re: Call w/ ESP

Good Morning Spenser, I'm pinging you on this. I'm sure you have a ton of requests but we really need to get on a call with AbbVie this week and get this resolved.
Thank you,
Sam

---

**From:** Lin, Xin <Xin.Lin@mountsinai.org>
**Sent:** Friday, January 27, 2023 10:20:06 AM
**To:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Spenser Turnage <STurnage@340besp.com>
**Cc:** Emily Swanson <ESwanson@340besp.com>
**Subject:** RE: Call w/ ESP

Hi Spenser,

Following up on this inquiry. Please let us know the earliest availability for the AbbbVie call.

Thank you,
Xin

---

**From:** Lin, Xin
**Sent:** Tuesday, January 24, 2023 9:31 AM
**To:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-ross@mountsinai.org>; Spenser Turnage <STurnage@340besp.com>
**Cc:** Emily Swanson <ESwanson@340besp.com>
**Subject:** RE: Call w/ ESP

Hi Spenser,

3

Please let us know when you are available to get on a screen share session to address the other flags on our contract pharmacies.

Thank you,
Xin

---

**From:** Wilhelm-Ross, Samuel
**Sent:** Friday, January 20, 2023 8:40 AM
**To:** Spenser Turnage <STurnage@340besp.com>; Lin, Xin <Xin.Lin@mountsinai.org>
**Cc:** Emily Swanson <ESwanson@340besp.com>
**Subject:** Re: Call w/ ESP

Hi Spenser,
Thank you for your help on the call yesterday. Just to confirm we will make ourselves available for a call with AbbVie as soon as possible to get pricing restored.
Thanks,
Sam

---

**From:** Spenser Turnage <STurnage@340besp.com>
**Sent:** Tuesday, January 17, 2023 12:07:23 PM
**To:** Lin, Xin <Xin.Lin@mountsinai.org>
**Cc:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>; Emily Swanson <ESwanson@340besp.com>
**Subject:** Call w/ ESP
**When:** Thursday, January 19, 2023 11:30 AM-12:00 PM.
**Where:** Microsoft Teams Meeting

---

Microsoft Teams meeting

**Join on your computer, mobile app or room device**
Click here to join the meeting

Meeting ID: 231 418 992 143
Passcode: p7aUc4
Download Teams | Join on the web

**Join with a video conferencing device**
teams@thinkbrgvc.com
Video Conference ID: 112 652 021 7
Alternate VTC instructions

**Or call in (audio only)**
+1 872-240-8750,,306793510# United States, Chicago

Phone Conference ID: 306 793 510#
Find a local number | Reset PIN

4



Learn More | Meeting options

_____

_____

**From:** Lin, Xin <Xin.Lin@mountsinai.org>
**Sent:** Tuesday, January 17, 2023 8:27 AM
**To:** Spenser Turnage <STurnage@340besp.com>
**Cc:** Wilhelm-Ross, Samuel <Samuel.Wilhelm-Ross@mountsinai.org>
**Subject:** RE: Call w/ ESP
**Importance:** High

Hi Spenser,

Please let us know which date works for you and we can send out an invite or you can send us the invite.

Thanks,
Xin

**From:** Lin, Xin
**Sent:** Friday, January 13, 2023 3:09 PM
**To:** Spenser Turnage <STurnage@340besp.com>
**Cc:** Samuel Wilhelm-Ross (Samuel.Wilhelm-Ross@mountsinai.org) <Samuel.Wilhelm-Ross@mountsinai.org>
**Subject:** RE: Call w/ ESP

Apologize,

Please see the revised time

Tuesday 1/17/23 1pm-2pm
Thursday 1/19/23 11:30am-1:30pm

Thanks,
Xin

**From:** Lin, Xin
**Sent:** Friday, January 13, 2023 2:58 PM
**To:** Spenser Turnage <STurnage@340besp.com>
**Cc:** Samuel Wilhelm-Ross (Samuel.Wilhelm-Ross@mountsinai.org) <Samuel.Wilhelm-Ross@mountsinai.org>
**Subject:** RE: Call w/ ESP

Hi Spenser,

Thank you for reaching out. We can do these time next week.

Wednesday 1/18/2023 10AM – 2PM
Thursday 1/19/2023 11:30AM-1:30PM

Thanks,
Xin

**From:** Spenser Turnage <STurnage@340besp.com>
**Sent:** Friday, January 13, 2023 2:50 PM
**To:** Lin, Xin <Xin.Lin@mountsinai.org>
**Subject:** Call w/ ESP

<mark>USE CAUTION: External Message.</mark>

Hi Xin,

The team mentioned you'd like a call to work through the pharmacies that have been flagged and/or lost pricing and a result of our monthly testing. Can you let me know what dates and times work for your team next week?

Monday 1/16 is a company holiday, so we'll have to meet on Tuesday or later.

Thanks,

**Spenser Turnage** | Senior Manager, CE Engagement
STurnage@340besp.com | 469.399.5040 | 340besp.com