# EXHIBIT 7



**CONFIDENTIAL AND PROPRIETARY**
**NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE**

**By Email to Chantelle.Britton@hrsa.hhs.gov**

August 1, 2025

Chantelle Britton, M.P.A., M.S.
Director, Office of Pharmacy Affairs
Health Resources and Services Administration ("HRSA")
5600 Fishers Lane
Rockville, MD 20857

      RE: HRSA's July 22, 2025 Response to AbbVie's Reasonable Cause Letter for The Mount Sinai Hospital (DSH330024), inclusive of associated child sites ("Mount Sinai")

Dear Director Britton:

We are writing in response to your feedback regarding AbbVie's audit work plan for The Mount Sinai Hospital (340B ID: DSH 330024) ("Mount Sinai").

First, regarding HRSA's request with respect to WAC and GPO account purchasing reports, AbbVie agrees to remove this element of collection from its audit work plan.

Next, HRSA's letter makes clear that AbbVie may conduct an audit of a covered entity only using HRSA's interpretation of the term "patient" in its 1996 Guidelines ("HRSA 1996 Guidance"). We disagree. As AbbVie explained in its reasonable cause letter, Supreme Court precedent mandates that the "best reading" of a statutory term, such as the meaning of a "patient," is the operative one. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024).

The interpretation of "patient" in the HRSA 1996 Guidance is not the best reading of the statute. Specifically, HRSA's 1996 Guidance is overinclusive and allows covered entities to exploit 340B discounts in ways that are contrary to the 340B statute, allowing diversion. For example, Mount Sinai allows a medical encounter to support 340B eligibility so long as it is a "substantive medical encounter, such that the [Mount Sinai] provider is performing a medical evaluation related to the prescription." *See* Mount Sinai Reasonable Cause Letter at 9. This would impermissibly confer 340B patient eligibility on encounters even where the Mount Sinai provider does *not* have direct oversight over the individual's health care, but merely performs a "medical evaluation related to" the prescription. AbbVie's patient criteria, on the other hand, requires that the Mount Sinai provider be personally responsible for diagnosing and directly managing the patient's condition for which the covered outpatient drug is prescribed. AbbVie's interpretation of "patient" in this regard is the best reading of the statutory text and aligns with Congress's intent in specifying that 340B drugs cannot be resold or transferred to a person who is not "a patient *of the entity*." 42 U.S.C. § 256b(a)(5)(B) (emphasis added).

The flaws in HRSA's 1996 Guidance are further reflected in other covered entities' policies and practices as well. Two such entities, Barrio Comprehensive Family Health Care enter, Inc. (340B ID: CH062360) ("Barrio") and Henry Ford Hospital (340B ID: DSH230053) ("Henry Ford") were the subject of AbbVie's recent requests to HRSA to audit for diversion using the exact same reasonable patient criteria set forth in the Mount Sinai request. On July 8, 20225, HRSA rejected both requests on the basis that the audit guidelines allow "only one audit of a covered entity…during the same time period." However, as noted in AbbVie's July 14, 2025 letters to HRSA, AbbVie is seeking HRSA's reconsideration of its position and is requesting HRSA's evaluation of AbbVie's audit requests for Barrio and Henry Ford now. The original audit requests are attached to this letter. These audit requests show strong evidence of extensive and

NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE



concerning diversion to non-patients under AbbVie's proffered criteria, which supports the need to avoid undue delays in evaluating such audits. For instance, Henry Ford told AbbVie that it will claim a 340B discount on the dispense of a drug even when the dispense is unrelated to the health care service that Henry Ford provided. *See* Exhibit 1 at 7–8 (Henry Ford Reasonable Cause Letter). While HRSA's 1996 Guidance can be interpreted to allow this policy, AbbVie's patient criteria explicitly requires that the covered outpatient drug must be prescribed as a direct result of the health care encounter at the covered entity. In addition to being a more faithful interpretation of the 340B statute, the AbbVie criteria ensures that covered entities are taking care to properly diagnose and treat patients, such that they know exactly why an individual is being prescribed a 340B drug.

In addition, Barrio has suggested in response to AbbVie's good faith inquiry that it will consider an individual to be a Barrio "patient" after perfunctory, one-off telehealth visits, potentially even with providers who may not be qualified to diagnose and treat the condition for which the 340B drug is prescribed. *See* Exhibit 2 at 11 (Barrio Reasonable Cause Letter). Moreover, in some instances, the individual could be treated by their attending physician (not affiliated with Barrio) and later referred to a Barrio-affiliated telehealth provider for the *sole* purpose of writing a prescription that secures 340B eligibility. AbbVie's patient criteria ensures that the health care professional who prescribes the drug is appropriately affiliated with the covered entity and ensures both that the provider and the covered entity maintain direct oversight of and primary responsibility for the individual's care (at least for the condition for which the 340B drug is prescribed).

There are many more examples of instances in which HRSA's 1996 Guidance has far broader reach than Congress intended, several of which are explained in the reasonable cause letters for Mount Sinai, Henry Ford, and Barrio. All three of these entities raise serious suspicion of rampant diversion and as such, AbbVie is seeking HRSA's approval to audit these three entities using its reasonable patient criteria.

As explained above and in our prior letters, AbbVie's patient criteria are based on the best reading of the text, purpose, structure, and history of the 340B statute. AbbVie therefore requests that HRSA reconsider its position and authorize AbbVie to audit Mount Sinai against the criteria for "patient" set forth in AbbVie's reasonable cause letter. AbbVie also once again requests HRSA to reconsider its position and evaluate the audit requests for Barrio and Henry Ford on their merits now as well.

We appreciate your prompt attention to this important matter regarding 340B program integrity. We look forward to your response.


Sincerely,

Jeff Colvin
VP, Legal Strategy

Attachments
      Ex. 1: Henry Ford Reasonable Cause Letter
      Ex. 2: Barrio Reasonable Cause Letter


NOT SUBJECT TO RELEASE OR DISCLOSURE UNDER FOIA OR OTHERWISE

# Exhibits Omitted