**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ABBVIE INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., *et al.*,<br><br>*Defendants*. | Civil Action No. 26-1190 (RDM) |

**ORDER**

Pending before the Court are Proposed Intervenors' Motions to Intervene, Dkts. 19, 26, and the Joint Motion of the National Association of Community Health Centers, Inc. ("NACHC") and Ryan White Clinics for 340B Access ("RWC-340B") for Joinder in Defendants' Motion to Dismiss, Dkt. 26-3.

It is unsettled whether an entity seeking to intervene in support of an existing party that has standing must establish its own standing in order to seek the same relief as that existing party. *Compare IGas Holdings, Inc. v. EPA*, 146 F.4th 1126, 1135 n.2 (D.C. Cir. 2025), *and Yocha Dehe v. U.S. Dep't of the Interior*, 3 F.4th 427, 430 (D.C. Cir. 2021), *with Inst'l S'holder Servs., Inc. v. SEC*, 142 F.4th 757, 764 n.3 (D.C. Cir. 2025) (citing *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 591 U.S. 657, 674 n.6 (2020)). And Plaintiff has not, in any event, challenged Proposed Intervenors' Article III standing. The Court nonetheless begins with standing in light of its "independent obligation" to ensure that standing exists. *See IGas Holdings*, 146 F.4th at 1135 n.2 (quoting *Pub. Emps. for Env't Resp. v. EPA*, 77 F.4th 899, 912 (D.C. Cir. 2023)). Here, however, even assuming that Article III requires Proposed

Intervenors to establish their standing to intervene in this context, the Court concludes that they have done so.

Most notably, Plaintiff seeks sweeping declaratory relief, which is not unlike the relief that it might obtain from setting aside an existing agency rule or policy. Among other things, Plaintiff asks that the Court declare that the agency's long-standing interpretation of the key statutory phrase, "patient of the entity," is unlawful and that the alternative interpretation set forth in Plaintiff's "audit requests reflects the best meaning of the . . . statute." Dkt. 1 at 70 (Compl. at 70). If that declaratory relief is granted, it would—at a minimum—allow Plaintiff to require the agency to enforce Plaintiff's preferred definition of "patient" under 42 U.S.C. § 256b(a)(5)(B) in any future audits, including audits instituted against the Proposed Hospital Intervenors or, in the case of the other Proposed Intervenors, against their members.

Proposed Intervenors have demonstrated that enforcement of Plaintiff's preferred definition in this manner would inflict concrete monetary and operational costs on themselves or their members. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021) (explaining that "monetary harms" "readily qualify as concrete injuries under Article III"). Proposed Intervenors have also established that Proposed Intervenors 340B Health, NACHC, and RWC-340B satisfy the requirements of associational standing because the interests they seek to protect are germane to their purposes, and nothing about the claims pressed nor the relief requested requires the participation of any individual member. *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).

Proposed Intervenors have also satisfied the Rule 24 requirements for intervention as of right. *See* Fed. R. Civ. P. 24(a). Both motions were timely filed before the Court ruled on any dispositive motion, and allowing intervention at this stage of litigation would neither invite

undue delay and nor prejudice the original parties. *See Roane v. Leonhart*, 741 F.3d 147, 151 (D.C. Cir. 2014). Because Proposed Intervenors have Article III standing, they have also established a legally protected interest that will be impaired by a judicial decision in Plaintiff's favor. *Crossroads Grassroots Pol'y Strategies v. FEC*, 788 F.3d 312, 320 (D.C. Cir. 2015); *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003). And Proposed Intervenors have satisfied their "minimal" burden to show that the government's representation of their interests "may be inadequate." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (internal quotation marks omitted); *see also Fund for Animals*, 322 F.3d at 736 (explaining that the D.C. Circuit has "often concluded that governmental entities do not adequately represent the interests of aspiring intervenors").

For the foregoing reasons, it is hereby **ORDERED** that Proposed Intervenors' Motions to Intervene, Dkts. 19, 26, are **GRANTED**.

It is further **ORDERED** that the Joint Motion of NACHC and RWC-340B for Joinder in Defendants' Motion to Dismiss, Dkt. 26-3, is **GRANTED**.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: August 24, 2026